Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
225 Santa Monica Boulevard, Suite 700
Santa Monica, California 90401
Telephone Number: (310) 860-0770
Facsimile Number: (310) 860-0771

Griselda S. Rodriguez, Esq., State Bar No. 303049
Griselda@rodrigueztran.com
Derek T. Tran, Esq., State Bar No. 295917
Derek@rodrigueztran.com
RODRIGUEZ & TRAN, LLP
631 South Olive Street, Suite 820
Los Angeles, California 90014
Telephone Number: (213) 325-3024
Facsimile Number: (213) 325-3027

Attorneys for Plaintiff,
MARCELLUS MCMILLIAN

Javier F. Garcia, Bar No. 296846
JGarcia@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Telephone Number: (310) 788-9900
Facsimile Number: (310) 788 3399

Attorneys for Defendants,
GOLDEN STATE FC LLC, AMAZON
FULFILLMENT SERVICES, INC.,
AMAZON.COM SERVICES, INC.,
AMAZON.COM, INC.

# THE UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARCELLUS MCMILLIAN,<br><br>　　　Plaintiff,<br><br>vs.<br><br>GOLDEN STATE FC LLC, AMAZON FULFILLMENT SERVICES, INC., AMAZON.COM SERVICES, INC., AMAZON.COM, INC., DEVON FRANKLIN, and DOES 1 to 100, inclusive,<br><br>　　　Defendants. | Case No.: 2:19-cv-02121-MWF-JC<br><br>**The Honorable Michael W. Fitzgerald**<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference<br>Date:　May 13, 2019<br>Time:　11:00 a.m.<br>Courtroom: 5A<br><br>Complaint Filed: January 11, 2019 |

JOINT RULE 26(f) REPORT

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rules of Civil Procedure 26(f) and Local Rule 26-1, the below parties to this case, by and through their respective counsel, jointly submit this Rule 26(f) Report.

Pursuant to Federal Rules of Civil Procedure 26(f) and the Court's Order, Plaintiff and Amazon.com Services, Inc. (f/k/a Amazon Fulfillment Services, Inc. and surviving party to a merger with Golden State FC LLC), and Amazon.com, Inc. (collectively hereinafter, "Amazon") held a conference on April 22, 2019, which was attended by Carney R. Shegerian, Griselda S. Rodriguez, and Javier F. Garcia.

    a.    **Statement of the Case:**

        1.    <u>Plaintiff's Synopsis and Claims</u>

Mr. Marcellus McMillian was initially hired as a seasonal fulfillment associate and then promoted to fulfillment associate in the make on demand department at defendant Amazon.com Services, Inc. ("Amazon.com"). He was employed by defendants for more than one year, starting on January 11, 2017. In an unrelated car accident on or around August 3, 2017, Mr. McMillian's back was injured, and he went on medical leave.

Defendants harassed, discriminated against, and retaliated against Mr. McMillian because of his disability and requests for accommodation. Defendants' unorganized system of handling employees' medical leaves caused unnecessary stress and anxiety for Mr. McMillian. After visits to his health care provider, each time he received a doctor's disability statement, Mr. McMillian would e-mail it to defendants. He was constantly given new persons of contact at Amazon's third-party leave accommodations ("LOAA") affiliate, Reed Group Management, LLC ("Reed Group"). He e-mailed his disability statements to every person of contact he was instructed to. Mr. McMillian began to receive e-mails from defendants, threatening to terminate his employment for job abandonment. This distressed Mr. McMillian, and he constantly had to clarify that he was on medical leave and was still in treatment. Despite Mr. McMillian's disability statements, defendants failed to accommodate his disability and pretextually terminated

his employment on or around May 4, 2018.

### 2. Defendants' Synopsis and Affirmative Defenses

Amazon denies Plaintiff's allegations of unlawful conduct. Amazon granted Plaintiff a medical leave of absence and extended the leave multiple times at Plaintiff's request. Plaintiff's damages, if any, are limited by his rejection of Amazon's offer of reinstate him as an Amazon employee.

Amazon has answered the Complaint and asserted affirmative defenses. Amazon reserves the right to supplement this statement and does not intend that this statement limit the Answer to the Complaint and the affirmative defenses asserted therein.

b. **Subject Matter Jurisdiction:** The Court has subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C §1332(a) and federal question pursuant to 28 U.S.C §1331.

c. **Legal Issues:** Plaintiff identifies the following:

<u>Disability Discrimination</u>

1. Whether Plaintiff's disability was a substantial motivating reason for the termination of his employment;
2. If so, whether such claim is barred by the statute of limitations;
3. Whether Plaintiff was harmed as a result;

<u>Disability Harassment</u>

1. Whether Defendants subjected Plaintiff to unwanted harassing conduct because of his disability;
2. If so, whether such conduct was severe and pervasive;
3. If so, whether a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive;
4. If so, whether Plaintiff considered the work environment to be hostile or abusive;
5. If so, whether such claim is barred by the statute of limitations;
6. If so, whether Plaintiff was harmed as a result;
7. Whether Defendant subjected Plaintiff to unwanted harassing conduct because of

Plaintiff's disability;

8. If so, whether such conduct was severe or pervasive;

9. If so, whether a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive;

10. If so, whether Plaintiff considered the work environment to be hostile or abusive;

11. If so, whether Plaintiff was harmed as a result;

<u>Failure to Prevent Discrimination and Harassment</u>

1. Whether Plaintiff was subjected to harassment, discrimination, and/or retaliation in the course of employment;

2. If so, whether Defendants' failed to take all reasonable steps to prevent the harassment, discrimination, and/or retaliation;

3. If so, whether Plaintiff was harmed; and

4. If so, whether Defendants' failure to take all reasonable steps to prevent harassment, discrimination, and/or retaliation was a substantial factor in causing Plaintiff's harm.

<u>Failure to Accommodate</u>

1. Whether Plaintiff was able to perform the essential job duties with reasonable accommodation for his disability;

2. Whether Defendants' failure to provide reasonable accommodation was a substantial factor in causing Plaintiff's harm.

3. If so, whether such claim is barred by the statute of limitations;

4. Whether Plaintiff was harmed as a result;

<u>Failure to Engage In the Interactive Process</u>

1. Whether Defendants' failed to participate in a timely good-faith interactive process with Plaintiff to determine whether it would be possible to implement effective reasonable accommodations so that Plaintiff could perform his job duties;

2. If so, whether such claim is barred by the statute of limitations;

3. Whether Plaintiff was harmed as a result;

4. Whether Defendants' failure to engage in a good-faith interactive process was a

substantial factor in causing Plaintiff's harm.

<u>Breach of Employment Contract</u>

1. Whether Plaintiff's employment was at will;

2. If not, whether Defendants' promised Plaintiff by words or conduct to discharge Plaintiff only for good cause;

3. Whether Plaintiff substantially performed his job duties;

4. Whether Plaintiff's employment was terminated without good cause;

5. Whether Plaintiff was harmed as a result;

<u>Negligent Hire and Supervision:</u>

1. Whether Defendant Franklin was unfit or incompetent to perform his duties;

2. Whether Defendants knew or should have known that Franklin was unfit or incompetent to perform his duties;

3. Whether Franklin's unfitness or incompetence harmed Plaintiff;

4. Whether Defendants' negligence in hiring or supervising Franklin was a substantial factor in causing Plaintiff's harm;

<u>Disability Retaliation</u>

1. Whether Plaintiff complained about disability discrimination and/or harassment during his employment;

2. If so, whether Plaintiff's complaint was a substantial motivating reason for the termination of Plaintiff's employment;

3. If so, whether such claim is barred by the statute of limitations;

4. Whether Plaintiff was harmed as a result;

<u>Wrongful Termination of Employment in Violation of Public Policy</u>

1. Whether Plaintiff was discharged from employment for reasons that violate public policy.

2. If so, whether Plaintiff's complaint was a substantial motivating reason for the termination of Plaintiff's employment;

3. Whether Plaintiff was harmed as a result;

<u>Intentional Infliction of Emotional Distress</u>

1. Whether Defendants engaged in outrageous conduct;

2. Whether Defendants intended to cause Plaintiff emotional distress or acted with reckless disregard of the probability that Plaintiff would suffer severe emotional distress, knowing that Plaintiff was present when the conduct occurred;

3. Whether Franklin engaged in outrageous conduct;

4. Whether Franklin intended to cause Plaintiff severe emotional distress or acted with reckless disregard of the probability that Plaintiff would suffer severe emotional distress, knowing that Plaintiff was present when the conduct occurred;

5. Whether Plaintiff suffered severe emotional distress;

6. Whether Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress;

7. Whether Franklin's conduct was a substantial factor in causing Plaintiff's severe emotional distress;

8. Whether Plaintiff's claim for intentional infliction of emotional distress is preempted by the Workers' Compensation Act.

<u>Amazon identifies, in addition</u>: the extent of Plaintiff's recoverable damages, if any, including whether punitive damages are permissible and appropriate.

### d. **Parties and Non-Party Witnesses:**

<u>Plaintiff</u>:  Marcellus McMillian

<u>Defendants</u>:  Golden State FC LLC, Amazon Fulfillment Services, Inc., Amazon.com Services, Inc., Amazon.com, Inc., and Devon Franklin.  Amazon Fulfillment Services, Inc. is now known as Amazon.com Services, Inc.  Golden State FC LLC merged into Amazon.com Services, Inc. effective January 1, 2019.

<u>Other Interested Parties</u>:  None.

<u>Plaintiff's Anticipated Percipient Witnesses</u>:  This list is not exhaustive and Plaintiff reserves the right to amend and/or add others.

- Plaintiff Marcellus McMillian

- Defendant Devon Franklin
- Claudette Copland (or Copeland)
- Michelle Grunder
- Nena McMillian
- Dr. Laura Rodriguez
- Dr. William A. Ramirez, DC
- Dr. T. Eric Yokoo, MD
- Dr. George Elias, MD
- Dr. Albert Lai, MD
- Dr. Philip Chiou, MD
- Rueben Smith
- David Quintana
- Bradley Otto
- Marcus Pina
- Caitlin Favati
- Lauren Smith
- Grace McGuire
- Sonia Amjad
- Pricilla Bustamante
- Alyssa Hernandez
- Jesse Solorio
- Denicia JP Prather
- Nadine Lee
- Darryl (Leave Team)
- Beth Galetti (VP of HR)
- ReedGroup Representatives

<u>Defendants' Anticipated Percipient Witnesses:</u>  Based on the information available at this time, Amazon identifies the following individuals as key percipient witnesses on

the main issues in the case.  Amazon reserves the right to identify and call additional witnesses that are disclosed and/or discovered through the course of litigation.

- Marcellus McMillian
- Plaintiff's health care providers, including chiropractor Dr. William A. Ramirez;
- Amazon employees, including Mary Patterson, Michael Avila, and Priscilla Bustamante;
- Personnel employed by leave of absence administrator The Reed Group.
- An expert regarding Plaintiff's claimed damages and ability to find employment, and, potentially, an expert regarding Plaintiff's medical condition.

**Key Documents**

Plaintiff anticipates key documents will include: Plaintiff's personnel file; Plaintiff's performance reviews; Defendants' policies regarding harassment, discrimination, and retaliation; Defendants' policies regarding reasonable accommodation; Defendants' policies regarding employee complaints; Defendants' employee handbook; Plaintiff's pay records; statistics related to the disability of employees that entity Defendants hired and terminated within the last 5 years of Plaintiff's termination; all agreements between Plaintiff and Defendants; documents, correspondence, and communications regarding the factual allegations or claims at issue in Plaintiff's Complaint; documents, correspondence, and communication regarding Defendants' compensation plans and bonus structure; documents related to an internal investigation of Plaintiff's claim; Plaintiff's complaint of discrimination against defendants filed with the Department of Fair Employment and Housing ("DFEH"); medical records related to Plaintiff's claims; any documents reflecting the termination of Plaintiff's employment; electronic communication between Plaintiff and Defendants; and electronic communications between Defendants relating or pertaining to Plaintiff.

Amazon anticipates key documents will include: Plaintiff's medical records;

correspondence between Plaintiff and Amazon or leave of absence administrator The Reed Group; records relating to Plaintiff created by Amazon's Leave of Absence and Accommodations Team and The Reed Group; Amazon policies relating to leave of absence and disability accommodation; and correspondence relating to Amazon's offer to reinstate Plaintiff to his Amazon employment.

    e.    **Damages:**  Plaintiff: to be determined.

Amazon disputes Plaintiff's claims for damages, and disputes that Plaintiff was injured in any way by Amazon or is otherwise entitled to any damages.

    f.    **Insurance:**  There is no insurance coverage for the claims asserted in this matter.

    g.    **Motions:**  At this time, Plaintiff does not intend on adding other parties or claims, file amended pleadings or transfer venue. Amazon does not anticipate any motions seeking to add other parties or claims, file amended pleadings, or transfer venue. Amazon anticipates filing motions for summary judgment, or partial summary judgment, for pro hac vice admission of an attorney from Perkins Coie LLP, and, to the extent necessary, discovery motions and motions in limine.

    h.    **Manual for Complex Litigation:**  Plaintiff and Amazon do not believe that this is a complex case such that all or any part of the procedures of the Manual for Complex Litigation need be utilized.

    i.    **Status of Discovery:**  Plaintiff propounded written discovery under the State Court. After the case was removed to Federal Court, the Parties agreed that Plaintiff's discovery requests were moot. The Parties further agree to exchange initial disclosures on May 6, 2019 and, after both sides are able to review the disclosures, discovery will commence on May 13, 2019.

    j.    **Discovery Plan:**

Plaintiff:  Plaintiff intends on conducting e-discovery and requested that Defendants preserve all electronic records. Plaintiff also anticipates written discovery, including requests for admission and interrogatories.

Plaintiff intends on deposing the following individuals, however, this list is not exhaustive:

    1.    Defendant Devon Franklin;

    2.    Person most knowledge regarding Plaintiff's termination;

    3.    Person most knowledge regarding Defendants' policies and procedures;

    4.    Person most knowledge regarding Defendants' accommodation practices;

    5.    Person most knowledge regarding Defendants' comparative and statistical data;

    6.    Person most knowledge regarding the corporate structures of and relationship among all Defendant entities;

    7.    Person most knowledge regarding Defendants financial condition.

<u>Defendants</u>: Amazon anticipates serving interrogatories and document requests seeking information and documents from Plaintiff regarding his claims including, but not limited to, medical condition(s) and related restrictions, leave(s) of absence and failure to return to work, correspondence and communication with Amazon and The Reed Group, pre- and post-termination activities, business ventures, and employment, and damages, including emotional distress and compensatory damages. Amazon anticipates deposing Plaintiff on those same topics. Amazon also anticipates deposing witnesses identified by Plaintiff and Plaintiff's health care providers.

The parties will exchange Initial Disclosures by May 6, 2019. Otherwise, at this time, the Parties do not foresee any need to change the form or requirement for disclosures under FRCP 26(a)(1). The Parties anticipate that non-expert discovery will be completed by January 13, 2020 (per statute) and expert discovery will be completed by February 10, 2010 (per statute). At this time, the Parties do not contend that discovery should be staged or limited, apart from objections that may be asserted by the Parties in response to specific discovery requests, as applicable.

k.   **Discovery Cut-Off:**  Plaintiff and Amazon propose a discovery cutoff by statute.

l.   **Expert Discovery:**  The Parties propose the following schedule for expert discovery by statute:

   Initial expert witness disclosures due:  December 16, 2019

   Rebuttal expert witness disclosures due:  January 13, 2020

   Expert discovery cut-off:  February 10, 2020

m.   **Dispositive Motions:**  To the extent supported by evidence after sufficient discovery, Amazon anticipates filing motions for summary judgment and/or partial summary judgment dismissing some or all of Plaintiff's claims and/or limiting Plaintiff's recovery of damages.

n.   **Settlement:**  Informal settlement discussions or written communications have occurred, however, the Parties were not able to reach a conclusion. Pursuant to Local Rule 16-15.4, the Plaintiff requests ADR Procedure No. 3, private mediation, and Defendants request ADR Procedure No. 1, settlement proceedings before the district or magistrate judge.

o.   **Trial Estimate:** Plaintiff and Amazon anticipate a 6-7 day jury trial.

p.   **Trial Counsel:**

   Plaintiff's Counsel:  Carney R. Shegerian (lead trial counsel) and Griselda S. Rodriguez.

   Amazon's Counsel:  Javier F. Garcia (lead trial counsel).

q.   **Independent Expert or Master:**  The Parties do not anticipate that an Independent Expert of Master will be necessary in this case.

r.   **Timetable:**  See Exhibit A attached.

s.   **Other Issues:**  None at this time.

t.   **Patent Cases:**  Not applicable.

u.   **Whether the Parties Wish to Have a Magistrate Judge Preside:** Plaintiff and Amazon do not consent to have a Magistrate Judge preside over the entire action.

Dated: April 30, 2019     SHEGERIAN & ASSOCIATES

By: _____
    Carney R. Shegerian, Esq.

Attorneys for Plaintiff,
MARCELLUS MCMILLIAN

Dated: April 30, 2019     PERKINS COIE LLP

By: _____
    Javier F. Garcia, Esq.

Attorneys for Defendants,
GOLDEN STATE FC LLC,
AMAZON FULFILLMENT
SERVICES, INC., AMAZON.COM
SERVICES, INC., AMAZON.COM,
INC.

### JUDGE MICHAEL W. FITZGERALD
### SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 2:19-cv-02121-MWF-JC |
|---|---|
| Case Name | McMillian v. Golden State FC, LLC, et al. |

| Matter | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|
| ✔ Jury Trial  or  ☐ Court Trial **(Tuesday at 8:30 a.m.)**  Duration Estimate: 6-7 Days | 6/22/2020 | 6/22/2020 | |
| Final Pretrial Conference [LR 16] and Hearing on Motions *In Limine* **(Monday at 11:00 a.m. -- three (3) weeks before trial date)**  Motions *In Limine* must be filed **three (3) weeks** before this date; oppositions are due **two (2) weeks** before this date; no reply briefs. | 6/1/2020 | 6/1/2020 | |

| Event | Weeks Before Trial | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties | | 1/13/2020 | 1/13/2020 | |
| Non-Expert Discovery Cut-Off (at least 4 weeks before last date to hear motions) | 18 | 2/10/2020 | 2/10/2020 | |
| Expert Disclosure (Initial) | | 12/16/2019 | 12/16/2019 | |
| Expert Disclosure (Rebuttal) | | 1/13/2020 | 1/13/2020 | |
| Expert Discovery Cut-Off | 14 * | 2/10/2020 | 2/10/2020 | |
| Last Date to *Hear* Motions (Monday at 10:00 a.m.) | 14 | 3/16/2020 | 3/16/2020 | |
| Last Date to Conduct Settlement Conference | 12 | 3/30/2020 | 3/30/2020 | |
| For Jury Trial<br>♦ File Memorandum of Contentions of Fact and Law, LR 16-4<br>♦ File Exhibit and Witness Lists, LR 16-5.6<br>♦ File Status Report Regarding Settlement<br>♦ File Motions *In Limine* | 6 | 5/11/2020 | 5/11/2020 | |
| For Jury Trial<br>♦ Lodge Pretrial Conference Order, LR 16-7<br>♦ File Agreed Set of Jury Instructions and Verdict Forms<br>♦ File Statement Regarding Disputed Instructions, Verdicts, etc.<br>♦ File Oppositions to Motions *In LImine* | 5 | 5/18/2020 | 5/18/2020 | |
| For Court Trial<br>♦ Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | 3 | | | |

* The parties may choose to cut off expert discovery prior to MSJ briefing.

ADR [LR 16-15] Selection:

☐ Attorney Settlement Officer Panel     ✔ Private Mediation     ✔ Magistrate Judge (with Court approval)

**EXHIBIT A**