Javier F. Garcia, Bar No. 296846
JGarcia@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

*Attorneys for Defendants*
Golden State FC LLC
Amazon Fulfillment Services, Inc.
Amazon.com Services, Inc.
Amazon.com, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLUS MCMILLIAN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> GOLDEN STATE FC LLC; AMAZON FULFILLMENT SERVICES, INC.; AMAZON.COM SERVICES, INC.; AMAZON.COM, INC.; and DOES 3-100, inclusive, <br><br> Defendants. | Case No. 2:19-CV-02121-MWF-JC <br><br> **STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER** |

**STIPULATION FOR PROTECTIVE ORDER**

To facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, Plaintiff Marcellus McMillian ("Plaintiff") and Defendants Golden State FC LLC, Amazon Fulfillment Services, Inc., Amazon.com Services, Inc., and Amazon.com, Inc., (collectively, "Defendants"), by and through their counsel, stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-entitled proceeding, Case No. 2:19-CV-02121.

    b. "Court" means the Hon. Michael W. Fitzgerald, or any other judge

-1-

assigned to this Proceeding, including Court staff participating in such proceedings.

  c. "Confidential" means any information held by a Designating Party who believes in good faith such information is entitled to confidential treatment under applicable law.

  d. "Confidential Materials" means any Documents, Testimony, or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

  e. "Designating Party" means the Party that designates Materials as "Confidential."

  f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

  g. "Documents" means (i) any "Writing," "Original," and "Duplicate," as defined by Cal. Evidence Code §§ 250, 255, and 260, produced in this Proceeding's discovery by any person, and (ii) all copies, reproductions, or summaries of any part of the foregoing.

  h. "Information" means the content of Documents or Testimony.

  i. "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

2. The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information the Designating Party in good faith believes to contain non-public information entitled to confidential treatment under applicable law.

3. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4. Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

  a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each

page of any Document containing such designated Confidential Material.

    b.    For Testimony given in depositions the Designating Party may either:

        i.    identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

        ii.    designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

    c.    For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

5.    The inadvertent production by any undersigned Parties of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. If any Document, Testimony or Information subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of the inadvertent production within 20 days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party receiving the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return

1  such together with all copies of such Document, Testimony or Information to counsel for the
2  producing Party and shall retain only the "Confidential" designated Materials. Should the
3  receiving Party choose to destroy such inadvertently produced Document, Testimony or
4  Information, the receiving Party shall notify the producing Party in writing of such destruction
5  within 10 days of receipt of written notice of the inadvertent production. This provision does not
6  apply to any inadvertent production of Information protected by attorney-client or work product
7  privileges. If this provision conflicts with any applicable law regarding waiver of confidentiality
   through inadvertent production of Documents, Testimony or Information, such law shall govern.

8        6.    If counsel for a Party receiving Documents, Testimony or Information in discovery
9  designated as "Confidential" objects to the designation of any such items, they shall advise the
10 Designating Party's counsel, in writing, of such objections, the specific Documents, Testimony or
11 Information to which each objection pertains, and the specific reasons and support for such
12 objections (the "Designation Objections"). Designating Party shall have 30 days from receipt of
   the written Designation Objections to either (a) agree in writing to de-designate Documents,
13 Testimony or Information pursuant to any of the Designation Objections or (b) move the Court to
14 uphold any designations on Documents, Testimony or Information addressed by the Designation
15 Objections (the "Designation Motion"). Pending Designation Motion's resolution, all existing
16 Designations at issue in such Motion shall remain in place. The Designating Party shall have the
   burden on any Designation Motion of establishing the applicability of its "Confidential"
17 designation. If the Designation Objections are neither timely agreed to nor timely addressed by
18 Designation Motion, such Documents, Testimony or Information shall be de-designated in
19 accordance with the Designation Objection applicable to such material.

20       7.    Access to and Disclosure of Confidential Materials designated as "Confidential"
21 shall be permitted only to the following persons:

22         a.     the Court;

23         b.     (1) The Proceeding's attorneys of record and affiliated attorneys,
   paralegals, clerical and secretarial staff employed by such attorneys who are actively
24 involved in the Proceedings and are not employees of any Party. (2) In-house counsel to
25 the undersigned Parties and the paralegal, clerical and secretarial staff employed by such
26 counsel. Provided, however, that each non-lawyer given access to Confidential Materials
27 shall be advised that such Materials are being Disclosed pursuant to, and are subject to,
28 the terms of Stipulation and Protective Order and may not be Disclosed other than by its

terms;

  c. those officers, directors, partners, members, employees and agents of all non-designating Parties counsel for such Parties deems necessary to aid counsel in prosecution or defense of this Proceeding; provided, however, that prior to Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure that person's signature on a statement in the attached Exhibit A;

  d. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

  e. any deposition, trial or hearing witness in the Proceeding who previously had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee, or agent of an entity that has had access to the Confidential Materials;

  f. any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, for each such witness given access to Confidential Materials counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

  g. mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

  h. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form

attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

        i.    any other person that the Designating Party agrees to in writing.

8. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and prosecuting or defending the Proceeding, and not for any business or other purpose whatsoever.

9. The Parties (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties, to modify or grant relief from any provision of this Stipulation and Protective Order.

10. Entering into, agreeing to, or complying with the terms of this Stipulation and Protective Order shall not:

    a.    operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

    b.    prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

        i.    to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

        ii.    to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

11. Any Party to the Proceeding who has not executed this Stipulation and Protective Order at the time it is presented to the Court may thereafter become a Party by its counsel's signing and dating a copy filing it with the Court, and serving copies of such signed and dated copy upon the Parties to this Stipulation and Protective Order.

12. Any Information produced by a non-Party witness in discovery pursuant to a subpoena or otherwise may be designated by the non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the

1  same force and effect, and create the same duties and obligations, as if made by one of the
2  undersigned Parties. Any such designation shall also function as a consent by such producing
3  Party to the Court's authority to resolve and conclusively determine any motion or other
4  application made by any person or Party regarding such designation, or any other matter arising
   under this Stipulation and Protective Order.
5
           13.     If any person subject to this Stipulation and Protective Order with custody of any
6
   Confidential Materials receives a subpoena or other process ("Subpoena") from any government
7
   or other person or entity demanding production of Confidential Materials, the recipient of the
8
   Subpoena shall promptly give notice of the same by email transmission, followed by either
9
   express mail or overnight delivery to counsel of record for the Parties, and shall furnish such
10
   counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in
11
   its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose
12
   production of the Confidential Materials, or seek to obtain confidential treatment of such
13
   Confidential Materials from the subpoenaing person or entity to the fullest extent available under
14
   law. The Subpoena recipient may not produce any Confidential Materials prior to the date
   specified for production.
15
           14.     This Stipulation and Protective Order shall not be construed to bar a Party from
16
   asserting in good faith certain Confidential Materials require additional protection.
17
           15.     If, after execution of this Stipulation and Protective Order, any Confidential
18
   Materials submitted by a Designating Party under the terms of this Stipulation and Protective
19
   Order is Disclosed by a non-Designating Party to any person other than in the manner authorized
20
   by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure
   shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the
21
   immediate attention of the Designating Party.
22
           16.     This Stipulation and Protective Order is entered into without prejudice to the right
23
   of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any
24
   Confidential Materials designated by that Party. If the Designating Party uses Confidential
   Materials in a non-Confidential manner, then the Designating Party shall advise that the
25
   designation no longer applies.
26
           17.     If any Confidential Materials, or Information derived from Confidential Materials,
27
   is included in a motion or other proceeding governed by Cal. Rules of Court, Rules 2.550 and
28 2.551, the Party shall follow those rules. Alternatively, the Parties may meet and confer to

determine if non-material information can be redacted to protect the confidentiality and privacy of individuals associated with Confidential Materials. For discovery motions or other proceedings not governed by Cal. Rules of Court, Rules 2.550 and 2.551, the following applies: If Confidential Materials or Information derived from Confidential Materials are submitted or disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

18. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

19. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

20. This Stipulation and Protective Order remains binding after this Proceeding concludes and all subsequent proceedings arising hereby, except a Party may seek the Designating Party's written permission or may move the Court for relief from this Stipulation and Protective Order's provisions. To the extent permitted by law, the Court retains jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order.

21. Upon written request made within 30 days after the settlement or other termination of the Proceeding, the Parties shall have 30 days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except counsel for each Party may maintain in its files, in continuing compliance with this Stipulation and Protective Order's terms, all work product, one copy of each filed pleading, and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c).

22. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set

forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

23. The Parties and all signatories to the Certification attached as Exhibit A agree to be bound by this Stipulation and Protective Order pending the Court's approval and entry. If the Court modifies this Stipulation and Protective Order, or if the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

This Stipulation and Protective Order may be executed in counterparts.

Respectfully submitted,

Dated: February 13, 2020

Griselda S. Rodriguez
RODRIGUEZ & TRAN, LLP

Attorneys for Marcellus McMillian

Dated: February 13, 2020

Javier F. Garcia
PERKINS COIE LLP.

Attorneys for Defendants
Golden State FC LLC, Amazon Fulfillment Services, Inc., Amazon.com Services, Inc., and Amazon.com, Inc.

**[PROPOSED] ORDER**

**GOOD CAUSE APPEARING**, the Court hereby approves this **STIPULATED PROTECTIVE ORDER**.

**IT IS SO ORDERED**.

Dated: _____, 2020

_____
Honorable Michael W. Fitzgerald
United States District Judge

# EXHIBIT A
# CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding titled *McMillian v. Golden State FC LLC., et al*., Case No. 2:19-CV-02121-MWF-JC. I certify I understand the Confidential Materials are provided to me subject to the terms and restrictions of this Proceeding's Stipulation and Protective Order. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand Confidential Materials, defined in Stipulation and Protective Order, including notes or other records made regarding such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except for this Proceeding's purposes, any Confidential Materials obtained pursuant to this Protective Order, except as provided there or the Court otherwise orders.

I understand I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with them.

I declare under penalty of perjury, under the laws California, the foregoing is true and correct.

Dated: _____

By:

Signature:_____

Title:_____
_____
Address
_____
City, State, Zip
_____
Telephone Number