1
2
3
4

Javier F. Garcia, Bar No. 296846
JGarcia@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

5
6
7
8

Andrew E. Moriarty, *pro hac vice*
AMoriarty@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone:  206.359.8000
Facsimile:  206.359.9629

9
10
11

*Attorneys for Amazon Defendants*
Golden State FC LLC
Amazon Fulfillment Services, Inc.
Amazon.com Services, Inc.
Amazon.com, Inc.

12
13
14

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

15
16
17
18
19
20
21
22
23

| | |
|---|---|
| MARCELLUS MCMILLIAN, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOLDEN STATE FC LLC; AMAZON FULFILLMENT SERVICES, INC.; AMAZON.COM SERVICES, INC.; AMAZON.COM, INC.; DEVON FRANKLIN; and DOES 3-100, inclusive,<br><br>　　　　　Defendants. | Case No. 2:19-cv-02121-MWF (JCx)<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, FOR PARTIAL SUMMARY JUDGMENT**<br><br>Judge:  Michael W. Fitzgerald<br><br>Hearing Date:　March 16, 2020<br>Time:　　　　10:00 A.M.<br>Ctrm:　　　　5A |

24
25
26
27
28

-1-

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL:**

PLEASE TAKE NOTICE that on March 16, 2020, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 5A, 350 West First Street, Los Angeles, CA 90012, Defendants Golden State FC LLC, Amazon Fulfillment Services, Inc., Amazon.com Services, Inc., and Amazon.com, Inc. (collectively, "Defendants") will and hereby do move for summary judgment or, alternatively, partial summary judgement pursuant to Rule 56 of the Federal Rules of Civil Procedure and Civil Local Rule 56-1.

Defendants move for summary judgment against Plaintiff as to all claims for relief contained in Plaintiff's Complaint on the grounds that there is no genuine dispute concerning any material fact and that Defendants are entitled to judgment as a matter of law as to Plaintiff's claims as alleged in the Complaint.  Alternatively, if for any reason summary judgment cannot be had, Defendants will and hereby do move the Court for an order adjudicating the following issues in Amazon's favor and against Plaintiff:

### FIRST CAUSE OF ACTION—DISCRIMINATION ON THE BASIS OF DISABILITY
### (Cal. Gov't Code § 12940(a))

Issue No. 1:  Plaintiff cannot maintain a claim against Defendants in his first cause of action for disability discrimination in violation of the Fair Employment and Housing Act ("FEHA") because Plaintiff cannot establish a *prima facie* case of discrimination on the basis of disability.

-2-

Issue No. 2:  Plaintiff cannot maintain a claim against Defendants in his first cause of action for disability discrimination in violation of the FEHA because Defendants articulated a legitimate non-discriminatory business reason for their termination of Plaintiff's employment.

Issue No. 3:  Plaintiff cannot maintain a claim against Defendants in his first cause of action for disability discrimination in violation of the FEHA because Plaintiff cannot establish that Defendants' legitimate non-discriminatory business reason for terminating Plaintiff's employment was a pretext for disability discrimination.

## SECOND CAUSE OF ACTION—HARASSMENT ON THE BASIS OF DISABILITY
### (Cal. Gov't Code § 12940(j), (k))

Issue No. 4:  Plaintiff cannot maintain a claim against Defendants in his second cause of action for harassment in violation of the FEHA because Plaintiff cannot demonstrate severe and pervasive misconduct that altered the conditions of his employment or created an abusive working environment.

Issue No. 5:  Plaintiff cannot maintain a claim against Defendants in his second cause of action for harassment in violation of the FEHA because Defendants took all reasonable steps necessary to prevent discrimination and harassment.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THIRD CAUSE OF ACTION—FAILURE TO PREVENT
## DISCRIMINATION AND HARASSMENT
## (Cal. Gov't Code § 12940(j), (k))

Issue No. 6:  Plaintiff cannot maintain a claim against Defendants in his third cause of action for failure to prevent discrimination and harassment in violation of FEHA because Plaintiff cannot establish any underlying discrimination or harassment.

Issue No. 7:  Plaintiff cannot maintain a claim against Defendants in his third cause of action for failure to prevent discrimination and harassment in violation of FEHA because Defendants took reasonable steps to prevent discrimination and harassment.

Issue No. 8:  Plaintiff cannot maintain a claim against Defendants in his third cause of action for failure to prevent discrimination and harassment in violation of FEHA because Plaintiff cannot establish that he was harmed by discrimination and harassment.

Issue No. 9:  Plaintiff cannot maintain a claim against Defendants in his third cause of action for failure to prevent discrimination and harassment in violation of FEHA because Plaintiff cannot establish a failure by Defendants to prevent misconduct that was a substantial factor in causing him harm.

-4-

**FOURTH CAUSE OF ACTION—FAILURE TO PROVIDE REASONABLE ACCOMMODATION**
**(Cal. Gov't Code § 12940, *et seq.*, 42 U.S.C. § 12111, *et seq.*)**

<u>Issue No. 10:</u>  Plaintiff cannot maintain a claim against Defendants in his fourth cause of action for failure to accommodate in violation of FEHA or the ADA because the accommodation that Plaintiff required, an indefinite leave of absence, is unreasonable and not required as a matter of law.

<u>Issue No. 11:</u>  Plaintiff cannot maintain a claim against Defendants in his fourth cause of action for failure to accommodate in violation of FEHA or the ADA because additional extension of Plaintiff's leave of absence was unreasonable and not required as a matter law.

<u>Issue No. 12:</u>  Plaintiff cannot maintain a claim against Defendants in his fourth cause of action for failure to accommodate in violation of FEHA or the ADA because Plaintiff failed timely to support the need for an accommodation.

<u>Issue No. 13:</u>  Plaintiff cannot maintain a claim against Defendants in his fourth cause of action for failure to accommodate in violation of FEHA or the ADA because Plaintiff waived his right to any reasonable accommodation by failing to engage in good faith in the interactive process.

**FIFTH CAUSE OF ACTION—FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS**

<u>Issue No. 14:</u>  Plaintiff cannot maintain a claim against Defendants in his fifth cause of action for failure to engage in the interactive process in violation of FEHA

-5-

or the ADA because Plaintiff did not request a reasonable accommodation so that he could perform the essential job requirements.

Issue No. 15:  Plaintiff cannot maintain a claim against Defendants in his fifth cause of action for failure to engage in the interactive process in violation of FEHA or the ADA because Defendants engaged in a good-faith interactive process.

Issue No. 16:  Plaintiff cannot maintain a claim against Defendants in his fifth cause of action for failure to engage in the interactive process in violation of FEHA or the ADA because Plaintiff cannot demonstrate that he was willing to participate in an interactive process to determine whether reasonable accommodation could be made so he would be able to perform the essential job requirements.

## SIXTH CAUSE OF ACTION— BREACH OF IMPLIED-IN-FACT AND/OR ORAL CONTRACT NOT TO TERMINATE EMPLOYMENT WITHOUT GOOD CAUSE

Issue No. 17:  Plaintiff cannot maintain a claim against Defendants in his sixth cause of action for breach of contract because Defendants were free to modify the terms of Plaintiff's at-will employment or terminate his employment in their sole discretion.

Issue No. 18:  Plaintiff cannot maintain a claim against Defendants in his sixth cause of action for breach of contract because Plaintiff cannot demonstrate that Defendants breached an existing contractual obligation.

-6-

### SEVENTH CAUSE OF ACTION—NEGLIGENT SUPERVISION, HIRING, AND RETENTION
### (California Common Law)

Issue No. 19: Plaintiff cannot maintain a claim against Defendants in his seventh cause of action for negligent supervision because Plaintiff cannot demonstrate that Defendants breached a duty owed to Plaintiff.

Issue No. 20:  Plaintiff cannot maintain a claim against Defendants in his seventh cause of action for negligent supervision, retention, or hiring because Defendants took reasonable steps to prevent discrimination and harassment.

Issue No. 21:  Plaintiff cannot maintain a claim against Defendants in his seventh cause of action for negligent retention or hiring because Plaintiff cannot establish that Defendants hired or retained an employee that it knew or should have known created a risk of harm to Plaintiff.

Issue No. 22:  Plaintiff cannot maintain a claim against Defendants in his seventh cause of action for negligent supervision because Plaintiff cannot establish that Defendants knew or should have known of any employees that could not be trusted to act properly without being supervised.

Issue No. 23: Plaintiff cannot maintain a claim against Defendants in his seventh cause of action for negligent supervision because Plaintiff cannot establish that Defendants' supervision, retention, or hiring of any employee proximately caused him harm.

**EIGHTH CAUSE OF ACTION—RETALIATION**
**(Cal. Gov't Code § 12940(h))**

Issue No. 24:  Plaintiff cannot maintain a claim against Defendants in his eighth cause of action for retaliation in violation of the FEHA because Plaintiff cannot establish a *prima facie* case of retaliation including, but not limited to, that Plaintiff cannot establish a causal link or that there was any protected activity.

Issue No. 25:  Plaintiff cannot maintain a claim against Defendants in his eighth cause of action for retaliation in violation of the FEHA because Defendants articulated a legitimate non-discriminatory business reason for its termination of Plaintiff's employment.

Issue No. 26:  Plaintiff cannot maintain a claim against Defendants in his eighth cause of action for retaliation in violation of the FEHA because Plaintiff cannot establish that Defendants' legitimate non-discriminatory business reason for terminating Plaintiff's employment was a pretext for unlawful retaliation.

**NINTH CAUSE OF ACTION—WRONGFUL TERMINATION OF**
**EMPLOYMENT IN VIOLATION OF PUBLIC POLICY**
**(Cal. Gov't Code § 12900, *et seq.*; Cal. Labor Code § 1102.5)**

Issue No. 27:  Plaintiff cannot maintain a claim against Defendants in his ninth cause of action for wrongful discharge in violation of public policy because Plaintiff cannot establish any underlying discrimination or retaliation.

Issue No. 28:  Plaintiff cannot maintain a claim against Defendants in his ninth cause of action for discharge in violation of California Labor Code § 1102.5 because

Plaintiff cannot establish a *prima facie* case of retaliation including, but not limited to, that Plaintiff cannot establish a causal link or that there was any protected activity.

Issue No. 29: Plaintiff cannot maintain a claim against Defendants in his ninth cause of action for discharge in violation of California Labor Code § 1102.5 because Defendants articulated a legitimate non-discriminatory business reason for its termination of Plaintiff's employment.

Issue No. 30: Plaintiff cannot maintain a claim against Defendants in his ninth cause of action for discharge in violation of California Labor Code § 1102.5 because Plaintiff cannot establish that Defendants' legitimate non-discriminatory business reason for terminating Plaintiff's employment was a pretext for discrimination or retaliation in violation of the FEHA.

### TENTH CAUSE OF ACTION—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (California Common Law)

Issue No. 31: Plaintiff cannot maintain a claim against Defendants in his tenth cause of action for intentional infliction of emotional distress because he cannot establish that Defendants engaged in extreme or outrageous conduct.

Issue No. 32: Plaintiff cannot maintain a claim against Defendants in his tenth cause of action for intentional infliction of emotional distress because he cannot establish that Defendants acted intentionally, or with reckless disregard of the probability of causing emotional distress.

Issue No. 33:  Plaintiff cannot maintain a claim against Defendants in his tenth cause of action for intentional infliction of emotional distress because he cannot establish that he experienced severe or serious emotional suffering.

### PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES

Issue No. 34:  Plaintiff cannot recover punitive damages in this action because he cannot establish that an officer, director, or managing agent for Defendants engaged in or ratified an act of oppression, fraud, or malice.

Issue No. 35:  Plaintiff cannot recover punitive damages in this action because the conduct alleged against Defendants does not constitute oppression, fraud, or malice within the meaning of California Civil Code, Section 3294.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Statement of Uncontroverted Facts and Conclusions of Law, the Declarations of Andrew Moriarty, Caitlin Favati, Tamisha Dennis, Priscilla Bustamante, Amy Virden, and Mary Cortez Patterson, and all accompanying exhibits; all pleadings and papers on file in this action, and upon such other evidence and argument as may be presented to the Court prior to or at the time of hearing.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 22, 2020.

DATED:  February 14, 2020

**PERKINS COIE LLP**

By: */s/ Javier F. Garcia*
    Javier Garcia, Bar No. 296846
    jgarcia@perkinscoie.com

*Attorneys for Amazon Defendants*
Golden State FC LLC
Amazon Fulfillment Services, Inc.
Amazon.com Services, Inc.
Amazon.com, Inc.

-11-