MORGAN, LEWIS & BOCKIUS LLP
Barbara A. Fitzgerald, SBN 151038
barbara.fitzgerald@morganlewis.com
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Ethel J. Johnson, *pro hac vice*
ethel.johnson@morganlewis.com
1000 Louisiana St., Suite 4000
Houston, TX 77002-5006
Tel: 1.713.890.5191
Fax: +1.713.890.5001

MORGAN, LEWIS & BOCKIUS LLP
Alexander L. Grodan, SBN 261374
alexander.grodan@morganlewis.com
600 Anton Boulevard, Suite 1800
Costa Mesa, CA  92626-7653
Tel:  714.830.0600
Fax:  714.830.0700

Attorneys for Defendants
GOLDEN STATE FC LLC, AMAZON
FULFILLMENT SERVICES, INC.,
AMAZON.COM SERVICES, INC.,
AMAZON.COM, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLUS MCMILLIAN,<br><br>Plaintiffs,<br><br>vs.<br><br>GOLDEN STATE FC LLC, AMAZON FULFILLMENT SERVICES, INC., AMAZON.COM SERVICES, INC., AMAZON.COM, INC., and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-2121-MWF(JCx)<br><br>Honorable Michael W. Fitzgerald<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE REFERENCES TO AND TESTIMONY OF ANY LEGAL CONCLUSIONS FROM DEFENDANTS' EXPERT WILLIAM SKILLING** |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42459947.4

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE NO. 3
CASE NO. 2:19-CV-2121-MWF

# Table of Contents

Page

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1
I. INTRODUCTION .................................................................................. 1
II. RELEVANT FACTUAL BACKGROUND ........................................... 2
    A. Plaintiff's Allegations and William Skilling's Designation as an Expert Witness. ................................................................... 2
    B. Plaintiff Files Two Motions in Limine And References Only Those Motions in the Simultaneously Filed Memorandum of Contentions of Fact and Law. ............................................................................. 2
    C. Plaintiff's First Excuse for the Untimely Filing of Motion in Limine No. 3. ................................................................................. 3
    D. Plaintiff Provides an Inconsistent Second Excuse for the Untimely Filing of Motion in Limine No. 3. .......................................... 4
III. ARGUMENT ......................................................................................... 5
    A. Plaintiff Relied on Misrepresentation to the Court to Avoid Denial of This Motion as Untimely. ................................................. 5
    B. Plaintiff's Objections to Mr. Skilling's Opinions Are Better Suited for Cross-Examination at Trial Rather Than Exclusion. ......... 7
IV. CONCLUSION .................................................................................... 10

Morgan, Lewis & Bockius LLP
Attorneys at Law
Costa Mesa

DB2/ 42459947.4

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE NO. 3
CASE NO. 2:19-CV-2121-MWF

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*38 Films, LLC v. Yamano*,
  2017 WL 7038122 (N.D. Miss. Nov. 6, 2017) ..................................................... 9

*Morad v. City of Long Beach*,
  2018 WL 11352372 (C.D. Cal. June 15, 2018) (Fitzgerald, J.) ......................... 10

*Ramirez, et al. v. Oxnard Police Dept., et al.*,
  2015 WL 13916522 (C.D. Cal. Feb. 6, 2015) (Fitzgerald, J.) ............................. 8

*Sunset Landmark Inv., LLC v. Chubb Custom Ins. Co.*,
  2019 WL 4451229 (C.D. Cal. May 16, 2019) (Fitzgerald, J.) .......................... 10

*U.S. v. Diaz*,
  876 F.3d 1194 ..................................................................................................... 8

**Other Authorities**

FRE 702 ................................................................................................................. 10

FRE 704(a) ..................................................................................................... 1, 7, 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42459947.4

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE NO. 3
CASE NO. 2:19-CV-2121-MWF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should deny Plaintiff Marcellus McMillian's ("Plaintiff") motion to preclude vocational rehabilitation expert William Skilling from providing evidence at trial that other positions available to Plaintiff were "substantially similar" to Plaintiff's prior position. Defendants Golden State FC LLC, Amazon Fulfillment Services, Inc., Amazon.com Services, Inc., and Amazon.com, Inc.'s (collectively, "Defendants") intend to introduce Mr. Skilling's expert testimony in support of the affirmative defense that Plaintiff failed to mitigate his damages.

The Court should not even consider Plaintiff's motion because it was untimely filed after the deadline set for filing all motions in limine. Although the Court allowed Plaintiff to explain why the motion was untimely filed before the Court would consider it, the explanation Plaintiff gave was provably false. Plaintiff represented that he had always intended to file the motion on time but did not realize until later that it was not due to an "oversight." His counsel's own sworn declaration submitted with the late motion, however, admitted that she did not review the "evidence and testimony" that is the subject of the motion until weeks *after* the deadline had passed. As this opposition is Defendants' first opportunity to comment on Plaintiff's proffered explanation, Defendants submit that it is unfair to excuse Plaintiff's late filing by virtue of Plaintiff falsely claiming inadvertent error.

Even if the Court does consider the motion, it should still be denied on the merits. The Federal Rules of Evidence permit a witness, including an expert, to give opinion testimony even if it "embraces an ultimate issue." FRE 704(a). The Ninth Circuit has further held that a witness may use common terms that appear in the applicable legal standard and is not giving an improper legal opinion simply because the legal standard also uses those terms according to their common parlance. Here, "substantially similar" is a common phrase and the legal meaning of those words is no different from their ordinary meaning. Moreover, that phrase

Morgan, Lewis & Bockius LLP
Attorneys at Law
Costa Mesa

DB2/ 42459947.4

1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3
CASE NO. 2:19-CV-2121-MWF

was not even Mr. Skilling's chosen term in his report or in his testimony. Rather, Mr. Skilling stated that other positions were "comparable" to Plaintiff's position, and only used the term "substantially similar" when Plaintiff's counsel pressed him to do so. Mr. Skilling should nonetheless not be prohibited from using any common terms in his testimony simply because those words also appear in the applicable legal standard. Furthermore, to the extent Plaintiff takes issue with the adequacy of Mr. Skilling's analysis and the basis for his opinions, those issues are properly reserved for cross-examination, and are not a reason to exclude otherwise proper testimony.

For these reasons, the Court should deny Plaintiff's untimely Motion in Limine No. 3.

## II.     RELEVANT FACTUAL BACKGROUND

### A.     Plaintiff's Allegations and William Skilling's Designation as an Expert Witness.

Plaintiff alleges that Defendants unlawfully terminated his employment as a fulfillment center employee while he was recovering from injuries sustained in a non-work-related car accident. Compl. ¶¶ 39-45, 79-95, 150-162. He seeks economic damages that include "lost past and future income and employment benefits" and compensation for "damage to his career" as a result of the allegedly unlawful termination of his employment. *Id.* ¶ 34.

On January 6, 2020, Defendants served Plaintiff with their initial expert disclosures identifying Mr. Skilling as an expert on Plaintiff's employability and earning capacity following the termination of his employment in 2018. Grodan Dec. ¶ 4, Ex. A. Plaintiff took Mr. Skilling's deposition on April 14, 2020, where he testified about his expert opinions. Dkt. No. 121 at 26- 41.

### B.     Plaintiff Files Two Motions in Limine And References Only Those Motions in the Simultaneously Filed Memorandum of Contentions of Fact and Law.

The Parties held an initial Rule 16-2 conference in the evening of November

Morgan, Lewis & Bockius LLP
Attorneys at Law
Costa Mesa

DB2/ 42459947.4

2

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3
CASE NO. 2:19-CV-2121-MWF

30, 2021, to accommodate the then trial schedule of Plaintiff's counsel. Grodan Dec. ¶ 3. During that conference, the Parties agreed to hold additional subsequent conferences around Plaintiff's counsel's trial schedule so that they could continue to discuss open issues in advance of the due dates for pretrial filings. *Id.*

Per the Court's governing scheduling order, all motions in limine were due on December 13, 2021. On December 10, Plaintiff sent a letter to Defendants identifying for the first time the subject matter of his anticipated motions in limine, and identified only one such topic. *Id.* ¶ 5, Ex. B (identifying the intent to file motion in limine to exclude "Any reference to any claims regarding plaintiff's car accident."). Later that evening, Plaintiff sent a second letter to Defendants identifying one more topic, again for the first time, for a motion in limine. *Id.* ¶ 6, Ex. C (identifying the intent to file a motion in limine to exclude witnesses who allegedly were not properly disclosed). Plaintiff sent no additional meet and confer letters identifying any other potential motions in limine other than the two motions referenced above. *Id.* ¶ 7.

On December 13, 2021, Plaintiff filed both motions in limine identified in Plaintiff's correspondence.[1] Plaintiff also filed a memorandum of contentions of fact and law later that evening in which he identified only the motions in limine that he had filed earlier that evening as anticipated evidentiary issues. Dkt. 89 at 79:14-17. At no time prior to or on this filing deadline did Plaintiff ever demonstrate an intent to file a motion in limine to exclude any testimony provided by Mr. Skilling.

### C. Plaintiff's First Excuse for the Untimely Filing of Motion in Limine No. 3.

In the afternoon on December 30, 2021, more than *two weeks after* the deadline for filing motions in limine set by the Court, Plaintiff sent Defendants a third "meet and confer" letter identifying for the first time the intent to file a third

---

[1] Shortly before filing the motions on December 13, Plaintiff indicated by email that Motion in Limine No. 2 would also request exclusion of certain exhibits. Grodan Dec. ¶ 8, Ex. D.

Morgan, Lewis & Bockius LLP
Attorneys at Law
Costa Mesa

DB2/ 42459947.4

3

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3
CASE NO. 2:19-CV-2121-MWF

motion in limine to exclude testimony of Mr. Skilling.  Grodan Dec. ¶ 9, Ex. E.  Plaintiff initially required a response by the close of business within the next couple of hours but, given the holiday weekend, Plaintiff agreed to allow Defendants until the following Monday to consider Plaintiff's request to stipulate to exclusion.  *Id.*  On Monday afternoon, Defendants confirmed that they disputed the basis for Plaintiff's late motion, and Plaintiff filed it later that day.  Dkt. No. 121.

In support of the motion and to address the late filing, Plaintiff's counsel submitted a declaration stating that she sent the meet and confer letter identifying this third motion in limine "the *same day the issue in this motion* came to my attention."  Dkt. No. 121 at 10, ¶ 5 (emphasis added); *see also* Dkt. No. 121 at 8:6-9 ("This evidence and testimony came to McMillian's attention after motions *in limine* had originally been filed.").  The declaration did not explain why deposition testimony taken almost two years earlier had not come to Plaintiff's attention until a little over a month before the trial date and weeks after the deadline for filing motions in limine.

### D. Plaintiff Provides an Inconsistent Second Excuse for the Untimely Filing of Motion in Limine No. 3.

On January 5, 2022, the Court issued its Scheduling Notice and Order vacating the final pretrial conference and the trial date.  Dkt. No. 122.  Addressing the late-filed motion in limine, the Court stated:

> Defendants do not need to file Opposition to Plaintiff's untimely filed Motion in Limine No. 3 [121] ("MIL") which was due on 12/13/2021.  Plaintiff should submit an explanation of no more than one page explaining why the MIL was untimely filed and how it will be useful to the Court no later than 1/14/2022.

*Id.*

On January 14, 2022, Plaintiff filed the explanation as this Court had requested.  Plaintiff's explanation, however, was different from what had been stated in the sworn declaration from counsel accompanying the motion.  After previously attesting that the substantive issues raised in the motion had not come

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42459947.4

4

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE NO. 3
CASE NO. 2:19-CV-2121-MWF

Plaintiff's attention until *after* the deadline for filing motions in limine had passed, Plaintiff now asserted that "Plaintiff intended to file this MIL ever since Skilling was deposed and gave his opinion on these matters without foundation, and reached improper legal conclusions." Dkt. No. 124. The reason the motion had not been filed on time, Plaintiff now claimed, was due to an inadvertent oversight that did not come to Plaintiff's attention until December 30 while reviewing the case file and noticing the motion had not been filed as planned on December 13. *Id.*

After reviewing this explanation, the Court accepted the untimely motion and ordered Defendants to file this response. Dkt. No. 127.

## III. ARGUMENT

### A. Plaintiff Relied on Misrepresentation to the Court to Avoid Denial of This Motion as Untimely.

Plaintiff's attempt to blame the late filing of Motion in Limine No. 3 on an inadvertent filing error that was not discovered until December 30 lacks credibility. Before the Court requested an explanation for the late filing, Plaintiff admitted that Plaintiff had not decided to file the motion until after the deadline had already passed, suggesting that this motion is simply a late strategy decision that would have and should have been precluded by the Court's filing deadline.

If, as Plaintiff now contends, Plaintiff had "intended to file this MIL ever since Skilling was deposed" in April 2020, then Defendants would have received a "meet and confer" letter on December 10, 2021, identifying this motion just as Plaintiff sent separate letters for the other two motions that were timely filed by the deadline. Indeed, Plaintiff's counsel sent the letter identifying the subject matter of Motion in Limine No. 2 late in the evening on a Friday, after Defendants had already received a meet and confer letter earlier in the day during business hours identifying only one motion in limine to be filed. If Plaintiff had intended to file this Motion by the deadline as well, Plaintiff would have prepared a third meet and confer letter and sent that at the same time Plaintiff realized that Defendants had

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42459947.4

5

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE NO. 3
CASE NO. 2:19-CV-2121-MWF

only received a meet and confer letter for Motion in Limine No. 1 earlier in the day.

In addition, Plaintiff's Memorandum of Contentions of Fact and Law, due on the same day as the motions in limine, only identified topics addressed in Motions in Limine Nos. 1 and 2 without demonstrating any intent to file a motion to exclude the testimony of Mr. Skilling. Again, were the untimely filing of Motion in Limine No. 3 simply a late discovered inadvertent filing error, then Plaintiff's Memorandum of Contentions of Fact and Law would have referenced the unfiled motion. It does not.

Lastly, Plaintiff could have disclosed the supposed filing oversight when Plaintiff first attempted to file Motion in Limine No. 3 on January 3 (or raised the oversight to Defendants when Plaintiff first notified Defendants on December 30 of the intent to file an untimely third motion). Instead, in a sworn declaration supporting Motion in Limine No. 3, Plaintiff's counsel attested that "the issues in this motion" – not the failure to file the motion – had not come to her attention until after the filing deadline. This is inconsistent with Plaintiff's later assertion to the Court that Plaintiff intended to raise the "issues in this motion" since the Skilling deposition was held on April 14, 2020 (twenty months earlier), but the motion had not been filed when due on December 13, 2021, because of an unexplained "oversight" that did not come to Plaintiff's attention until December 30.

Fundamental fairness requires that the Court not accept Plaintiff's implausible explanation given the above facts. After the December 13 filing deadline passed, Defendants ceased considering other potential topics for motions in limine with the understanding that the opportunity for doing so had lapsed. Plaintiff clearly did not do the same. While the Court should show leniency where there is good cause for missing a deadline, the standard for good cause should be higher than what Plaintiff has offered. The Court's filing deadlines should not be so easily circumvented without any evidence supporting the alleged intent to have filed the motion earlier. Allowing Plaintiff to submit a late filing based on a flimsy

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42459947.4

6

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE NO. 3
CASE NO. 2:19-CV-2121-MWF

1  excuse that does not stand up to scrutiny puts a party that followed the rules at a
2  disadvantage against a party that does not.
3       Lastly, the Court should not reward Plaintiff's hypocrisy. Earlier in this
4  litigation, Plaintiff filed an *ex parte* application without following the notice
5  requirements prescribed by the local rules. Dkt. No. 53. Defendants had only 24
6  hours per this Court's rules to respond to the application, which contained
7  voluminous exhibits. Anticipating in advance that Defendants would likely need
8  additional time to prepare its response, Defendants filed a notice of its intent to
9  oppose the application within 24 hours, and then filed the opposition later in the
10 day but after the 24-hour cut-off. Dkt. Nos. 54, 55. Plaintiff filed an objection to
11 Defendants' opposition, accusing Defendants of gamesmanship and of "evading
12 requirements of the law and this Court and by filing an untimely opposition
13 knowing they have missed their deadline . . . ." Dkt. No. 56 at 3:11-14. In denying
14 the *ex parte* application, the Court held that Plaintiff's objection was "not well-
15 taken under these circumstances," citing Plaintiff's own failure to provide proper
16 notice and Defendants' timely "alerting the Court that it intended to file their
17 Opposition that same day, and did so." Dkt. No. 57 at 1. That was an example of
18 good cause for granting leniency and is a far cry from any showing Plaintiff has
19 made here. It was also yet another example of Plaintiff's incorrect belief that
20 Plaintiff need not abide by the same set of rules that Defendants do.

    **B.**    <u>**Plaintiff's Objections to Mr. Skilling's Opinions Are Better Suited for Cross-Examination at Trial Rather Than Exclusion.**</u>

23      Turning to the merits of Plaintiff's motion, Plaintiff presents no basis for
24 excluding Mr. Skilling's testimony.
25      First, Plaintiff argues that Mr. Skilling cannot opine as to positions that are
26 "substantially similar" to Plaintiff's former position because the term "substantially
27 similar" in this context is "a legal term of art that is a question for the jury to decide
28 . . . ." Dkt. No. 121 at 5:13-15. Federal Rule of Evidence 704(a), however,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42459947.4

7

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE NO. 3
CASE NO. 2:19-CV-2121-MWF

1  expressly states that an "opinion is not objectionable just because it embraces an
2  ultimate issue."  FRE 704(a); *see also Ramirez, et al. v. Oxnard Police Dept., et al.*,
3  2015 WL 13916522, at *1 (C.D. Cal. Feb. 6, 2015) (Fitzgerald, J.) ("That Cope's
4  testimony goes to an ultimate issue is not sufficient reason by itself to exclude the
5  testimony.").  As the Ninth Circuit has recognized, "it is sometimes impossible for
6  an expert to render his or her opinion on a subject without resorting to language that
7  recurs in the applicable legal standard." *See U.S. v. Diaz*, 876 F.3d 1194, 1198.
8  For instance, in *Diaz*, the Ninth Circuit held that a medical expert did not
9  improperly offer opinion testimony as to a legal conclusion by using terms that
10 appeared in the elements of the federal statute before the jury because those terms
11 "were used in their ordinary, everyday sense and do not 'have a separate, distinct
12 and specialized' legal significance apart from common parlance." *Id.* at 1199.
13     Here, Plaintiff is seeking an order essentially prohibiting Mr. Skilling from
14 using the plain English term "substantially similar" according to its ordinary
15 meaning when referring to other employment opportunities that Plaintiff may have
16 had.  Notably, the term Mr. Skilling actually preferred to use in his expert report
17 and in his testimony, was "comparable."  Grodan Dec., Ex. A.[2]  The term
18 "substantially similar" only arose when Plaintiff's counsel pressed Mr. Skilling to
19 opine at his deposition on whether he believed the positions he evaluated were
20 "substantially similar" to Plaintiff's former position:

> Q. What's your understanding of your assignment in this matter?
>
> A. Well, as I stated on page 2 of my report, I was retained to determine Mr. McMillian's employability and earning capacity and to form opinions – [. . .] concerning when, with a reasonably diligent job search, Mr. McMillian could have found comparable employment following the Amazon termination in May 2018.
>
> [. . .]

---

[2] Skilling's only use of "substantially similar" in his report is on the fourth page, where he uses the common meaning to refer to other positions "involving the same or substantially similar *duties and responsibilities* . . . ." Grodan Dec., Ex. A (emphasis added).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42459947.4

8

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3
CASE NO. 2:19-CV-2121-MWF

> Q. Are you forming an opinion as to whether these other occupations are substantially similar to Plaintiff's job at Amazon?
>
> A. Yes, I believe that all of these occupations would be classified as comparable.
>
> Q. But are you forming an opinion as to whether these jobs are substantially similar to those -- to his job at Amazon?
>
> A. Yes, I believe that they are also substantially similar.

*Id.* ¶ 10, Ex. F at 9:22-10:7, 16:12-24 (objections from counsel omitted). Mr. Skilling was testifying as to whether the positions he looked at were "comparable" to Plaintiff's former position. He was not giving a legal conclusion, nor did he seem to understand "substantially similar" to be what Plaintiff refers to as a "legal term of art." It was not until Plaintiff asked Mr. Skilling directly whether he thought that the positions he described as "comparable" could also be described as "substantially similar" that Skilling, using the common parlance meaning of that term, answered affirmatively.

Plaintiff's motion is an improper attempt to restrict Defendants from introducing evidence in support of its affirmative defense regarding mitigation of damages by prohibiting Mr. Skilling from using common English phrases according to their ordinary meaning. The model jury instruction on mitigation, CACI 3963, explains to the jury what factors they must consider to determine if other employment opportunities that Plaintiff did not pursue were "substantially similar." Accordingly, the Court should not enter an order restricting Mr. Skilling from using any common words or phrases when he testifies simply because those words also appear and carry the same meaning in a jury instruction. *See, e.g., 38 Films, LLC v. Yamano*, 2017 WL 7038122, at *2 (N.D. Miss. Nov. 6, 2017) ("The court finds that the plaintiffs' motion regarding prohibiting Block from giving legal conclusions, including whether the films are substantially similar, is well taken. However, the request that Block be prohibited from using the terms 'substantially similar' or 'probatively similar' is not granted . . . .").

Morgan, Lewis & Bockius LLP
Attorneys at Law
Costa Mesa

DB2/ 42459947.4

9

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3
CASE NO. 2:19-CV-2121-MWF

Plaintiff further argues that Mr. Skilling is not even qualified to opine on other employment opportunities because he could not testify at his deposition about Plaintiff's work hours, benefits, or rate of pay.[3]  This information, however, relates to only one of six factors on a non-exhaustive list that CACI 3963 provides to jurors for considering if other positions were substantially similar.  Mr. Skilling's analysis focused more heavily on some of the other relevant factors, such as locality and the required skill, background, or experience.  Plaintiff's criticisms of Mr. Skilling's analysis are not a basis for excluding testimony in a motion in limine.  Instead, these criticisms are more appropriately raised on cross-examination, where Mr. Skilling can explain why he favored some factors over others in his analysis.  *See, e.g., Sunset Landmark Inv., LLC v. Chubb Custom Ins. Co.,* 2019 WL 4451229, at *5 (C.D. Cal. May 16, 2019) (Fitzgerald, J.) (refusing to exclude opinions of expert witness under Rule 702 and holding that where a party objects to conclusions or believes they are "unsupported by the source date," the party "may elicit such weaknesses during cross-examination"); *Morad v. City of Long Beach*, 2018 WL 11352372, at *2 (C.D. Cal. June 15, 2018) (Fitzgerald, J.) (denying motion in limine to exclude expert testimony and holding that "[t]o the extent Plaintiffs believe Dr. Melenik failed to consider all relevant facts, they may elicit such weaknesses during cross-examination").

### IV. CONCLUSION

For the above reasons, the Court should deny Plaintiff's motion.

Dated: January 31, 2022                MORGAN, LEWIS & BOCKIUS LLP

By  /s/Alexander L. Grodan
Barbara A. Fitzgerald
Ethel J. Johnson
Alexander L. Grodan
Attorneys for Defendants
GOLDEN STATE FC LLC, *et al.*

---

[3] As to rate of pay, Mr. Skilling correctly assumed that Plaintiff's "pay would have been $12.50 per hour from May through October of 2018 and $15 per hour starting in November of 2018."  Grodan Dec. Ex. F at 17:10-13.  Plaintiff's final rate of pay when his employment ended in May 2018 was $12.50 per hour.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42459947.4

10

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE NO. 3
CASE NO. 2:19-CV-2121-MWF