MORGAN, LEWIS & BOCKIUS LLP
Barbara A. Fitzgerald, State Bar no. 151038
barbara.fitzgerald@morganlewis.com
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Ethel J. Johnson, *pro hac vice pending*
ethel.johnson@morganlewis.com
1000 Louisiana St., Suite 4000
Houston, TX 77002-5006
Tel: 1.713.890.5191
Fax: +1.713.890.5001

MORGAN, LEWIS & BOCKIUS LLP
Alexander L. Grodan, Bar No. 261374
alexander.grodan@morganlewis.com
600 Anton Boulevard, Suite 1800
Costa Mesa, CA  92626-7653
Tel:  714.830.0600
Fax:  714.830.0700

Attorneys for Defendants
GOLDEN STATE FC LLC, AMAZON FULFILLMENT SERVICES, INC., AMAZON.COM SERVICES, INC., AMAZON.COM, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCELLUS MCMILLIAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>GOLDEN STATE FC LLC, AMAZON FULFILLMENT SERVICES, INC., AMAZON.COM SERVICES, INC., AMAZON.COM, INC., and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No.: CV 19-2121-MWF(JCx)<br><br>Honorable Michael W. Fitzgerald<br><br>**DEFENDANTS' OBJECTION TO PLAINTIFF'S AMENDED WITNESS LIST**<br><br>Complaint Filed: January 11, 2019<br><br>Trial Date:  June 28, 2022 |

Defendants GOLDEN STATE FC LLC, AMAZON FULFILLMENT SERVICES, INC., AMAZON.COM SERVICES, INC., and AMAZON.COM, INC. (collectively "Defendants") hereby object to Plaintiff Marcellus McMillian's ("Plaintiff") unilaterally filed and improper Amended Witness List. Plaintiff is attempting to add a trial witness, D'Andre Lampkin, who was never disclosed in any of Plaintiff's Rule 26 disclosures or in written discovery, much less in the jointly and timely filed Witness List (Dkt No. 91). Without even seeking leave of the Court, Plaintiff has filed an amended witness list over Defendants' objection and in disregard of the Court's deadlines and the prejudice to Defendants. The Court should not permit Plaintiff to unilaterally add trial witnesses after the deadline for doing so has passed. Accordingly, the Court should strike Plaintiff's improperly filed Amended Witness List.

## I. RELEVANT FACTUAL BACKGROUND

Per this Court's Order, the Parties' Joint Witness List, along with other pre-trial filings, was due to be filed with this Court on December 13, 2021. (Dkt. No. 86.) The Parties timely filed their Joint Witness List on December 13. (Dkt No. 91.) On January 4, 2022, approximately three weeks after the deadline had passed, Plaintiff sent Defendants a new redline amended witness list that added Mr. Lampkin as a trial witness for the first time. Grodan Dec. ¶ 2, Ex. A. Understanding that Mr. Lampkin had not previously been identified during discovery as a potential trial witness, Plaintiff offered:

> He was brought up during Plaintiff's deposition. Nevertheless, we are also agreeable to producing him for deposition and will facilitate service for him for the deposition. We can schedule it for January 13th or 20th if either of those dates work.

Morgan, Lewis & Bockius LLP
Attorneys at Law
Costa Mesa

DB2/ 42500463.4

2

DEFENDANT'S OBJECTION TO PLAINTIFF'S AMENDED WITNESS LIST
CASE NO. 19-CV-2121-MWF

*Id.* At that time, the trial of this matter was still set to begin on February 1, 2022.[1]

Defendants responded to Plaintiff's request on January 6, stating that amending the witness list after the deadline would require a stipulation as well as an order from the Court reopening discovery to allow Defendants to take Mr. Lampkin's deposition. Grodan Dec. ¶ 2, Ex. A.

Defendants further stated that while they were opposed to adding this previously undisclosed witness to testify about Plaintiff's alleged damages for several reasons, they could be amenable to such a stipulation if it also allowed discovery to reopen for purposes of allowing Defendants to take Plaintiff's deposition regarding his alleged damages, which Defendants last requested in a noticed motion seeking an order re-opening discovery for the limited purpose of obtaining updated testimony from Plaintiff given the delay between the close of discovery (February 10, 2020) and the then-trial date due to COVID-19. (Dkt. No. 73.) Plaintiff opposed Defendants' motion at that time, arguing that the request would "reopen the discovery floodgates." (Dkt. No. 74 at 20:19-21.)

## II. THE COURT MUST STRIKE PLAINTIFF'S IMPROPER AMENDED WITNESS LIST.

### A. Federal Rules of Civil Procedure 26 and 37 Preclude Adding Plaintiff's Undisclosed Trial Witness to the Witness List.

Federal Rule of Civil Procedure 26(a) requires a party to identify "each individual likely to have discoverable information . . . . that the disclosing party may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A)(i). Failure to comply with Rule 26 forecloses the admission of the undisclosed witness. Fed. R. Civ. P. 37(c)(1); *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008), as amended (Sept. 16, 2008) ("Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information

---

[1] The Court later vacated that date due to the Omicron variant of COVID-19. (Dkt. No. 122.)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42500463.4

3

DEFENDANT'S OBJECTION TO
PLAINTIFF'S AMENDED WITNESS LIST
CASE NO. 19-CV-2121-MWF

required to be disclosed by Rule 26(a) that is not properly disclosed") (citation omitted). Moreover, under Rule 37(c), the exclusion of evidence that has not been properly disclosed is automatic unless the failure to disclose was substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-1107 (9th Cir. 2001). Thus, Plaintiff cannot now seek to add an undisclosed witness who he admits was known to him from before the start of litigation. *See Colvin v. United States ex rel. Magini Leasing and Contracting*, 549 F.2d 1338, 1340-41 (9th Cir. 1977) (upholding the district court's ruling to exclude evidence produced after the discovery cutoff, particularly where such knowledge was available to party for some time).

Plaintiff's assertion that his failure to comply with Rule 26 is excused because Mr. Lampkin was somehow "disclosed" during Plaintiff's 2019 deposition has no merit. While the discovery process in certain circumstances may sufficiently disclose a potential witness such that a supplemental disclosure would just be a formality, courts have held that the "mere mention of a witness name in a deposition or document is generally not sufficient to meet this standard." *See Chinacast Educ. Corp. v. Chen Zhou Guo*, No. 2:15-CV-05475-AB-E, 2018 WL 7448913, *5 (C.D. Cal. Dec. 28, 2018); *Ollier v. Sweetwater Union High Sch. Dist.*, 267 F.R.D. 339, 343 (S.D. Cal. 2010) ("Certainly the mere mention of a name in a deposition is insufficient to give notice to the opposing party that defendants intend to present that person at trial").

Here, Plaintiff mentioned Mr. Lampkin's name at his deposition in only two instances, neither of which could reasonably put Defendants on notice that Mr. Lampkin had discoverable information pertaining to Plaintiff's claims. First, when asked how much time Plaintiff had dedicated as a board member of Mr. Lampkin's namesake foundation, in the **six months** leading up to his deposition, Plaintiff responded "I've probably spent an hour." Grodan Dec. ¶ 3, Ex. B at 140:17-141:1). When asked how much time he spent on activities related to the Lampkin

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42500463.4

4

DEFENDANT'S OBJECTION TO
PLAINTIFF'S AMENDED WITNESS LIST
CASE NO. 19-CV-2121-MWF

Foundation during his entire leave of absence from his employment with Golden State FC LLC, the answer was "[p]robably about the same amount of time. An hour to two." *Id.* at 141:2-6. Thus, if anything, Plaintiff's testimony *minimized* Mr. Lampkin's potential relevance, describing only a fleeting commitment to his organization. Plaintiff elsewhere mentioned only that he and Mr. Lampkin had been roommates during a period of time. *Id.* at 166:1-2. Nothing about this relationship would put Defendants on notice about discoverable information regarding Plaintiff's employment that Mr. Lampkin would have or that Plaintiff intended to call Mr. Lampkin as a trial witness.

In fact, Plaintiff had another opportunity to disclose Mr. Lampkin as a potential witness when Plaintiff provided a verified response to Defendants' interrogatory requesting that Plaintiff identify "all witnesses with knowledge regarding Plaintiffs severe emotional distress alleged in Plaintiffs Complaint in this lawsuit." Plaintiff responded by identifying only one witness: "Responding party's sister, Nena McMillian." Grodan Decl., ¶ 4, Ex. C, Interrogatory No. 16. Nena McMillian was also identified in Plaintiff's Rule 26(a) disclosures and, thus, was properly included by Plaintiff on the timely filed Joint Witness List. In contrast, Mr. Lampkin was consciously omitted from Plaintiff's initial disclosures, consciously omitted from the verified discovery responses affirmatively asking Plaintiff to identify exactly this type of witness, and consciously omitted from the joint witness list (at which point it would have been too late to include him anyway given the other failures to disclose him).

Plaintiff's brief deposition testimony does not justify these omissions nor render them harmless. Had Plaintiff properly disclosed Mr. Lampkin, Defendants could have deposed him and taken any further discovery in follow up to whatever his testimony was while discovery was still open. Plaintiff's offer to allow Defendants to depose Mr. Lampkin now does not cure this prejudice, as Defendants are precluded from filing discovery motions in connection with the

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Costa Mesa

DB2/ 42500463.4

5

DEFENDANT'S OBJECTION TO
PLAINTIFF'S AMENDED WITNESS LIST
CASE NO. 19-CV-2121-MWF

deposition or from using discovery tools to pursue any inquiries that would arise from his testimony. And, by adding Mr. Lampkin to a unilaterally filed untimely witness list, Plaintiff has prevented Defendants from filing a proper motion in limine to exclude Mr. Lampkin as that deadline has also passed.[2]

Because Plaintiff failed to disclose Mr. Lampkin in either his Rule 26 disclosures or in his verified discovery responses, and because Plaintiff cannot justify this failure and the resultant prejudice to Defendants, the Court must strike Plaintiff's amended witness list and exclude Mr. Lampkin from testifying at trial.

**B. Plaintiff Does Not Have Authority to Unilaterally Modify the Court's Scheduling Order.**

This Court's Standing Order Re Jury Trial, section (B)(4), states that "[A]ll depositions shall commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition before the cut-off date." (Dkt. No. 17.) Here, the initial non-expert discovery cut-off date was set as February 10, 2020, and the last day to hear motions was March 16, 2020. (Dkt. No. 17.) FRCP 16 addresses when a district court may modify a pretrial scheduling order. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Per FRCP 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." A court may find good cause to grant relief from a scheduling deadline if the deadline could not "reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (internal quotation omitted); *see also Silga v. Deutsche Bank Nat. Trust Co.*, 637 Fed. Appx. 438, 440 (9th Cir. 2016).

Earlier in this litigation, the Parties mutually stipulated to several

---

[2] Plaintiff disregarded that deadline as well, filing a third motion in limine weeks after the deadline for doing so had passed and falsely claiming that it was an inadvertent filing error. See Dkt. Nos. 121, 124, 128.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42500463.4

6

DEFENDANT'S OBJECTION TO PLAINTIFF'S AMENDED WITNESS LIST
CASE NO. 19-CV-2121-MWF

continuances of the non-expert discovery cut-off for the limited purpose of completing specific depositions and stipulated again to continue the motion deadline to December 7, 2020 for the limited purpose of submitting two cross motions. (Dkt. Nos. 48 and 70.) That was the last time the Parties were in agreement to modify the scheduling order, other than instances when the Court vacated dates on its own motion and requested the Parties to meet and confer on new dates.

Now that all pretrial deadlines have passed, Plaintiff is attempting to modify the scheduling order by disclosing a trial witness (and filing motions in limine) after those deadlines have passed. Rather than file a motion under Rule 16(b)(4) to modify the scheduling order — a motion Plaintiff would certainly lose because he cannot satisfy the good cause standard — Plaintiff has chosen to ignore his heavy burden to persuade the Court to modify its deadlines and to simply disregard them instead. Plaintiff's offer to allow Defendants to depose Mr. Lampkin well beyond the close of discovery also violates the Court's Standing Order as only the Court may reopen discovery. Indeed, even if Defendants accepted Plaintiff's offer and deposed Mr. Lampkin in the time between this late disclosure and the trial date, Defendants would have no recourse should Mr. Lampkin refuse to answer questions at the deposition because Defendants cannot bring discovery motions now that the motion cutoff has passed, and the deposition would not have been authorized by the Court to begin with. Furthermore, as previously noted, Defendants could not conduct any follow up discovery suggested by Mr. Lampkin's testimony.

Plaintiff's unilateral filing of the untimely amended witness list in the absence of agreement from Defendants and leave from the Court is now becoming a pattern, following closely behind Plaintiff's untimely filing of a third motion in limine after that deadline passed, as mentioned above. In the time between now and trial, Plaintiff must not be permitted to continue submitting such pretrial

Morgan, Lewis & Bockius LLP
Attorneys At Law
Costa Mesa

DB2/ 42500463.4

7

DEFENDANT'S OBJECTION TO
PLAINTIFF'S AMENDED WITNESS LIST
CASE NO. 19-CV-2121-MWF

materials well past the deadlines, forcing Defendants to devote time and resources responding to each improper filing. If, as here, Plaintiff would like to make an untimely disclosure of information that would have been discoverable, the only avenue for doing so is through a joint stipulation to the Court seeking relief from the current deadlines, as the Parties have done before. *See, e.g.,* Dkt. No. 69.

## III.   CONCLUSION

Plaintiff's Amended Witness List is untimely and improper. For the reasons above, Defendants respectfully object and request that this Court strike Plaintiff's Amended Witness List.

Dated: February 4, 2022           MORGAN, LEWIS & BOCKIUS LLP

By */s/Alexander L. Grodan*
    Barbara A. Fitzgerald
    Ethel J. Johnson
    Alexander L. Grodan
    Attorneys for Defendants
    GOLDEN STATE FC LLC, *et al.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42500463.4

8

DEFENDANT'S OBJECTION TO
PLAINTIFF'S AMENDED WITNESS LIST
CASE NO. 19-CV-2121-MWF