Griselda S. Rodriguez, Esq., State Bar No. 303049
Grodlaw.apc@gmail.com
G-ROD LAW, A.P.C.
2660 Townsgate Road, Suite 400
Westlake Village, California 91361
Telephone Number: (805) 275-4000
Facsimile Number:   (805) 507-5770

Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, Esq., State Bar No. 259154
ANguyen@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
145 S Spring Street, Suite 400
Los Angeles, California 90012
Telephone Number:       (310) 860 0770
Facsimile Number:       (310) 860 0771

Attorneys for Plaintiff,
MARCELLUS MCMILLIAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLUS McMILLIAN,<br><br>          Plaintiff,<br><br>vs.<br><br>GOLDEN STATE FC LLC,<br>AMAZON FULFILLMENT<br>SERVICES, INC., AMAZON.COM<br>SERVICES, INC., and<br>AMAZON.COM, INC.,<br><br>          Defendants. | Case No.:  2:19-cv-02121-MWF-JCx<br><br>**The Honorable Michael W. Fitzgerald**<br><br>**PLAINTIFF MARCELLUS McMILLIAN'S AMENDED MOTION *IN LIMINE* NO. 1 TO EXCLUDE ANY REFERENCE TO ANY CLAIMS REGARDING PLAINTIFF'S AUTOMOBILE ACCIDENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MAHRU MADJIDI; EXHIBITS**<br><br>**(MIL NO. 1 OF 2)**<br><br>Trial:  June 28, 2022<br>Time:  8:30 a.m.<br>Ctrm.:  5A<br><br>FPC:  June 6, 2022<br>Time:  11:00 a.m.<br>Ctrm.:  5A<br><br>Action Filed:  January 11, 2019 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 6, 2022, at 11:00 a.m., or as soon thereafter as the matter can be heard, in Courtroom 5A of this Court, at 312 North Spring Street, Los Angeles, California 90012, plaintiff, Marcellus McMillian, will move *in limine* to exclude from trial any reference to any claims regarding Plaintiff's automobile accident, including but not limited to insurance claims or legal claims, and any evidence related thereto.

This motion is made on the grounds that this evidence is inadmissible, irrelevant, and unduly prejudicial.  *See* Federal Rules of Evidence, Rules 401-403.  This motion is based upon this notice, the accompanying Memorandum of Points and Authorities and Declaration of Mahru Madjidi, Esq., all pleadings and papers filed herein, and additional arguments and materials that the Court may consider at the hearing on this motion. This motion was made after the McMillian engaged in meet and confer efforts with Defendants' counsel and the parties were unable to reach a stipulation on this issue.

Dated:  March 8, 2022              SHEGERIAN & ASSOCIATES, INC.


By:  _____
     Mahru Madjidi, Esq.

     Attorneys for Plaintiff,
     MARCELLUS McMILLIAN

# TABLE OF CONTENTS

**Page**

1.  SUMMARY OF RELIEF SOUGHT ........................................................... 1

2.  ARGUMENT ........................................................................................... 3

    A.  A Motion *in Limine* is a Proper Device by Which to Preclude or Limit the Introduction of Evidence. ........................................................... 3

    B.  Any Legal or Insurance Claims McMillian Had Relating to His Car Accident in 2017 Holds No Relevance. ................................................. 3

    C.  Any Payments Received As a Result of the Car Accident Are Collateral Source Payments That Must be Excluded. ........................................... 4

    D.  Evidence of any Claims Relating to the Car Accident are Inadmissible Character Evidence Under FRE 404. ................................................... 4

    E.  Reference to Legal Claims or Insurance Claims or Any Evidence Related Thereto Must be Excluded Pursuant to FRE 403, As it Would Create a Danger of Unfair Prejudice. ............................................................... 6

3.  CONCLUSION ....................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

### Cases

*American State Bank v. Union Planters Bank, N.A.* 332 F.3d 553 (8th Cir. 2003) ...................................................................................................... 4

*Anheuser-Busch v. Starley* 28 Cal.2d 347 ...................................................... 1, 4

*Batiste-Davis v. Lincare, Inc.* 526 F.3d 377 (8th Cir. 2008) .............................. 2

*EEOC v. HBE Corp.* (8th Cir. 1998) 135 F.3d 543 ........................................... 5

*Gastineau v. Fleet Mortg. Corp.* 137 F.3d 490 (7th Cir. 1998) ......................... 6

*Helfand v. Southern Calif. Rapid Transit Dist.* 2 Cal.3d 1 (1970) ................. 1, 4

*Henderson v. Peterson* 2011 U.S. Dist. LEXIS 76799, at *16-17 (N.D. Cal. July 15, 2011) ......................................................................................... 1, 4

*Luce v. U.S.*, 469 U.S. 38 (1984) ....................................................................... 3

*Mathis v. Philips Chevrolet, Inc.* (7th Cir. 2001) 269 F.3d 771 ..................... 2, 6

*Morse v. Southern Pac. Transp. Co.,* 63 Cal.App.3d 128 (1976) ....................... 2

*Outley v. City of New York* 837 F.2d 587 (2d Cir. 1988) ................................ 2, 6

*Shad v. Dean Witter Reynolds, Inc.,* 799 F.2d 525 (9th Cir. 1986) ................. 1, 3

*Tapia v. Banker,* 160 Cal.App.3d 761 (1984) .................................................... 2

*U.S. v. Brooke*, 4 F.3d 1480 (9th Cir. 1993) ..................................................... 5

*U.S. v. Chan,* 184 F. Supp. 2d 337 (S.D. N.Y. 2002) ....................................... 3

*U.S. v. Hitt*, 981 F.2d 422 (9th Cir. 1992) ........................................................ 5

*U.S. v. Komisaruk*, 885 F.2d 490 (9th Cir. 1989) ............................................. 3

*U.S. v. Stormer*, 938 F.2d 759 (7th Cir. 1991) ................................................. 3

*Zubulake v. UBS Warburg, LLC* (S.D. N.Y. 2005) 382 F.Supp.2d 536 ............. 5

### Rules

Federal Rules of Evidence, Rule 401 .............................................................. 1, 3

Federal Rules of Evidence, Rule 403 .............................................................. 2, 5

Federal Rules of Evidence, Rule 404 .............................................................. 1, 4

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1. SUMMARY OF RELIEF SOUGHT

Plaintiff, Marcellus McMillian ("McMillian"), respectfully requests by way of this Motion *in Limine* ("MIL No. 1") that this Court preclude reference to any claims made regarding McMillian's 2017 automobile accident, including but not limited to any insurance claims or legal claims.

***First***, the reference McMillian's legal claims or insurance claims related to his car accident must be excluded because they are not relevant.  McMillian was injured in a car accident on August 3, 2017, resulting in a need for accommodations and medical leave. Any legal claims or insurance claims McMillian had pertaining to the car accident, have no bearing on the claims or issues in this case. Moreover, any monetary sums received as a result of such claims are from a "collateral source" and inadmissible. *Anheuser-Busch v. Starley* 28 Cal.2d 347, 349 (1946); *See Helfand v. Southern Calif. Rapid Transit Dist.* 2 Cal.3d 1, 10 (1970).

***Second,*** Defendants cannot argue that McMillian's claims pertaining to his car accident motivated him to file this instance lawsuit because Rule 404(b) prevents Defendants from using other lawsuits or grievances to show bias or motive for filing a different lawsuit. *Henderson v. Peterson* 2011 U.S. Dist. LEXIS 76799, at *16-17 (N.D. Cal. July 15, 2011) (granting the inmate plaintiff's motion in an excessive force case to "preclude Defendants from presenting evidence concerning other complaints and lawsuits initiated by him that are unrelated to the incident forming the basis of this action.") Furthermore, Defendants' argument that McMillian's other claims pertaining to his car accident were fraud have no merit or support, and "[a]s a general matter, unless the prior lawsuits have been shown to be fraudulent, the probative value of evidence pertaining to a plaintiff's litigation history is substantially outweighed by the danger of jury bias." *Id.* Thus, evidence of McMillians claims pertaining to car accident are inadmissible for this reason as well.

***Third***, this evidence must also be excluded pursuant to Federal Rules of Evidence

Rule 403 because has no probative value. For this evidence to be probative bias or motive, 'the particular details of each action, and the extent to which the bringing of each action was justified, must be before the jury,' and consequently, courts rarely admit such evidence because they would involve a series of minitrials, and thus excludable under Rule 403. *Outley v. City of New York* 837 F.2d 587, 592 (2d Cir. 1988); *Mathis v. Philips Chevrolet, Inc.* (7th Cir. 2001) 269 F.3d 771, 776-777. This evidence will undoubtedly result in a mini-trial on irrelevant issues that are not probative, and inadmissible under FRE Rule 403.

*Fourth*, this evidence is also inadmissible under Rule 403 because even if there was probative value (there is not) it would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, likelihood of misleading the jury, undue delay, and waste of time. *See, e.g., Tapia v. Banker,* 160 Cal.App.3d 761, 766 (1984); *Morse v. Southern Pac. Transp. Co.,* 63 Cal.App.3d 128, 133 (1976). Federal Rule of Evidence Rule 403 states "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." As there is no probative value to any insurance claims or legal claims surrounding McMillian's car accident, any such references to either will inevitably be outweighed by a danger of unfair prejudice to the Plaintiff, confuse the issues, mislead the jury, cause undue delay, and waste time. *Batiste-Davis v. Lincare, Inc.* 526 F.3d 377, 380-381 (8th Cir. 2008) (probative value of evidence of a plaintiff's prior six-year-old lawsuit against former employer substantially outweighed by its unfair prejudice.)

For the aforementioned reasons, as well as the reasons further discussed below, plaintiff respectfully requests that the Court grant Plaintiff's motion *in limine*.

///

///

///

2.  **ARGUMENT**

A.  **A Motion *in Limine* is a Proper Device by Which to Preclude or Limit the Introduction of Evidence.**

This Court has authority to grant a motion *in limine*, in advance of trial, which excludes inadmissible evidence, as well as any and all reference by the parties, attorneys, and witnesses to the inadmissible evidence.  *Luce v. U.S.*, 469 U.S. 38, 41 (1984); *U.S. v. Komisaruk*, 885 F.2d 490, 492-95 (9th Cir. 1989) (trial court properly granted a motion in limine to exclude evidence regarding the defendant's religious and political beliefs, when the beliefs would not provide a viable defense to the charged offenses).  A motion *in limine* is a motion used to preclude prejudicial or objectionable evidence before it is presented to the jury. *U.S. v. Chan,* 184 F. Supp. 2d 337, 340 (S.D. N.Y. 2002); *U.S. v. Stormer*, 938 F.2d 759, 763–64 (7th Cir. 1991).

B.  **Any Legal or Insurance Claims McMillian Had Relating to His Car Accident in 2017 Is Not Relevant to this Action in Any Way.**

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Shad v. Dean Witter Reynolds, Inc.,* 799 F.2d 525, 529 (9th Cir. 1986); F.R. Evid. Rule 401.

In this case, McMillian was in a car accident on August 3, 2017, and as a result, suffered from injuries that required accommodations, including a leave of absence. Whether McMillian had any legal claims or insurance claims pertaining to the car accident has no bearing on any of the facts, including any of the claims or defenses in this case.  McMillian is not seeking to exclude reference to there being an automobile accident, rather, he is seeking to exclude reference to any claims, including legal or insurance claims, and any payments related thereto.  This specific evidence has no bearing on McMillian's instant employment action because his legal claims and insurance claims are not at issue and wholly unrelated to the discrimination, retaliation, failure to engage and failure to accommodate claims at issue in this case.

### C.   Any Payments Received As a Result of the Car Accident Are Collateral Source Payments That Must be Excluded.

This evidence is also not relevant because any payments received as a result thereof, serve as an inadmissible collateral source payment. A "collateral source" payment originates from a source wholly independent of the tortfeasor. *American State Bank v. Union Planters Bank, N.A.* 332 F.3d 553, 558 (8th Cir. 2003). Any evidence that McMillian received compensation, any award, or funds from any collateral source, must be excluded from trial. Such exclusion stems from application of the collateral source rule:

> Where a person suffers personal injury or property damage by reason of a wrongful act of another, an action against the wrongdoer for the damages suffered is not precluded nor is the amount of the damages reduced by the receipt by him of the payment for his loss from a source wholly independent of the wrongdoer.

*Anheuser-Busch v. Starley* 28 Cal.3d 347, 349 (1946). In *Helfand v. Southern Calif. Rapid Transit Dist.* 2 Cal.3d 1, 13 (1970) the Court specifically recognizes payments from insurance as also being a collateral source. Here, any payments received from any lawsuit or insurance claim, would undoubtedly serve as an inadmissible "collateral source" payment that does not offset any damages or recovery in this completely unrelated employment matter. Any payment received from a collateral source because he was hit by another car does not offset his damages in this case, nor does it relate to his damages in this case, which consist of lost wages and emotional distress relating to his wrongful termination. Thus, the evidence is not relevant for the purpose of damages either, and must be excluded.

### D.   Evidence of any Claims Relating to the Car Accident are Inadmissible Character Evidence Under FRE 404.

Defendants' attempt to argue that because McMillian filed claims in his car accident case and recovered money, he now has a motive to file claims against Defendants as well. Not only is there no evidence to support this conclusory argument, but under Federal Rules of Evidence, Rule 404(b), Defendants are precluded from arguing that lawsuits or

grievances that occurred under different circumstances and were brought against different individuals show bias or motive for filing the instant lawsuit. *Henderson v. Peterson* 2011 U.S. Dist. LEXIS 76799, at *16-17 (N.D. Cal. July 15, 2011) (granting the inmate plaintiff's motion in an excessive force case to "preclude Defendants from presenting evidence concerning other complaints and lawsuits initiated by him that are unrelated to the incident forming the basis of this action.).

Defendants argue that McMillian was not motivated to work after receiving payments from the claims relating to his car accident and wanted to grow his own business instead. This is another conclusory argument that is unsupported by *any* of the evidence. McMillian has worked on his business before and after his employment with the Defendants, irrespective of any car accident.   Finally, Defendants also argue that McMillian was not actually suffering from a disability, and point to a picture of him attending an event while he was under work restrictions—this is not inconsistent with McMillian's work restrictions which limited him from engaging in heavy lifting or standing for long periods of time.  Moreover, Defendants are precluded from making any fraud allegations against McMillian's claims relating to his car accident: "[a]s a general matter, unless the prior lawsuits have been shown to be fraudulent, the probative value of evidence pertaining to a plaintiff's litigation history is substantially outweighed by the danger of jury bias." *Henderson v. Peterson* 2011 U.S. Dist. LEXIS 76799, at *16-17 (N.D. Cal. July 15, 2011). Defendants have no such evidence, and can make no such argument.   Indeed, "**A Plaintiff's character is not an essential element of any claim or defense in an employment discrimination case**." *Zubulake v. UBS Warburg* 382 F.Supp.2d 536, (S.D. N.Y. 2005) fn.1, bolding added; *see also EEOC v. HBE Corp.* 135 F.3d 543, 553 (8th Cir. 1998).  Defendants however seek to do just this, and attempt to use any legal or insurance claims, or payments received as a result thereof, to claim that because he filed one lawsuit, he must be filing this lawsuit to search for a quick pay-day in attempt to fund other business prospects to make income from instead of with Defendants.  This is precisely the type of inadmissible character evidence that must be excluded or else will result in certain

prejudice.

**E. Reference to Legal Claims or Insurance Claims or Any Evidence Related Thereto Must be Excluded Pursuant to FRE 403, As it Would Create a Danger of Unfair Prejudice.**

Federal Rules of Evidence Rule 403 provides as follows: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Federal Rule of Evidence 403. "The trial court must exclude evidence, even if relevant, if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice." *United States v. Brooke*, 4 F.3d 1480 (9th Cir. 1993); Federal Rule of Evidence 403. Moreover, "[w]here the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422,424 (9th Cir. 1992).

First, this evidence is not probative to bias, motive, or modus operandi, because 'the particular details of each action, and the extent to which the bringing of each action was justified, must be before the jury,' and consequently, courts rarely admit such evidence because they would involve a series of minitrials, and thus excludable under Rule 403. *Outley v. City of New York* 837 F.2d 587, 592 (2d Cir. 1988); *Mathis v. Philips Chevrolet, Inc.* (7th Cir. 2001) 269 F.3d 771, 776-777. Even if McMillian's claims related to his car accident were questionable (they are not), it still would not be probative evidence because the claims in a car accident matter are completely different than the claims at issue in this wrongful termination employment matter. *Gastineau v. Fleet Mortg. Corp.* 137 F.3d 490, 495 (7th Cir. 1998) (claims must be similar in nature to the current claim to be potentially relevant to show "fraudulent pattern" or "scheme").

In addition to the above, such evidence will create a danger of unfair prejudice to the McMillian, confuse the issues, mislead the jury, cause undue delay, and waste time. Indeed, introducing evidence of any legal claims or insurance claims relating to

McMillian's accident will greatly confuse the jury and result in them believing that the car accident and claims related thereto are part of McMillian's wrongful termination action, when they have no bearing at all on the clams and issues in this case. Under every scenario, the prejudice far outweighs any alleged probative value, would result in confusion, undue delay, and waste of time.

## 3. CONCLUSION

Plaintiff, Marcellus McMillian, respectfully requests that this Court grant Plaintiff's motion *in limine.*

Dated:  March 8, 2022                    SHEGERIAN & ASSOCIATES, INC.


By: _____
Mahru Madjidi, Esq.

Attorneys for Plaintiff,
MARCELLUS McMILLIAN

# DECLARATION

# DECLARATION OF MAHRU MADJIDI

I, Mahru Madjidi, declare as follows:

1.   I am an attorney at law, authorized to practice law before all of the courts of the State of California.  I am a managing attorney for Shegerian & Associates, the attorney of record for Marcellus McMillian, in this case.  I am familiar with the files, pleadings, and facts in this case and could and would competently testify to the following facts on the basis of my own personal knowledge.

2.   Plaintiff seeks to exclude all reference to and evidence of plaintiff's claims resulting from his 2017 automobile accident.  Such evidence is inadmissible for purposes of mitigation or for any other purpose.

3.   My office met and conferred regarding the issues of this motion *in limine* on November 9, 2021, and by letter correspondence with counsel for defendants.  Attached hereto as **Exhibit 1** is a true and correct copy of our December 9, 2021 letter to defense counsel.

4.   If the motion *in limine* is not granted, plaintiff will suffer substantial prejudice and will risk trying his case with issues that are substantially confusing, as well as a jury that is substantially misled.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed on this 8th day of March, 2022, at Los Angeles, California.

_____
Mahru Madjidi

EXHIBIT 1

# Shegerian & Associates

Phone: (310) 860-0770  |  Fax: (310) 860-0771  |  shegerianlaw.com

December 9, 2021

**SENT VIA EMAIL**

Barbara A. Fitzgerald, Esq.
Alexander L. Grodan, Esq.
Ethel J. Johnson, Esq.
Kevin J. Bohm, Jr., Esq.
**MORGAN, LEWIS & BOCKIUS LLP**
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, California 90071
barbara.fitzgerald@morganlewis.com
alexander.grodan@morganlewis.com
ethel.johnson@morganlewis.com
kevin.bohm@morganlewis.com

Re:  *McMillian v. Amazon, et. al.*

Dear Counsel:

Please find this correspondence as part of Plaintiff Marcellus McMillian's ("Plaintiff") effort to meet and confer with respect to motions *in limine* that Plaintiff intends to file in the above-named matter.

Absent your agreement and stipulation that the evidence in the subjects specified below will not be offered at trial, Plaintiff will file motions *in limine* that will request the Court to exclude evidence of, reference to, and testimony about the following:

1. Any reference to any claims regarding plaintiff's car accident.

This motion will be based, in part, on relevance and Federal Rules of Evidence, Rules 401-404 grounds. Please be aware that this may not be an exhaustive list of issues Plaintiff anticipates raising by motion *in limine*, and accordingly Plaintiff reserves all rights to modify or add this to this list.

///

145 S Spring Street, Suite 400
Los Angeles, California 90012

11520 San Vicente Boulevard
Los Angeles, California 90049

6205 Lusk Boulevard, Suite 200
San Diego, California 92121

650 California Street, Suite 4-137
San Francisco, California 94108

90 Broad Street, Suite 804
New York, New York 10004

3764 Elizabeth Street
Riverside, California 92506

Please inform my office at your earliest convenience, whether you are willing to stipulate to exclude the aforementioned evidence at trial.

Thank you for your attention and cooperation in this matter.


Very truly yours,

**Shegerian & Associates**

Griselda Rodriguez, Esq.

**McMILLIAN v. GOLDEN STATE FC, et al.   USDC Case No. 2:19-cv-02121-MWF-JCx**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 145 South Spring Street, Suite 400, Los Angeles, California 90012.

On March 8, 2022, I served the foregoing document, described as **"PLAINTIFF MARCELLUS McMILLIAN'S AMENDED MOTION *IN LIMINE* NO. 1 TO EXCLUDE ANY REFERENCE TO ANY CLAIMS REGARDING PLAINTIFF'S AUTOMOBILE ACCIDENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MAHRU MADJIDI; EXHIBITS"** on all interested parties in this action by placing true copies thereof in sealed envelopes, addressed as follows:

| | |
|---|---|
| **Barbara A. Fitzgerald, Esq.**<br>**Barbara.Fitzgerald@morganlewis.com**<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>**300 South Grand Avenue, 22nd Floor**<br>**Los Angeles, California 90071** | **Ethel J. Johnson, Esq.**<br>**ethel.johnson@morganlewis.com**<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>**One Market, Spear Street Tower**<br>**San Francisco, California 94105** |

**Alexander L. Grodan, Esq.**
**Alexander.Grodan@morganlewis.com**
**MORGAN, LEWIS & BOCKIUS LLP**
**600 Anton Boulevard, Suite 1800**
**Costa Mesa, California 92626**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare, under penalty of perjury under the laws of the United States of America, that the above is true and correct.

Executed on March 8, 2022, at Los Angeles, California.

_____
Jose Castro