Griselda S. Rodriguez, Esq., State Bar No. 303049
Grodlaw.apc@gmail.com
G-ROD LAW, A.P.C.
2660 Townsgate Road, Suite 400
Westlake Village, California 91361
Telephone Number: (805) 275-4000
Facsimile Number:   (805) 507-5770

Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, Esq., State Bar No. 259154
ANguyen@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
145 S Spring Street, Suite 400
Los Angeles, California 90012
Telephone Number:       (310) 860 0770
Facsimile Number:       (310) 860 0771

Attorneys for Plaintiff,
MARCELLUS MCMILLIAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLUS MCMILLIAN,<br><br>      Plaintiff,<br><br>vs.<br><br>GOLDEN STATE FC LLC, AMAZON FULFILLMENT SERVICES, INC., AMAZON.COM SERVICES, INC., AMAZON.COM, INC., and DOES 1 to 100, inclusive,<br><br>      Defendants. | Case No.: 2:19-cv-02121-MWF-JCx<br><br>**The Honorable Michael W. Fitzgerald**<br><br>**(OPP TO DEFS.' MIL NO. 4)**<br><br>**PLAINTIFF MARCELLUS MCMILLIAN'S AMENDED OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE ARGUMENTS RE: WITNESS TRAINING ON CALIFORNIA LAW**<br><br>Trial: June 28, 2022<br>Time: 8:30 a.m.<br>Ctrm.: 5A<br><br>FPC: June 6, 2022<br>Time: 11:00 a.m.<br>Ctrm.: 5A<br><br>Action Filed: January 11, 2019 |

# TABLE OF CONTENTS

**Page**

1. SUMMARY OF PLAINTIFF'S ARGUMENT ........................................................ 1

2. ARGUMENT .................................................................................................... 3

    A. Evidence That Defendants' Witnesses Were Not Trained on California Laws is Relevant to McMillian's Claim for Punitive Damages. ........................ 3

        (1) Evidence of the Lack of Training is Relevant to Show Defendants' Willful and Conscious Disregard for the Rights or Safety of Others. ........... 3

        (2) Proof of a Company-Wide Unlawful Policy or Practice is Also Relevant to Punitive Damages. ....................................................................... 4

    B. Defendants Are Presumed to Know the Law and Cannot Evade Liability by Claiming Ignorance of the Laws. .................................................................. 4

    C. Two of Defendants' Witnesses Were Designated as PMK's Specifically As to Topics On *California Laws* Relating to the FEHA and Accommodations, Thus Their Training and Background on California Law is Relevant For This Reason as Well. ............................................................. 5

    D. This Evidence is Relevant to McMillian's Negligent Hiring, Firing, and Retention Cause of Action ................................................................................ 6

    E. This Evidence is Not Inadmissible Under FRE Rule 403 and is Highly Probative. ........................................................................................................... 7

3. DEFENDANTS' FAILURE TO MEET & CONFER ............................................ 8

4. CONCLUSION ................................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

## Cases

*Gober v. Ralphs Grocery Co.* (2006) 137 Cal.App.4th 204 ................................................ 4

*People v. Coddington* (2000) 23 Cal.4th 529 ....................................................... 7

*People v. O'Brien* 96 Cal. 171 (1892) .............................................................. 1, 4

*Pittsburgh & Lake Angeline Iron Co. v. Cleveland Iron Mining Co.* 178 U.S. 270 (1900) ........................................................................................ 1, 4

*Roby v. McKesson Corporation* (2009) 47 Cal.4th 686 ...................................... 4

*State Farm Mutual Auto Ins. Co. v. Campbell* (2003) 538 U.S. 408 ............................. 1, 4

*Weeks v. Baker & McKenzie* (1998) 63 Cal.App.4th 1128 ........................................ 1, 3

## Statutes

Civil Code § 3294 ............................................................................... 1, 3

## Other Authorities

CACI 426 ............................................................................................ 2, 7

## Rules

Federal Rules of Evidence, Rule 30 .......................................................... 5, 6

Federal Rules of Evidence, Rule 401 ............................................................. 3

Federal Rules of Evidence, Rule 403 .......................................................... 2, 7

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. SUMMARY OF PLAINTIFF'S ARGUMENT

Defendants' motion to exclude evidence of whether certain witnesses[1] received any training on California law, must be denied.

***First***, evidence that Defendants' failed to train employees on California law demonstrates a conscious disregard for the rights and safety of others and is relevant to Plaintiff, Marcellus McMillian's ("McMillian") claim for punitive damages. Civil Code section 3294 ("malice" as "conduct…by the defendant with a willful and conscious disregard of the rights and safety of others.")  Furthermore, whether such conduct (not training employees on California laws), was repeated or an isolated incident is relevant to show reprehensibility of the Defendants' conduct, which is the *most important indicium* of the reasonableness of a punitive damages award.  *State Farm Mutual Auto Ins. Co. v. Campbell* 538 U.S. 408, 409 (2003).   Additionally, Defendants allege that their conduct towards McMillian was not intentional or willful, and this evidence is relevant to show otherwise, as evidence of past actions may be admitted to show motive, intent, plan, knowledge or absence of mistake or accident. *Weeks v. Baker & McKenzie* 63 Cal.App.4th 1128, 1162 (1998).

***Second***, "Every person is presumed to know the law." *Pittsburgh & Lake Angeline Iron Co. v. Cleveland Iron Mining Co.*  178 U.S. 270, 278 (1900).  The law presumes that everyone is aware of the obligations the law imposes of them, and one cannot escape the effect of the law by claiming ignorance. *People v. O'Brien*  96 Cal. 171, 176 (1892). As is the case here too, Defendants are presumed to know the law and the obligations the law imposes on them.  This is particularly true of Human Resources witnesses and other members of management who oversee employees in California like McMillian.

---

[1] Defendants' Notice of Motion indicates that Defendants seek to exclude evidence regarding "HR employees or employees of the Reed Group" not being trained on California law.  Defendants' motion in *limine* on the other hand indicates that it seeks to exclude such evidence pertaining to "witnesses designated under Rule 30(b)(6)."  It remains unclear what witnesses Defendants' motion in *limine* ultimately pertains to, it should be denied on these grounds alone.

Defendants' witnesses are subject to cross examination on their legal obligations and cannot evade liability by claiming ignorance of the laws.

**Third,** Defendants fail to mention that Neshira Wagner ("Wagner") whose deposition testimony they cite to in their motion, was designated as the person most knowledgeable regarding Defendants' compliance with its obligations under the California's Fair Employment and Housing Act (i.e., California laws), as it pertains to accommodating employees and engaging in the interactive process with employees. Thus, questions as to whether this witness has training in California law are wholly relevant as this witness was designated on topics specifically pertaining to California law. Tamisha Dennis, another witness, was designated as the PMK regarding accommodations under California laws. Moreover, the knowledge and training on California law as it pertains to other witnesses who oversaw California employees (like McMillian)—whether it be in Human Resources or otherwise, is also relevant given these witnesses were expected to follow California laws in their positions.

**Fourth**, any lack of training or knowledge by Human Resources employees and other members of management who oversaw McMillian and other California employees is relevant to McMillian's claim for negligent hiring, supervision, and retention. For this claim, McMillian must show that Defendants knowing hired, retained, or supervised employees who they knew were incompetent and created risk of harm to employees like McMillian as a result thereof. CACI 426. These employees' lack of training and knowledge of California law, despite being required to follow and abide by California laws, is relevant to show their incompetence, and how repeated and widespread the issue is demonstrates Defendants' neglect and conscious disregard for their incompetence and the risk of harm resulting therefrom. Thus, the evidence is admissible for this reason as well.

**Fifth,** this evidence is highly probative and not inadmissible under FRE Rule 403. This evidence is relevant to McMillian's claims Defendants will not suffer any prejudice from the introduction of this evidence, nor will it result in an undue consumption of time

or confuses jurors. As referenced above and detailed further below, this motion *in limine* must be denied.

## 2. ARGUMENT

### A. Evidence That Defendants' Witnesses Were Not Trained on California Laws is Relevant to McMillian's Claim for Punitive Damages.

Federal Rules of Evidence Rule 401 provides that evidence is relevant "if it has any tendency to make a fact more or less probably than it would be without the evidence; and that the fact is of consequence in determining the action." As detailed below, Defendants' failure to train Human Resources personnel and other employees such as supervisors and managers who oversee employees in California like McMillian, is relevant to McMillian's claim for punitive damages, and thus, admissible.

### (1) Evidence of the Lack of Training is Relevant to Show Defendants' Willful and Conscious Disregard for the Rights or Safety of Others.

Civil Code section 3294 defines "malice" for purposes of punitive damages liability as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights and safety of others. *Weeks v. Baker & McKenzie* 63 Cal.App.4th 1128, 1162 (1998). Defendants' failure to provide training on California law to their employees, including Human Resources professionals, is relevant to demonstrate a willful and conscious disregard for the rights and safety of its California employees. Defendants are also arguing in this case that the failure to accommodate and other unlawful conduct was not done intentionally and it was an accident. However, that argument has also been rejected as "Evidence of past actions may be admitted to provide some fact such as motive, intent, plan, knowledge or absence of mistake or accident." (*Id.*) Evidence of more than one individual not being trained on California laws is also relevant to demonstrate that this failure to provide adequate and necessary training was not a mistake or accident, rather, it was done intentionally as part of Defendants' conscious disregard for the rights and safety of its employees.

### (2)   Proof of a Company-Wide Unlawful Policy or Practice is Also Relevant to Punitive Damages.

Evidence that Defendants' Human Resources personnel and employees were not trained on California laws is relevant to McMillian's claim for punitive damages and reprehensibility (or lack thereof) of the Defendants' conduct. The California Supreme Court and the United States Supreme Court both hold that, to determine reprehensibility on a punitive damages claim, a trial court "must" consider whether "the conduct involved repeated actions or was an isolated incident*." State Farm* at 409; *Roby v. McKesson Corporation* 47 Cal.4th 686, 713 (2009).   Each court held, "Reprehensibility of the defendant's conduct **is the most important indicium** of the reasonableness of a punitive damages award." *State Farm Mutual Auto Ins. Co. v. Campbell 538 U.S. 408, 409 (2003)* (emphasis added); *Roby* at 713; *Gober v. Ralphs Grocery Co.* 137 Cal.App.4th 204, 219 (2006) (employment harassment and discrimination).   In the context of employment claims, the California Supreme Court explained on the question of "reprehensibility":

> The high court instructed courts to consider whether [1] the harm caused was physical as opposed to economic; [2] the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; [3] the target of the conduct had financial vulnerability; [4] **the conduct involved repeated actions or was an isolated incident;** and [5] the harm was the result of intentional malice, trickery, or deceit, or mere accident.

*Roby* at 713 (emphasis added); *see State Farm* at 409.   Thus, Defendants' repeated and ongoing failures to train Human Resources personnel and other employees on California laws is relevant to question of "reprehensibility" for McMillian's punitive damages claim as well.

### B.   Defendants Are Presumed to Know the Law and Cannot Evade Liability by Claiming Ignorance of the Laws.

"Every person is presumed to know the law." *Pittsburgh & Lake Angeline Iron Co. v. Cleveland Iron Mining Co.* 178 U.S. 270, 278 (1900).   Ignorance of the law is no excuse for a violation thereof.   *People v. O'Brien* 96 Cal. 171, 176 (1892).   Defendants, who run a significant portion of their operations in California and have numerous employees in

California, cannot hope to claim ignorance of the laws and evade liability.

Defendants' witnesses, particularly their Human Resources personnel who hold themselves out as being professionals surrounding human resources policies such as accommodations, discrimination, harassment, and retaliation, are presumed to know the law, and are subject to cross examination on their training on California laws, or lack thereof. If Defendants' witnesses do not know the law, then it calls into question if and how they would have followed the law, which is relevant to prove liability. Thus, Defendants' witnesses and their knowledge on the applicable California laws is directly at issue to demonstrate liability.

## C. Two of Defendants' Witnesses Were Designated as PMK's Specifically As to Topics On *California Laws* Relating to the FEHA and Accommodations, Thus Their Training and Background on California Law is Relevant For This Reason as Well.

In addition to the above, Defendants specifically designated at least two of their Rule 30(b)(6) witnesses as persons most knowledgeable ("PMK") on topics related to California laws. (Madjidi Decl., ¶ 3.) Among those witnesses is Neshira Wagner, who was designated as the person most knowledgeable on the subjects of Amazon's compliance with its obligations under the California Fair Employment and Housing Act as it pertains these designated topics:

(i) providing Amazon's employees with reasonable accommodations;

(ii) engaging in the interactive process with Amazon employees;

(iii) advising Amazon on what reasonable accommodation options are appropriate/available at its disposal;

(iv) advising Amazon on how to engage in the interactive process with their employees.

(Exh. 2, Topic 1(e).) Wagner, who is the only witness that Defendants identify by name and reference deposition testimony from in their motion, was designated on topics *specifically* pertaining to California law. Thus, evidence related to Wagner's training on

California law cannot be excluded, and is relevant foundational information.  Moreover, Wagner was employed by Defendants' third party agent The Reed Group, who was involved in granting and denying accommodation requests of Defendants' employees, and thus, her knowledge of California law and any training related thereto is relevant to demonstrate whether California laws were being followed with regard to McMillian's accommodation requests.

Additionally, Tamisha Dennis ("Dennis") was also designated as a Rule 30(b)(6) witness, and she too was designated as the PMK regarding requests for accommodations due to an employee's medical condition as defined under California law. (Exh. 3, topic 6; Exh. 4, Dennis Depo., 17:18-18:3.)  Dennis also has knowledge of the accommodation process as it applied to McMillian, and as such, her knowledge of and training in California law is relevant as well.  Even Amy Virden, the PMK/Rule 30(b)(6) witness regarding McMillian's termination, served as a Human Resources manager overseeing others in HR, and as someone who supervises other HR employees (including those who were involved in handling McMillian's accommodation requests), her training and knowledge on California laws is also relevant and probative evidence.  (Exh. 5, Virden Depo., 31:21-32:3.)  Indeed, any member of management, including but not limited to members of Human Resources, and their knowledge on California laws is relevant for all the same reasons.

### D.   This Evidence is Relevant to McMillian's Negligent Hiring, Firing, and Retention Cause of Action.

Evidence of Defendants' failure to train its employees and its employees' general lack of knowledge on California law is also relevant to McMillian's negligent hiring, firing, and retention cause of action.  This claim requires that McMillian show that an employee(s) was hired by Defendants; the employee(s) were incompetent to perform work for which she/he was hired or retained; that Defendants knew or should have known of the employee(s)' incompetence and that it created a risk of harm; and Defendants negligence in hiring, supervising, or retaining the employee(s) was a substantial factor in causing the

harm.   CACI 426.   Here, in order for McMillian to demonstrate that Defendants' employee(s), including members of Human Resources, were incompetent, and that their incompetence created a risk of harm, McMillian must be able to demonstrate that individuals who were expected to be familiar with California laws were not.  Furthermore, McMillian must also demonstrate that Defendants knew of this incompetence.  In doing so, McMillian must be able to introduce evidence that Defendants did not provide training on California laws, and despite repeated occurrences of unlawful violations of California laws due to this failure to provide training, Defendants negligently continued to hire, retain, and supervise these individuals, knowing it would case harm to McMillian and other employees.  Thus, this evidence is also directly relevant to McMillian's cause of action for negligent hiring, retention and supervision as well.

### E.   This Evidence is Not Inadmissible Under FRE Rule 403 and is Highly Probative.

Evidence may be excluded under FRE Rule 403 if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  The "prejudice" referred to applies to evidence which uniquely tends to evoke an emotional bias against defendant as an individual and which has *very little* effect on the issues."  *People v. Coddington* 23 Cal.4th 529, 588 (2000) (emphasis added).  "Prejudicial" does not mean "damaging" or inconvenient for defendants.  *Id.*

As detailed above, this evidence is highly probative, and directly relevant to McMillian's claim for punitive damages, and cause of action for negligent hiring, retention, and supervision, among other reasons.  Defendants will suffer little to no prejudice if this evidence is introduced, and Defendants' argument that the evidence is "damaging" and not favorable does not constitute prejudice. Because this evidence is directly relevant to McMillian's claims, introducing such evidence will also not confuse the jurors, mislead them, or result in an undue consumption of time. Thus, the evidence must be admitted and cannot be excluded under FRE Rule 403 either.

### 3.  DEFENDANTS' FAILURE TO MEET & CONFER

Defendants have indicated they did not meet and confer because Plaintiff's counsel was in trial, however, the parties have had multiple phone calls to meet and confer on trial pleadings while Plaintiff's counsel has been on trial, and the parties have regularly communicated through email as well. (Madjidi Decl., ¶ 2; Exh. 1.)

### 4.  CONCLUSION

For the reasons above, Defendants' motion *in limine* must be denied.

Dated:  March 8, 2022                    SHEGERIAN & ASSOCIATES, INC.

By:  _____
Mahru Madjidi, Esq.

Attorneys for Plaintiff,
MARCELLUS MCMILLIAN

# DECLARATION

# DECLARATION OF MAHRU MADJIDI

I, Mahru Madjidi, declare as follows:

1.   I am an attorney at law, duly authorized to practice law before all of the courts of the State of California.  I am a managing associate attorney for Shegerian & Associates, the attorney of record for plaintiff, Marcellus McMillian, in this case.  I am familiar with the files, pleadings, and facts in this case and could and would competently testify to the following facts on the basis of my own personal knowledge.

2.   Defendants have indicated they did not meet and confer because our office was in trial, however, the parties have had multiple phone calls to meet and confer on trial pleadings while we have been in trial, and the parties have regularly communicated through email as well. I can understand and appreciate that being engaged in trial does limit the availability of the parties to communicate, however, it does not serve as a basis for failing to meet and confer altogether and not emailing my office about what motions *in limine* they intend to file until hours before filing their motions.  Attached hereto as **Exhibit 1** is a true and correct copy of the email correspondence indicating that Defendants' intend to file four motions *in limine*, which took place on December 13, 2021, the same day the motions *in limine* were due.

3.   From my review, there are three witnesses designated as persons most knowledgeable ("PMK") on topics related to California laws. Attached hereto as **Exhibit 2** is a true and correct copy of Neshira Wagner's deposition notice reflecting the topics she was designated as a PMK for.

4.   Attached hereto as **Exhibit 3** is a true and correct copy of a deposition notice for PMK Tamisha Dennis.

5.   Attached hereto as **Exhibit 4** is a true and correct copy of relevant excerpts from the deposition of Tamisha Dennis.

6.   Attached hereto as **Exhibit 5** is a true and correct copy of relevant excerpts from the deposition of Amy Virden.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed on this 8th day of March, 2022, at Los Angeles, California.

_____
Mahru Madjidi, Esq.

DECLARATION OF MAHRU MADJIDI IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4

# EXHIBIT 1

| From: | Grodan, Alexander L. |
|---|---|
| To: | Mahru Madjidi; Fitzgerald, Barbara A. |
| Cc: | Johnson, Ethel J.; Griselda Rodriguez; Bohm, Jr., Kevin J |
| Subject: | RE: McMillian v. Amazon |
| Date: | Monday, December 13, 2021 12:34:27 PM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | image007.png |
| | image008.png |
| | image027.png |

We are working on it.

In the meantime, below is the list of our anticipated motions in limine:

> 1) Exclude reference to Defendants' financial information.
> 2) Exclude reference to other employees whose employment ended while on approved leave.
> 3) Exclude reference to training of leave administrators/employees on California law.
> 4) Exclude argument equating violation of company policy with a violation of law.

Please let us know if Plaintiff is willing to stipulate to exclude any of the above.

Thank you,

Alex

**Alexander L. Grodan**
**Morgan, Lewis & Bockius LLP**
600 Anton Blvd., Suite 1800 | Costa Mesa, CA 92626
Direct: +1.949.399.7191 | Main: +1.949.399.7000 | Fax: +1.949.399.7001
Mobile: +1.310.415.9026 | alexander.grodan@morganlewis.com | www.morganlewis.com
Assistant: Patricia Martin | +1.949.399.7112 | patricia.martin@morganlewis.com



**From:** Mahru Madjidi <mmadjidi@shegerianlaw.com>
**Sent:** Monday, December 13, 2021 12:26 PM
**To:** Grodan, Alexander L. <alexander.grodan@morganlewis.com>; Fitzgerald, Barbara A. <barbara.fitzgerald@morganlewis.com>
**Cc:** Johnson, Ethel J. <ethel.johnson@morganlewis.com>; Griselda Rodriguez <grodriguez@shegerianlaw.com>; Bohm, Jr., Kevin J <kevin.bohm@morganlewis.com>
**Subject:** RE: McMillian v. Amazon

[EXTERNAL EMAIL]
Alex,

# EXHIBIT 2

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Central District of California

| | |
|---|---|
| Marcellus McMillian | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| Golden State FC, LLC, et al. | ) |
| *Defendant* | ) |

Civil Action No.   2:19-cv-02121-MWF(JCx)

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        REED GROUP MANAGEMENT, LLC c/o Jacqueline M. De Leon, Esq.
Gordon Rees Scully Mansukhani, 100 SE Second Street, Suite 3900, Miami, Florida 33131

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See "Exhibit A" attached.

| Place: | Date and Time: |
|---|---|
| Orlando Office Center - Downtown Orlando | May 28, 2020 at 10:30 a.m. EST |
| 390 N. Orange Avenue, Suite 2300, Orlando, FL 32801 | |

The deposition will be recorded by this method:        Stenographic and Audiovisual for use in trial

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See "Exhibit A" attached.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        May 5, 2020

|  CLERK OF COURT | | OR | |
|---|---|---|---|
| | | | |
| *Signature of Clerk or Deputy Clerk* | | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Marcellus McMillian
                                                                                , who issues or requests this subpoena, are:

Griselda S. Rodriguez, RODRIGUEZ & TRAN, LLP, 631 S. Olive Street, Suite 820, Los Angeles, California 90014; griselda@rodrigueztran.com; (213) 325-3024

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:19-cv-02121-MWF(JCx)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

Griselda S. Rodriguez, Esq., State Bar No. 303049
Griselda@rodrigueztran.com
Derek T. Tran, Esq., State Bar No. 295917
Derek@rodrigueztran.com
Jorge A. Guardado, Esq. State Bar No. 299505
Jorge@rodrigueztran.com
RODRIGUEZ & TRAN, LLP
631 South Olive Street, Suite 820
Los Angeles, California 90014
Telephone Number: (213) 325-3024
Facsimile Number:   (213) 325-3027

Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, Esq., State Bar No. 259154
ANguyen@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
225 Santa Monica Boulevard, Suite 700
Santa Monica, California 90401
Telephone Number: (310) 860-0770
Facsimile Number:   (310) 860-0771

Attorneys for Plaintiff,
MARCELLUS MCMILLIAN

## THE UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARCELLUS MCMILLIAN,<br><br>        Plaintiff,<br><br>vs.<br><br>GOLDEN STATE FC LLC,<br>AMAZON FULFILLMENT<br>SERVICES, INC., AMAZON.COM<br>SERVICES, INC., AMAZON.COM,<br>INC., DEVON FRANKLIN, and<br>DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No.: 2:19-cv-02121-MWF-JCx<br><br>**The Honorable Michael W. Fitzgerald**<br><br>**PLAINTIFF MARCELLUS MCMILLIAN'S FIRST AMENDED NOTICE OF TAKING DEPOSITION OF THE REED GROUP MANAGEMENT, LLC'S PERSON MOST QUALIFIED REGARDING CALIFORNIA LEAVE OF ABSENCE PRACTICES AND POLICES OF AMAZON.COM SERVICES, INC.; REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION**<br><br>Date:      May 28, 2020<br>Time:      10:30 a.m. EST<br>Location: Orlando Office Center<br>        390 N. Orange Avenue. Suite 2300<br>        Orlando, Florida 32801<br><br>Courtroom: 5A<br>Complaint Filed: January 11, 2019 |

TO ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that plaintiff, Marcellus McMillian, will take the deposition of the Reed Group Management., LLC's ("Reed Group") person most qualified regarding California leave of absence practices and policies of Amazon.com Services, Inc. pursuant to Federal Rules of Civil Procedure, Rule 30(b)(6), upon oral examination before a certified shorthand reporter and videographer, per this notice, on May 28, 2020 at 10:30 a.m. EST at the Orlando Office Center, located at 390 N. Orange Avenue, 2300, Orlando, Florida 32801.  If the deposition is not completed on that date, the taking thereof will be continued from day to day thereafter at the same place, Sundays and holidays excepted, until completed.  Plaintiff reserves the right to take said deposition by teleconference and/or telephone.

PLEASE TAKE NOTICE that defendant's "person most qualified" is defined as follows:  "The person currently employed by the Reed Group with the most knowledge regarding California leave of absence practices and policies used by defendant Amazon.com Services, Inc. ("Amazon")."

PLEASE TAKE NOTICE that at the deposition plaintiff, Marcellus McMillian, will ask questions on the following topics and related general topics:

### AMAZON'S POLICIES AND PROCEDURES

1.  The Reed Group's knowledge of Amazon's rules, procedures, policies, and practices that pertain to, concern, or relate to each of the following, from 2017 through the present (the "Relevant Period"):

a.  The taking and granting of any kind of leave or vacation;

b.  Evaluation of an Amazon employee's medical, physical, or mental impairment or disability;

c.  Accommodation of any Amazon employee with impairments or disabilities, as well as conducting interactive meetings;

-2-

     d.  Amazon's compliance with its obligations under the California Family Rights Act and the Family Medical Leave Act;

     e.  Amazon's compliance with its obligations under California's Fair Employment and Housing Act's prohibitions on (i) providing Amazon's employees with reasonable accommodation, (ii) engaging in the interactive process with Amazon's employees, (iii) advising Amazon on what reasonable accommodations options are appropriate/available at its disposal, and/or (iv) advising Amazon on how to engage in the interactive process with their employees;

    2.  The Reed Group's involvement in developing, advising, and/or modifying Amazon's rules, procedures, policies, and practices that pertain to, concern, or relate to each of the following:

     a.  The taking and granting of any kind of leave or vacation;

     b.  Evaluation of an Amazon employee's medical, physical, or mental impairment or disability;

     c.  Accommodation of any Amazon employee with impairments or disabilities, as well as conducting interactive meetings;

     d.  Amazon's compliance with its obligations under the California Family Rights Act and the Family Medical Leave Act;

     e.  Amazon's compliance with its obligations under California's Fair Employment and Housing Act's prohibitions on (i) providing Amazon's employees with reasonable accommodation, (ii) engaging in the interactive process with Amazon's employees, (iii) advising Amazon on what reasonable accommodations options are appropriate/available at its disposal, and/or (iv) advising Amazon on how to engage in the interactive process with their employees; and

    3.  The Reed Group's involvement in plaintiff Marcellus McMillian's leave of

absence during the Relevant Period.

PLEASE ALSO TAKE NOTICE that plaintiff demands, pursuant to Federal Rules of Civil Procedure, Rules 30(b)(2), 34 and 45, that the deponent produce the following *original* documents at the deposition:

## REQUEST FOR PRODUCTION OF DOCUMENTS AND ITEMS
## REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS that support, refer to, relate to, or are associated with specific matter number 1.a, as defined above.  (For purposes of these requests, "DOCUMENTS" shall mean all writings, regardless of origin or location, of any kind, including books, records, letters, text messages, telegrams, memoranda, electronic mail, voice mail messages, reports, memoranda, studies, speeches, calendar or diary entries, minutes, pamphlets, handwritten notes, charts, tabulations, data compilations, photographs, audio tapes and video tapes of conferences, and telephone or other conversations or communications in defendant's actual or constructive possession, custody, or control.  It also includes reproductions and film impressions of any of the aforementioned writings, tape recordings, documents stored on computer hard disks, on floppy disks, on tape back-up, or in any computer or electronic information storage device, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof and including all tangible printouts of information stored in any computer, word processor, server, internet, or electronic information storage device, including printouts of e-mails, copies of DOCUMENTS that are not identical duplicates of the originals, and copies of all DOCUMENTS whose originals are not in defendant's possession, custody, or control.)

## REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS that support, refer to, relate to, or are associated with specific matter number 1.b, as defined above.

-4-

PLAINTIFF'S FIRST AMENDED NOTICE OF DEPOSITION OF THE REED GROUP'S PERSON MOST QUALIFIED REGARDING CALIFORNIA LEAVE OF ABSENCE PRACTICE AND POLICIES OF AMAZON.COM SERVICES, INC.; REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that support, refer to, relate to, or are associated with specific matter number 1.c, as defined above.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS that support, refer to, relate to, or are associated with specific matter number 1.d, as defined above.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that support, refer to, relate to, or are associated with specific matter number 1.e, as defined above.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that support, refer to, relate to, or are associated with specific matter number 2.a, as defined above.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that support, refer to, relate to, or are associated with specific matter number 2.b, as defined above.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that support, refer to, relate to, or are associated with specific matter number 2.c, as defined above.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that support, refer to, relate to, or are associated with specific matter number 2.d, as defined above.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS that support, refer to, relate to, or are associated with specific matter number 2.e, as defined above.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that support, refer to, relate to, or are associated with specific matter number 3, as defined above.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that support, refer to, relate to, or are associated with each and every act, step, effort, or response that the Reed Group took to provide plaintiff Marcellus McMillian with reasonable accommodation, including each and every accommodation furnished, offered, or considered prior to May 3, 2018.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that support, refer to, relate to, or are associated with each and every act, step, effort, or response that the Reed Group took to advise Amazon, or any of its agents, related to providing plaintiff Marcellus McMillian with reasonable accommodation, including each and every accommodation available that was furnished, offered, or considered prior to May 3, 2018.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that support, refer to, relate to, or are associated with each and every act, step, effort, or response that the Reed Group took to engage in a good faith interactive meeting with plaintiff Marcellus McMillian to ensure that all reasonable accommodations were provided to plaintiff Marcellus McMillian prior to May 3, 2018.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS that support, refer to, relate to, or are associated with each and every act, step, effort, or response that the Reed Group took to engage in a good faith interactive meeting with Amazon, or any of its agents, to ensure that all reasonable accommodations were provided to plaintiff Marcellus McMillian prior to May 3, 2018.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that support, refer to, relate to, or are associated with the nature and type of each accommodation that the Reed Group has made available to Amazon related to plaintiff Marcellus McMillian.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that support, refer to, relate to, or are associated with the nature

and type of each interactive process that the Reed Group has made available to Amazon related to plaintiff Marcellus McMillian.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that support, refer to, relate to, or are associated with the efforts that the Reed Group took to inform Amazon, or any of its agents, related to ensuring plaintiff Marcellus McMillian's rights and entitlements to medical leave were made available to plaintiff Marcellus McMillian prior to May 3, 2018.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that support, refer to, relate to, or are associated with the types and lengths of leaves and the processes the Reed Group provided to Amazon to be used to accommodate plaintiff Marcellus McMillian's medical, physical disabilities and/or serious medical condition, as defined by California or federal law during the Relevant Period.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that are or were ever a part of the Reed Group's medical file(s) on plaintiff, Marcellus McMillian.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that are or were ever a part of the Reed Group's Amazon My Leave Team file(s) on plaintiff, Marcellus McMillian.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS reflecting all notes, calendars, memoranda, and other formal and informal DOCUMENTS prepared by any of the Reed Group's past or present employees that reflect any aspect of plaintiff Marcellus McMillian's request(s) for personal leave(s) of absence.

**REQUEST FOR PRODUCTION NO. 23:**

All COMMUNICATIONS between any of the Reed Group's employees and/or agents and plaintiff Marcellus McMillian. (For purposes of these requests, the term

-7-

PLAINTIFF'S FIRST AMENDED NOTICE OF DEPOSITION OF THE REED GROUP'S PERSON MOST QUALIFIED REGARDING CALIFORNIA LEAVE OF ABSENCE PRACTICE AND POLICIES OF AMAZON.COM SERVICES, INC.; REQUEST FOR PRODUCTION OF DOCUMENTS

"COMMUNICATIONS" shall refer to any form of written communication, including but not limited to letters, memoranda, e-mails, text messages, communications through social media sites (e.g., Facebook), and notes of oral conversations and telephone calls.)

**REQUEST FOR PRODUCTION NO. 24:**

All COMMUNICATIONS between any of the Reed Group's employees and/or agents and any of Amazon's employees and/or its agents related to Marcellus McMillian.

**REQUEST FOR PRODUCTION NO. 25:**

All COMMUNICATIONS between any of the Reed Group's employees and/or agents and Caitlyn Favati related to Marcellus McMillian.

**REQUEST FOR PRODUCTION NO. 26:**

All COMMUNICATIONS between any of the Reed Group's employees and/or agents and Mary Patterson related to Marcellus McMillian.

**REQUEST FOR PRODUCTION NO. 27:**

All COMMUNICATIONS between any of the Reed Group's employees and/or agents and Priscilla Bustamante related to Marcellus McMillian.

**REQUEST FOR PRODUCTION NO. 28:**

All COMMUNICATIONS between any of the Reed Group's employees and/or agents and Claudette Smith related to Marcellus McMillian.

**REQUEST FOR PRODUCTION NO. 29:**

All COMMUNICATIONS between any of the Reed Group's employees and/or agents and Amazon's My Leave Team related to Marcellus McMillian.

**REQUEST FOR PRODUCTION NO. 30:**

All COMMUNICATIONS between any of the Reed Group's employees and/or agents related to Marcellus McMillian.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS that the Reed Group's employees and/or agents created, received, retrieved, or reviewed related to Marcellus McMillian's request for

-8-

PLAINTIFF'S FIRST AMENDED NOTICE OF DEPOSITION OF THE REED GROUP'S PERSON MOST QUALIFIED REGARDING CALIFORNIA LEAVE OF ABSENCE PRACTICE AND POLICIES OF AMAZON.COM SERVICES, INC.; REQUEST FOR PRODUCTION OF DOCUMENTS

1    accommodation.

2    **REQUEST FOR PRODUCTION NO.  32:**

3        All  DOCUMENTS  that  the  Reed  Group's  employees  and/or  agents  created,

4    received,  retrieved,  or  reviewed  related  to  Marcellus  McMillian's  personal  leave  of

5    absence.

6

7    Dated:  May 5, 2020      RODRIGUEZ & TRAN, LLP

8

9                        By: _____

10                            Griselda S. Rodriguez, Esq.

11                            Attorneys for Plaintiff,
                               MARCELLUS MCMILLIAN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MCMILLIAN v. GOLDEN STATE FC LLC, et al.      USDC Case No.: 2:19-cv-02121-MWF-JCx

## PROOF OF SERVICE

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

I am an employee in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 631 S. Olive Street, Suite 820, Los Angeles, California 90014.

On May 5, 2020, I served the foregoing document, described as **"PLAINTIFF MARCELLUS MCMILLIAN'S FIRST AMENDED NOTICE OF TAKING DEPOSITION OF THE REED GROUP MANAGEMENT, LLC'S PERSON MOST QUALIFIED REGARDING CALIFORNIA LEAVE OF ABSENCE PRACTICES AND POLICES OF AMAZON.COM SERVICES, INC.; REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

**Jacqueline M. De Leon, Esq.**
**jmdeleon@grsm.com**
**Geoff Lee, Esq.**
**glee@grsm.com**
**GORDON REES SCULLY MANSUKHANI**
**100 SE Second Street, Suite 3900**
**Miami, FL 33131**

**Counsel for Reed Group Management, LLC**

**Javier F. Garcia, Esq.**
**jgarcia@perkinscoie.com**
**Andrew E. Moriarty, Esq.**
**amoriarty@perkinscoie.com**
**PERKINS COIE LLP**
**1888 Century Park E., Suite 1700**
**Los Angeles, CA 90067**

**Counsel for Defendants**

☒ **(BY ELECTRONIC MAIL)**: I sent such document via email to the address(es) noted above per agreement by all counsel of service by email.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 5, 2020, at Los Angeles, California.

_____
Sandy Luu

# EXHIBIT 3

1   Griselda S. Rodriguez, Esq., State Bar No. 303049
    Griselda@rodrigueztran.com
2   Derek T. Tran, Esq., State Bar No. 295917
    Derek@rodrigueztran.com
3   Jorge A. Guardado, Esq. State Bar No. 299505
    Jorge@rodrigueztran.com
4   RODRIGUEZ & TRAN, LLP
    631 South Olive Street, Suite 820
5   Los Angeles, California 90014
    Telephone Number: (213) 325-3024
6   Facsimile Number:   (213) 325-3027

7   Carney R. Shegerian, Esq., State Bar No. 150461
    CShegerian@Shegerianlaw.com
8   Anthony Nguyen, Esq., State Bar No. 259154
    ANguyen@Shegerianlaw.com
9   SHEGERIAN & ASSOCIATES, INC.
    225 Santa Monica Boulevard, Suite 700
10  Santa Monica, California 90401
    Telephone Number: (310) 860-0770
11  Facsimile Number:   (310) 860-0771

> EXHIBIT: *1*
> WITNESS: *Dennis*
> DATE: *9-23-19*
> LETICIA ROJO, CSR 12132

12  Attorneys for Plaintiff,
    MARCELLUS MCMILLIAN

13

14         **THE UNITED STATES DISTRICT COURT FOR THE**

15        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

16

| | |
|---|---|
| 17  MARCELLUS MCMILLIAN, | Case No.: 2:19-cv-02121-MWF-JCx |
| 18       Plaintiff, | **The Honorable Michael W. Fitzgerald** |
| 19  vs. | **PLAINTIFF MARCELLUS** |
| 20  GOLDEN STATE FC LLC, | **MCMILLIAN'S NOTICE OF TAKING DEPOSITION OF DEFENDANT** |
|       AMAZON FULFILLMENT | **AMAZON.COM SERVICES, INC.'S** |
| 21  SERVICES, INC., AMAZON.COM | **PERSON MOST KNOWLEDGEABLE** |
|       SERVICES, INC., AMAZON.COM, | **REGARDING DISABILITY** |
| 22  INC., DEVON FRANKLIN, and | **ACCOMMODATION POLICIES AND** |
|       DOES 1 to 100, inclusive, | **PROCEDURES; REQUEST FOR** |
| 23 | **PRODUCTION OF DOCUMENTS AT** |
|        Defendants. | **DEPOSITION** |
| 24 | |
| 25 | Date:        September 23, 2019 |
| | Time:       10:00 a.m. PDT |
| 26 | Location:  Rodriguez & Tran, LLP |
| |           631 S. Olive Street, Suite 820 |
| 27 |           Los Angeles, California 90014 |
| 28 | Courtroom: 5A |
| | Complaint Filed: January 11. 2019 |

---

PLAINTIFF'S NOTICE OF DEPOSITION OF DEFENDANT'S PERSON MOST KNOWLEDGEABLE REGARDING
DISABILITY ACCOMMODATION POLICIES; REQUEST FOR PRODUCTION OF DOCUMENTS

TO ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that plaintiff, Marcellus McMillian, will take the deposition of defendant Amazon.com Services, Inc.'s person most knowledgeable regarding disability accommodations pursuant to Federal Rules of Civil Procedure, Rule 30(b)(6), upon oral examination before a certified shorthand reporter and videographer in and for the County of Los Angeles, per this notice, on September 23, 2019 at 10:00 a.m. PDT at the offices of Rodriguez & Tran, LLP, 631 S. Olive Street, Suite 820, Los Angeles, California 90014.  If the deposition is not completed on that date, the taking thereof will be continued from day to day thereafter at the same place, Sundays and holidays excepted, until completed.  Plaintiff reserves the right to take said deposition by teleconference and/or telephone.

PLEASE TAKE NOTICE that defendant's "person most knowledgeable" is defined as the person currently employed by defendant Amazon.com Services, Inc. ("Amazon") with the most knowledge of Plaintiff's disabilities and Amazon's disability accommodation policies and procedures, including the following specific matters:

## DEFENDANT'S POLICIES AND PROCEDURES

1. Defendant's rules, procedures, policies, and practices that pertain to, concern, or relate to each of the following, from 2017 through the present (the "Relevant Period"):

   a. The taking and granting of any kind of leave or vacation;

   b. Evaluation of an employee's medical, physical, or mental impairment or disability;

   c. Accommodation of any employee with impairments or disabilities, as well as conducting interactive meetings;

   d. Compliance with its obligations under the California Family Rights Act and the Family Medical Leave Act;

   e. Compliance with its obligations under California's Fair Employment and Housing Act's prohibitions on (i) discrimination, (ii) harassment,

(iii) retaliation,   (iv) providing   its   employees   with   reasonable accommodation, and (v) engaging in the interactive process;

f.  Ensuring that no employee is subjected to retaliation, discrimination, and harassment for complaining of illegal activity and activity believed to be illegal;

## REASONABLE ACCOMMODATION AND ENGAGING
## IN THE INTERACTIVE PROCESS

2.  Each and every act, step, effort, or response that defendant took to (a) provide plaintiff with reasonable accommodation, including each and every accommodation furnished, offered, or considered, and (b) engage in a good faith interactive meeting with plaintiff to ensure that all reasonable accommodations were provided to plaintiff prior to the date defendant terminated plaintiff's employment;

3.  Each and every available, open job with defendant at which plaintiff was qualified, with or without accommodations, to work at the time plaintiff was separated from employment with defendant, including all attempts to communicate such available, open jobs to plaintiff and all attempts to secure any such available, open job for plaintiff;

4.  All efforts defendant took to ensure that all rights and entitlements to medical leave available to defendant's employees were made available to plaintiff before plaintiff was separated from employment with defendant or that were made available to plaintiff prior to the date of this deposition;

5.  The nature and type of each accommodation and interactive process that defendant has made for any other employee who had or has medical, physical, or mental disabilities during the Relevant Period;

6.  The types and lengths of leaves and the processes defendant used on those occasions on which defendant has (a) made or granted and (b) not granted to any other employee of defendant a leave because of that employee's medical, physical disabilities or serious medical condition, as defined by California or federal law during the Relevant

Period;

PLEASE ALSO TAKE NOTICE that plaintiff demands, pursuant to California Code of Civil Procedure section 2025, that defendant and the deponent produce the following *original* documents at the deposition:

**REQUESTED CATEGORIES OF DOCUMENTS AND ITEMS**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that support, refer to, relate to, or are associated with specific matter number 1, as defined above. (For purposes of these requests, "DOCUMENTS" shall mean all writings, regardless of origin or location, of any kind, including books, records, letters, text messages, telegrams, memoranda, electronic mail, voice mail messages, reports, memoranda, studies, speeches, calendar or diary entries, minutes, pamphlets, handwritten notes, charts, tabulations, data compilations, photographs, audio tapes and video tapes of conferences, and telephone or other conversations or communications in defendant's actual or constructive possession, custody, or control. It also includes reproductions and film impressions of any of the aforementioned writings, tape recordings, documents stored on computer hard disks, on floppy disks, on tape back-up, or in any computer or electronic information storage device, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof and including all tangible printouts of information stored in any computer, word processor, server, internet, or electronic information storage device, including printouts of e-mails, copies of DOCUMENTS that are not identical duplicates of the originals, and copies of all DOCUMENTS whose originals are not in defendant's possession, custody, or control.)

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that support, refer to, relate to, or are associated with specific matter number 2, as defined above.

///

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that support, refer to, relate to, or are associated with specific matter number 3, as defined above.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS that support, refer to, relate to, or are associated with specific matter number 4, as defined above.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that support, refer to, relate to, or are associated with specific matter number 5, as defined above.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that support, refer to, relate to, or are associated with specific matter number 6, as defined above.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS showing the dates on which each of the EMPLOYEE MANUALS in effect at the time defendant Amazon hired plaintiff, Marcellus McMillian, was drafted and first implemented by defendant. (For purposes of these requests, the "EMPLOYEE MANUALS" shall refer to all written documents, including, but not limited to, company policies, company procedures, employee handbooks, training materials, and human resources publications of any type.)

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS showing all modifications that defendant Amazon made to its EMPLOYEE MANUALS at any time it employed plaintiff, Marcellus McMillian.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS showing the dates on which defendant Amazon implemented the Reed Group as the company's 3rd party leave administrator.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS showing all modifications that defendant Amazon made to its EMPLOYEE MANUALS regarding the implementation of the Reed Group as the

-5-

PLAINTIFF'S NOTICE OF DEPOSITION OF DEFENDANT'S PERSON MOST KNOWLEDGEABLE REGARDING DISABILITY ACCOMMODATION POLICIES; REQUEST FOR PRODUCTION OF DOCUMENTS

company's 3rd party leave administrator at any time it employed plaintiff, Marcellus McMillian.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that indicate who drafted any portion of any of the EMPLOYEE MANUALS in effect at any time defendant Amazon employed plaintiff, Marcellus McMillian.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that are or were ever a part of defendant Amazon's departmental file(s) on plaintiff, Marcellus McMillian.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that are or were ever a part of defendant Amazon's medical file(s) on plaintiff, Marcellus McMillian.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that are or were ever a part of defendant Amazon's My Leave Team file(s) on plaintiff, Marcellus McMillian.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS reflecting all notes, calendars, memoranda, and other formal and informal DOCUMENTS prepared by any of defendant Amazon's past or present employees that reflect any aspect of plaintiff Marcellus McMillian's request(s) for personal leave(s) of absence.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATED TO defendant Amazon's personnel policies and procedures used by defendant at any time during plaintiff Marcellus McMillian's employment with defendant.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATED TO defendant Amazon's personnel policies and procedures regarding personal leaves of absence used by defendant at any time during plaintiff Marcellus McMillian's employment with defendant.

///

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS RELATED TO defendant Amazon's human resources training materials used by defendant at any time during plaintiff Marcellus McMillian's employment with defendant.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATED TO defendant Amazon's human resources training materials regarding personal leaves of absence used by defendant at any time during plaintiff Marcellus McMillian's employment with defendant.

**REQUEST FOR PRODUCTION NO. 20:**

All COMMUNICATIONS between defendant's person most knowledgeable and Marcellus McMillian. (For purposes of these requests, the term "COMMUNICATIONS" shall refer to any form of written communication, including but not limited to letters, memoranda, e-mails, text messages, communications through social media sites (e.g., Facebook), and notes of oral conversations and telephone calls.

**REQUEST FOR PRODUCTION NO. 21:**

All COMMUNICATIONS between defendant's person most knowledgeable and Priscilla Bustamante related to Marcellus McMillian.

**REQUEST FOR PRODUCTION NO. 22:**

All COMMUNICATIONS between defendant's person most knowledgeable and Caitlyn Favati related to Marcellus McMillian.

**REQUEST FOR PRODUCTION NO. 23:**

All COMMUNICATIONS between defendant's person most knowledgeable and Claudette Smith related to Marcellus McMillian.

**REQUEST FOR PRODUCTION NO. 24:**

All COMMUNICATIONS between defendant's person most knowledgeable and plaintiff's My Leave Team related to Marcellus McMillian.

**REQUEST FOR PRODUCTION NO. 25:**

All COMMUNICATIONS between defendant's person most knowledgeable and any Reed Group representatives related to Marcellus McMillian.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS defendant's person most knowledgeable created, received, retrieved, or reviewed related to Marcellus McMillian's request for accommodation.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS defendant's person most knowledgeable created, received, retrieved, or reviewed related to Marcellus McMillian's personal leave of absence.

**REQUEST FOR PRODUCTION NO. 28:**

All documents showing any and all attempts by Amazon to attempt accommodation for plaintiff Marcellus McMillian's physical disability during the Relevant Period.

**REQUEST FOR PRODUCTION NO. 29:**

All civil complaints and EEOC and/or state administrative complaints, charges, and claims brought against defendant Amazon involving allegations of wrongful termination of employment, retaliation, discrimination, and/or harassment on the basis of disability during the past ten years.

**REQUEST FOR PRODUCTION NO. 30:**

All civil complaints and EEOC and/or state administrative complaints, charges, and claims brought against defendant Amazon involving allegations of wrongful termination of employment, retaliation, discrimination, and/or harassment on the basis of taking protected leave during the past ten years.

**REQUEST FOR PRODUCTION NO. 31:**

All internal complaints that defendant Amazon has received involving allegations of wrongful termination m employment, retaliation, discrimination, and/or harassment on the basis of disability during the past ten years.

**REQUEST FOR PRODUCTION NO. 32:**

All internal complaints that defendant Amazon has received involving allegations of wrongful termination of employment, retaliation, discrimination, and/or harassment on the basis of taking protected leave during the past ten years.

///

**REQUEST FOR PRODUCTION NO. 33:**

All documents that show the name, address, and business and residence telephone numbers of any person who has brought any civil complaint, any EEOC or state administrative complaint, charge, or claim, and/or any internal complaint against defendant Amazon involving allegations of wrongful termination of employment, retaliation, discrimination, and/or harassment on the basis of disability during the past ten years. (For this request, plaintiff agrees that any document produced can be redacted to exclude any attorney-client privileged information, attorney work product information, or information reflecting medical or financial information about the claimants at issue.)

**REQUEST FOR PRODUCTION NO. 34:**

All documents that show the name, address, and business and residence telephone numbers of any person who has brought any civil complaint, any EEOC or state administrative complaint, charge, or claim, and/or any internal complaint against defendant Amazon involving allegations of wrongful termination of employment, retaliation, discrimination, and/or harassment on the basis of taking protected leave during the past ten years. (For this request, plaintiff agrees that any document produced can be redacted to exclude any attorney-client privileged information, attorney work product information, or information reflecting medical or financial information about the claimants at issue.)

Dated: September 3, 2019                    RODRIGUEZ & TRAN, LLP

By: _____
                                            Griselda S. Rodriguez, Esq.

                                            Attorneys for Plaintiff,
                                            MARCELLUS MCMILLIAN

-9-

PLAINTIFF'S NOTICE OF DEPOSITION OF DEFENDANT'S PERSON MOST KNOWLEDGEABLE REGARDING
DISABILITY ACCOMMODATION POLICIES; REQUEST FOR PRODUCTION OF DOCUMENTS

**MCMILLIAN v. GOLDEN STATE FC LLC, et al.**      **USDC Case No.: 2:19-cv-02121-MWF-JCx**

# PROOF OF SERVICE

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

I am an employee in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 631 S. Olive Street, Suite 820, Los Angeles, California 90014.

On September 3, 2019, I served the foregoing document, described as "**PLAINTIFF MARCELLUS MCMILLIAN'S NOTICE OF TAKING DEPOSITION OF DEFENDANT AMAZON.COM SERVICES, INC.'S PERSON MOST KNOWLEDGEABLE REGARDING DISABILITY ACCOMMODATION POLICIES AND PROCEDURES; REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION**" on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

**Javier F. Garcia, Esq.**
**jgarcia@perkinscoie.com**
**Andrew E. Moriarty, Esq.**
**amoriarty@perkinscoie.com**
**PERKINS COIE LLP**
**1888 Century Park E., Suite 1700**
**Los Angeles, CA 90067-1721**

☒  **BY ELECTRONIC MAIL**: I sent such document via email to the address(es) noted above per agreement by all counsel of service by email.

☐  **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 3, 2019, at Los Angeles, California.

Sandy Luu

EXHIBIT 4

1          THE UNITED STATES DISTRICT COURT FOR THE

2        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

3

4     MARCELLUS MCMILLIAN,                )
                                          )
5              PLAINTIFF,                 )
                                          )
6              VS.                        )  CASE NO.:
                                          )  2:19-CV-02121-
7     GOLDEN STATE FC LLC,                )  MWF-JCX
      AMAZON FULFILLMENT                  )
8     SERVICES, INC., AMAZON.COM          )
      SERVICES, INC., AMAZON.COM,         )
9     INC., DEVON FRANKLIN, AND           )
      DOES 1 TO 100, INCLUSIVE,           )
10                                        )
               DEFENDANTS.                )
11    _____)

12

13              VIDEOTAPED DEPOSITION OF

14             DEFENDANT AMAZON.COM SERVICES,

15        INC.'S PERSON MOST KNOWLEDGEABLE REGARDING

16     DISABILITY ACCOMMODATION POLICIES AND PROCEDURES

17                  BY AND THROUGH

18                  TAMISHA DENNIS

19              LOS ANGELES, CALIFORNIA

20             MONDAY, SEPTEMBER 23, 2019

21

22

23

24    JOB NO. 3531799
      REPORTED BY:  LETICIA ROJO, CSR 12132
25    PAGES 1 - 189

                                              Page 1

```
 1        THE UNITED STATES DISTRICT COURT FOR THE
 2     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
 3
 4   MARCELLUS MCMILLIAN,                 )
                                          )
 5           PLAINTIFF,                   )
                                          )
 6           VS.                          ) CASE NO.:
                                          ) 2:19-CV-02121-
 7   GOLDEN STATE FC LLC,                 ) MWF-JCX
     AMAZON FULFILLMENT                   )
 8   SERVICES, INC., AMAZON.COM           )
     SERVICES, INC., AMAZON.COM,          )
 9   INC., DEVON FRANKLIN, AND            )
     DOES 1 TO 100, INCLUSIVE,           )
10                                        )
             DEFENDANTS.                  )
11   _____)
12
13     VIDEOTAPED DEPOSITION OF DEFENDANT AMAZON.COM
14   SERVICES, INC.'S PERSON MOST KNOWLEDGEABLE
15   REGARDING DISABILITY ACCOMMODATION POLICIES AND
16   PROCEDURES BY AND THROUGH TAMISHA DENNIS, TAKEN ON
17   BEHALF OF THE PLAINTIFF, MARCELLUS MCMILLIAN, AT
18   631 SOUTH OLIVE STREET, SUITE 820, LOS ANGELES,
19   CALIFORNIA, COMMENCING AT 10:12 A.M., ON MONDAY,
20   SEPTEMBER 23, 2019, BEFORE LETICIA ROJO, A
21   CERTIFIED SHORTHAND REPORTER, LICENSE NO. 12132,
22   PURSUANT TO NOTICE.
23                      ---OOO---
24
25
```

Page 2

```
1     APPEARANCES:

2

3

4     FOR THE PLAINTIFF, MARCELLUS MCMILLIAN:
5           RODRIGUEZ & TRAN, LLP
            BY:  GRISELDA S. RODRIGUEZ, ESQ.
6           631 SOUTH OLIVE STREET, SUITE 820
            LOS ANGELES, CALIFORNIA, 90014
7           TELEPHONE:  (213)325-3024
            FACSIMILE:  (213)325-3027
8           GRISELDA@RODRIGUEZTRAN.COM

9

10

11

12

13    FOR THE DEFENDANTS, AMAZON.COM SERVICES, INC.:
14          PERKINS COIE LLP
            BY:  ANDREW MORIARTY, ESQ.
15          1201 THIRD AVENUE, SUITE 4900
            SEATTLE, WASHINGTON, 98101-3099
16          TELEPHONE:  (206)359-8629
            FACSIMILE:  (206)359-9629
17          AMORIARTY@PERKINSCOIE.COM

18

19

20

21

22    ALSO PRESENT:
23          KATY AMETON, VIDEOGRAPHER
24

25
```

Page 3

```
 1                        I N D E X

 2

 3    WITNESS:  TAMISHA DENNIS

 4

 5

 6    EXAMINATION                                  PAGE

 7            BY MS. RODRIGUEZ                        7

 8

 9

10

11               INFORMATION REQUESTED:

12                      (NONE)

13

14        QUESTIONS INSTRUCTED NOT TO ANSWER:

15                      (NONE)

16

17

18                   E X H I B I T S

19    PLAINTIFF'S   DESCRIPTION                    PAGE

20    EXHIBIT 1     NOTICE OF TAKING DEPOSITION
                    OF DEFENDANT AMAZON.COM

21                  SERVICES, INC.'S PMK           16

22    EXHIBIT 2     ACCOMMODATIONS CASE MANAGEMENT
                    STANDARD OPERATING PROCEDURE

23                  AMZN-MCMILL_000907 - 000936    75

24    EXHIBIT 3     TIME DETAIL
                    AMZN-MCMILL_000116 - 000127    121

25
```

Page 4

```
 1                    (EXHIBITS CONTINUED)
 2
      EXHIBIT 4     DISABILITY STATEMENT
 3                  MM 000001 - 000014                 143
 4    EXHIBIT 5     E-MAIL THURSDAY, JUNE 21, '18
                    AMZN-MCMILL_00900                  147
 5
      EXHIBIT 6     E-MAIL AMZN-MCMILL_000897 -
 6                  000898                             151
 7    EXHIBIT 7     E-MAIL, JUNE 26, '18
                    AMZN-MCMILL_000903 - 00904         157
 8
      EXHIBIT 8     E-MAIL, JUNE 21, '18
 9                  AMZN-MCMILL_000905 - 000906        163
10    EXHIBIT 9     E-MAIL, APRIL 25, '18
                    AMZN-MCMILL_000887 - 000890        164
11
      EXHIBIT 10    E-MAIL, APRIL 26, '18
12                  MM 00330 - 000334                  167
13    EXHIBIT 11    AMZN-MCMILL_001136 - 001137        169
14
15              (EXHIBITS 2, 3, 4, 5 & 6 WERE
16                  MARKED CONFIDENTIAL.)
17
18
19
20
21
22
23
24
25
                                              Page 5
```

```
 1    is attached hereto.)

 2            MS. RODRIGUEZ:  Maybe we can go off the

 3    record while you review it.  And let me know when

 4    you're ready, and we can go back on the record.

 5            THE VIDEOGRAPHER:  We are now off the          10:21

 6    record.  The time is 10:21 a.m.

 7                    (Recess was taken.)

 8            THE VIDEOGRAPHER:  We are back on the

 9    record.  The time is 10:24 a.m.

10    BY MS. RODRIGUEZ:                                      10:24

11        Q.   Okay.  Are you ready to discuss the

12    document?

13        A.   Yes.

14        Q.   Do you recognize the document?

15        A.   No, I don't.                                 10:24

16        Q.   Is this the first time you've seen it?

17        A.   Yes.

18        Q.   Okay.  So what this is, it was the

19    deposition notice for you to be here today, and it

20    lists the topics of which we were looking to take     10:24

21    the deposition of the PMK of.  So I'm going to go

22    through the type of PMK that we requested, and then

23    you can confirm whether you are the person most

24    knowledgeable in regards to that topic.  Okay?

25            MR. MORIARTY:  That might be better done       10:25
```

Page 17

1    with me.  We submitted objections, right?  So do

2    you want to ask her about it, or do you want to

3    just clarify what she's going to talk about today?

4               MS. RODRIGUEZ:  Okay.  We can clarify, if

5    you'd like.  Sure.                              10:25

6               MR. MORIARTY:  All right.  So she is

7    prepared to talk about Category 2, which is

8    plaintiff's accommodation; Category 4, which is,

9    again, plaintiff's accommodation; and Category 6 to

10   the extent that that category is about            10:25

11   accommodation, policies and processes.

12   BY MS. RODRIGUEZ:

13      Q.   Okay.  So with regards to the other

14   topics, she wouldn't be the person most

15   knowledgeable for that?                           10:26

16               MR. MORIARTY:  Right.

17               MS. RODRIGUEZ:  Okay.

18               MR. MORIARTY:  I mean, there are other

19   objectives for those topics, too, but she's here to

20   talk about the accommodations process as it worked  10:26

21   for Mr. McMillian and the accommodations process in

22   general.

23   BY MS. RODRIGUEZ:

24      Q.   Okay.  So we will then just touch on

25   number 2, which is page 3 of Exhibit 1.  Okay.  And  10:26

                                            Page 18

```
 1                (Discussion held off the record.)

 2                MS. RODRIGUEZ:  Okay.  So I would propose

 3       the following stipulation:

 4                That the court reporter be relieved of

 5       her statutory duty to maintain custody of the        03:08

 6       original deposition transcript;

 7                That after the record has been

 8       transcribed, the reporter shall send the original

 9       transcript to counsel for the defendants;

10                Thereafter, deponent shall have 30 days     03:08

11       within which to read, review, and make corrections

12       to the transcript that deponent deems necessary,

13       sign the deposition in the space provided, and

14       return the original deposition transcript with

15       changes or errata page, if any, and signature page  03:08

16       to counsel for defendant, within 30 days of the

17       witness receipt thereof;

18                And counsel for defendants will then, in

19       turn, maintain custody of the original executed

20       transcript, and will agree to produce it and lodge   03:08

21       it with the court at the time of trial, or for any

22       proceeding for which it may be needed upon

23       reasonable notice;

24                And counsel for defendants shall also

25       advise all other counsel in writing of any changes,  03:08
```

Page 185

```
 1    corrections, additions, or deletions made by the
 2    deponent to the transcript, and will provide all
 3    counsel with a copy of the signature and errata
 4    page of such deposition transcript within --
 5              Is three days enough, Counsel, or do you    03:09
 6    need a few more days?
 7              MR. MORIARTY:  Three days from what?
 8              MS. RODRIGUEZ:  From when you receive it
 9    from --
10              MR. MORIARTY:  Yeah, how about more like    03:09
11    10.
12              M. RODRIGUEZ:  Ten days?  Okay.
13              Within 10 days of counsel's receipt
14    thereof.
15              Again, in the event that the original      03:09
16    executed transcript is not reviewed, corrected, if
17    necessary, or signed by the deponent within the
18    time frame I have just stated, or in the event that
19    the original executed transcript may become lost or
20    otherwise unavailable, that the parties agree that   03:09
21    a certified copy may be used for all purposes as if
22    it were a duly executed and signed original
23    transcript.
24              So stipulated?
25              MR. MORIARTY:  So stipulated.              03:09
```

Page 186

```
1              THE VIDEOGRAPHER:  This concludes today's

2     deposition of Tamisha Dennis, person most

3     knowledgeable for Amazon Services.

4              We are now off the record.  The time is

5     3:09 p.m.                                        03:09

6          (The deposition concluded at 3:09 p.m.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 187

```
 1    STATE OF  _____)

                                       ) SS.

 2    COUNTY OF _____)

 3

 4

 5            I, the undersigned, declare under penalty

 6    of perjury:

 7            That I have read the foregoing

 8    transcript;

 9            That I have made any corrections,

10    additions, or deletions that I was desirous of

11    making;

12            That the foregoing is a true and correct

13    transcript of my testimony contained therein.

14

15    EXECUTED this _____ day of _____, 20_____, at

16    _____, _____.

            [City]                   [State]

17

18

19                    _____

                          PMK, TAMISHA DENNIS

20

21

22

23

24

25

                                              Page 188
```

1                    REPORTER'S CERTIFICATE

2

3            I, LETICIA ROJO, CSR No. 12132, Certified

4    Shorthand Reporter, certify:

5            That the foregoing proceedings were taken

6    before me at the time and place therein set forth,

7    at which time the witness was put under oath by me;

8            That the testimony of the witness, the

9    questions propounded, and all objections and

10   statements made at the time of the examination were

11   recorded stenographically by me and were thereafter

12   transcribed;

13           That a review of the transcript by the

14   deponent WAS requested;

15           That the foregoing is a true and correct

16   transcript of my shorthand notes so taken.

17           I further certify that I am not a

18   relative or employee of any attorney of the

19   parties, nor financially interested in the action.

20           I declare under penalty of perjury under

21   the laws of California that the foregoing is true

22   and correct.

23       Dated this 19th day of November, 2019

24

25           LETICIA ROJO CSR No. 12132

                                        Page 189

EXHIBIT 5

```
 1        THE UNITED STATES DISTRICT COURT FOR THE
 2      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
 3
 4   MARCELLUS MCMILLIAN,                  )
                                          )
 5            PLAINTIFF,                   )
                                          )
 6            VS.                          ) CASE NO.:
                                          ) 2:19-CV-02121-
 7   GOLDEN STATE FC LLC,                  ) MWF-JCX
     AMAZON FULFILLMENT                    )
 8   SERVICES, INC., AMAZON.COM            )
     SERVICES, INC., AMAZON.COM,           )
 9   INC., DEVON FRANKLIN, AND             )
     DOES 1 TO 100, INCLUSIVE,            )
10                                        )
              DEFENDANTS.                  )
11   _____)
12
13            VIDEOTAPED DEPOSITION OF
14          DEFENDANT AMAZON.COM SERVICES,
15     INC.'S PERSON MOST KNOWLEDGEABLE REGARDING THE
16       TERMINATION OF PLAINTIFF'S EMPLOYMENT AND
17        REPLACEMENT OF PLAINTIFF, BY AND THROUGH
18                    AMY VIRDEN
19              LOS ANGELES, CALIFORNIA
20           TUESDAY, SEPTEMBER 24, 2019
21
22
23
24   JOB NO. 3531795
     REPORTED BY:  LETICIA ROJO, CSR 12132
25   PAGES 1 - 163

                                          Page 1
```

```
 1        THE UNITED STATES DISTRICT COURT FOR THE
 2     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
 3
 4   MARCELLUS MCMILLIAN,                    )
                                            )
 5            PLAINTIFF,                     )
                                            )
 6            VS.                            ) CASE NO.:
                                            ) 2:19-CV-02121-
 7   GOLDEN STATE FC LLC,                    ) MWF-JCX
     AMAZON FULFILLMENT                      )
 8   SERVICES, INC., AMAZON.COM              )
     SERVICES, INC., AMAZON.COM,            )
 9   INC., DEVON FRANKLIN, AND              )
     DOES 1 TO 100, INCLUSIVE,             )
10                                          )
              DEFENDANTS.                    )
11   _____)
12
13      VIDEOTAPED DEPOSITION OF DEFENDANT AMAZON.COM
14   SERVICES, INC.'S PERSON MOST KNOWLEDGEABLE
15   REGARDING THE TERMINATION OF PLAINTIFF'S EMPLOYMENT
16   AND REPLACEMENT OF PLAINTIFF, BY AND THROUGH
17   AMY VIRDEN, TAKEN ON BEHALF OF THE PLAINTIFF,
18   MARCELLUS MCMILLIAN, AT 631 SOUTH OLIVE STREET,
19   SUITE 820, LOS ANGELES, CALIFORNIA, COMMENCING AT
20   10:20 A.M., ON TUESDAY, SEPTEMBER 24, 2019, BEFORE
21   LETICIA ROJO, A CERTIFIED SHORTHAND REPORTER,
22   LICENSE NO. 12132, PURSUANT TO NOTICE.
23                    ---O0O---
24
25
```

Page 2

```
 1    APPEARANCES:

 2

 3

 4    FOR THE PLAINTIFF, MARCELLUS MCMILLIAN:

 5         RODRIGUEZ & TRAN, LLP
           BY:  JORGE GUARDADO, ESQ.

 6         631 SOUTH OLIVE STREET, SUITE 820
           LOS ANGELES, CALIFORNIA, 90014

 7         TELEPHONE:  (213)325-3024
           FACSIMILE:  (213)325-3027

 8         JORGE@RODRIGUEZTRAN.COM

 9

10

11

12

13    FOR THE DEFENDANTS, AMAZON.COM SERVICES, INC.:

14         PERKINS COIE LLP
           BY:  ANDREW MORIARTY, ESQ.

15         1201 THIRD AVENUE, SUITE 4900
           SEATTLE, WASHINGTON, 98101-3099

16         TELEPHONE:  (206)359-8629
           FACSIMILE:  (206)359-9629

17         AMORIARTY@PERKINSCOIE.COM

18

19

20

21

22    ALSO PRESENT:

23         KATY AMETON, VIDEOGRAPHER

24

25
```

                                              Page 3

```
 1                          I N D E X

 2

 3   WITNESS:  AMY VIRDEN

 4

 5

 6   EXAMINATION                                  PAGE

 7              BY MS. GUARDADO               8, 156

 8              BY MR. MORIARTY                  153

 9

10

11              INFORMATION REQUESTED:

12                    (NONE)

13

14

15

16

17

18                   E X H I B I T S

19   PLAINTIFF'S    DESCRIPTION                  PAGE

20   EXHIBIT 1    NOTICE OF TAKING DEPOSITION
                  OF DEFENDANT AMAZON.COM
21                SERVICES, INC.'S PMK            13

22   EXHIBIT 2    TIME AND ATTENDANCE POLICY
                  AMZN-MCMILL_000939 - 000942     53
23
     EXHIBIT 3    TIME DETAIL
24                AMZN-MCMILL_000116 - 000127     59

25   EXHIBIT 4    AMZN-MCMILL_000937 - 000127     73
```

Page 4

```
 1                    (EXHIBITS CONTINUED)
 2
 3     EXHIBIT 5      JOB ABANDONMENT NEGATIVE
                      UPT PROCESS                     75
 4
       EXHIBIT 6      E-MAIL, AMZN-MCMILL_001000       90
 5
       EXHIBIT 7      E-MAIL, FEB. 3, 2018
 6                    MM 000245 - MM 000246            96
 7     EXHIBIT 8      E-MAIL, FEB 4, 2018
                      MM 000251 - MM000252            100
 8
       EXHIBIT 9      CLAIM STATUS SUMMARY,
 9                    FEB. 23, 2018
                      MM 000304 - MM 000305           110
10
       EXHIBIT 10     E-MAIL, FEB 19, 2018
11                    MM 00292 - MM 000295            116
12     EXHIBIT 11     E-MAIL, APRIL 22, '18
                      MM 000326 - MM000329            119
13
       EXHIBIT 12     E-MAIL, APRIL 26, '18
14                    MM 000330 - MM000331            120
15     EXHIBIT 13     E-MAIL, MAY 3, '18
                      MM 000096 - 000099              124
16
       EXHIBIT 14     SUPPORTIVE FEEDBACK DOC.
17                    ATTENDANCE - TERMINATION
                      AMZN-MCMLLN_000071              126
18
       EXHIBIT 15     E-MAIL, MAY 3, '18
19                    MM 000105 - 000107              130
20     EXHIBIT 16     E-MAIL, MAY 3, '18
                      MM 000100 - 000104              132
21
       EXHIBIT 17     E-MAIL, MAY 5, '18
22                    MM 000108 - 000110              137
23     EXHIBIT 18     E-MAIL, MAY 7, '18
                      MM 000111 - 000112              138
24
       EXHIBIT 19     E-MAIL, JUNE 21, 2018
25                    AMZN-MCMLLN_000900              140


                                              Page 5
```

```
 1    performance.
 2        Q.    Is that the same as the People Tracker
 3    that we mentioned earlier?
 4        A.    It's called ADAPT.
 5        Q.    ADAPT?                                    10:51
 6        A.    Yeah.
 7        Q.    Is that A-D-A-P-T?
 8        A.    P-T.
 9        Q.    And is that -- is ADAPT handled by a
10    third party administrator, or?                     10:51
11        A.    No, it is handled by Amazon.
12        Q.    Okay.  That's all for that document for
13    now, thankfully.
14            So are you currently employed?
15        A.    Yes.                                      10:52
16        Q.    And where are you employed?
17        A.    Amazon.com.
18        Q.    And do you know if that's Amazon.com
19    Services, Inc. or a different subsidiary of Amazon?
20        A.    Not that I'm aware of.                    10:52
21        Q.    And what's your current position with
22    Amazon?
23        A.    HR manager.
24        Q.    And how long have you had that position?
25        A.    It's been four years.                     10:53
```

Page 31

1          Q.     So that dates back to, approximately,

2     2015?

3          A.     Approximately.

4          Q.     Do you know what month you started as an

5     HR manager in 2015?                                      10:53

6          A.     I believe it was September.

7          Q.     And did you work for Amazon prior to

8     September 2015?

9          A.     Yes.

10         Q.     And what was your position prior to that?  10:53

11         A.     HR business partner.

12         Q.     And how long did you have that position?

13         A.     Two-and-a-half years.

14         Q.     So, approximately, 2013, you would say?

15         A.     Yeah, it was September of 2012.             10:53

16         Q.     And what are your current job duties as

17    an HR manager?

18         A.     Responsible for ensuring associate

19    interaction, engagement, and managing multiple

20    sites.                                                   10:54

21         Q.     And what are those sites?

22         A.     As in like the titles of them, or

23    locations.

24         Q.     Let's start with -- let's start with

25    titles first.                                            10:54

                                                  Page 32

```
 1                    And counsel for defendants shall also
 2       advise all other counsel in writing of any changes,
 3       corrections, additions, or deletions made by the
 4       deponent to the transcript, and will provide all
 5       counsel with a copy of the signature and errata      03:09
 6       page of such deposition transcript within --
 7                    Is three days enough, Counsel, or do you
 8       need a few more days?
 9                    MR. MORIARTY:  Three days from what?
10                    MS. RODRIGUEZ:  From when you receive it  03:09
11       from --
12                    MR. MORIARTY:  Yeah, how about more like
13       10.
14                    M. RODRIGUEZ:  Ten days?  Okay.
15                    Within 10 days of counsel's receipt      03:09
16       thereof.
17                    Again, in the event that the original
18       executed transcript is not reviewed, corrected, if
19       necessary, or signed by the deponent within the
20       time frame I have just stated, or in the event that  03:09
21       the original executed transcript may become lost or
22       otherwise unavailable, that the parties agree that
23       a certified copy may be used for all purposes as if
24       it were a duly executed and signed original
25       transcript.                                          03:09
```

Page 159

1            So stipulated?

2            MR. MORIARTY:   So stipulated.)

3        (The deposition concluded at 3:47 p.m.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 160

```
 1
      STATE OF   _____)
 2                                       ) SS.
      COUNTY OF _____)
 3

 4

 5           I, the undersigned, declare under penalty
 6    of perjury:
 7              That I have read the foregoing
 8    transcript;
 9              That I have made any corrections,
10    additions, or deletions that I was desirous of
11    making;
12              That the foregoing is a true and correct
13    transcript of my testimony contained therein.
14
15    EXECUTED this _____ day of _____, 20_____, at
16    _____, _____.
                  [City]                  [State]
17

18

19           _____
                     PMK AMY VIRDEN
20

21

22

23

24

25
```

Page 161

```
1   STATE OF CALIFORNIA    )
                           ) ss:
2   COUNTY OF LOS ANGELES )

3

4           I, Leticia Rojo, do hereby certify:

5

6           That I am a duly qualified Certified
7   shorthand Reporter, in and for the State of
8   California, holder of certificate number 12132,
9   which is in full force and effect and that I am
10  authorized to administer oaths and affirmations;
11          That the foregoing deposition testimony
12  of the herein named witness was taken before me at
13  the time and place herein set forth;
14          That prior to being examined, the witness
15  named in the foregoing deposition, was duly sworn
16  or affirmed by me, to testify the truth, the whole
17  truth, and nothing but the truth;
18          That the testimony of the witness and all
19  objections made at the time of the examination were
20  recorded stenographically by me, and were
21  thereafter transcribed under my direction and
22  supervision;
23          That the foregoing pages contain a full,
24  true and accurate record of the proceedings and
25  testimony to the best of my skill and ability;
```

Page 162

1            That prior to the completion of the

2     foregoing deposition, review of the transcript WAS

3     requested.

4            I further certify that I am not a

5     relative or employee or attorney or counsel of any

6     of the parties, nor am I a relative or employee of

7     such attorney or counsel, nor am I financially

8     interested in the outcome of this action.

9

10           IN WITNESS WHEREOF, I have subscribed my

11    name this 20TH day of NOVEMBER, 2019.

12

13

14

15

16           LETICIA ROJO, CSR No. 12132

17

18

19

20

21

22

23

24

25

                                          Page 163

McMILLIAN v. GOLDEN STATE FC, et al.   USDC Case No. 2:19-cv-02121-MWF-JCx

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am an employee in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 145 South Spring Street, Suite 400, Los Angeles, California 90012.

On March 8, 2022, I served the foregoing document, described as **"PLAINTIFF MARCELLUS MCMILLIAN'S AMENDED OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE ARGUMENTS RE: WITNESS TRAINING ON CALIFORNIA LAW"** on all interested parties in this action by placing true copies thereof in sealed envelopes, addressed as follows:

**Barbara A. Fitzgerald, Esq.**
**Barbara.Fitzgerald@morganlewis.com**
**MORGAN, LEWIS & BOCKIUS LLP**
**300 South Grand Avenue, 22nd Floor**
**Los Angeles, California 90071**

**Ethel J. Johnson, Esq.**
**ethel.johnson@morganlewis.com**
**MORGAN, LEWIS & BOCKIUS LLP**
**One Market, Spear Street Tower**
**San Francisco, California 94105**

**Alexander L. Grodan, Esq.**
**Alexander.Grodan@morganlewis.com**
**MORGAN, LEWIS & BOCKIUS LLP**
**600 Anton Boulevard, Suite 1800**
**Costa Mesa, California 92626**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare, under penalty of perjury under the laws of the United States of America, that the above is true and correct.

Executed on March 8, 2022, at Los Angeles, California.

_____
Jose Castro