MORGAN, LEWIS & BOCKIUS LLP
Barbara A. Fitzgerald, State Bar no. 151038
barbara.fitzgerald@morganlewis.com
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Ethel J. Johnson, *pro hac vice*
ethel.johnson@morganlewis.com
1000 Louisiana St., Suite 4000
Houston, TX 77002-5006
Tel: 1.713.890.5191
Fax: +1.713.890.5001

MORGAN, LEWIS & BOCKIUS LLP
Alexander L. Grodan, Bar No. 261374
alexander.grodan@morganlewis.com
600 Anton Boulevard, Suite 1800
Costa Mesa, CA  92626-7653
Tel:  714.830.0600
Fax:  714.830.0700

Attorneys for Defendants
GOLDEN STATE FC LLC, AMAZON
FULFILLMENT SERVICES, INC.,
AMAZON.COM SERVICES, INC.,
AMAZON.COM, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLUS MCMILLIAN,<br><br>Plaintiffs,<br><br>vs.<br><br>GOLDEN STATE FC LLC, AMAZON FULFILLMENT SERVICES, INC., AMAZON.COM SERVICES, INC., AMAZON.COM, INC., and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: CV 19-2121-MWF(JCx)<br><br>Honorable Michael W. Fitzgerald<br><br>**DEFENDANTS' OBJECTION TO PLAINTIFF'S UNTIMELY PRETRIAL FILINGS**<br><br>Complaint Filed: January 11, 2019<br><br>Trial Date:  June 28, 2022 |

DB2/ 42926741.2

Defendants GOLDEN STATE FC LLC, AMAZON FULFILLMENT SERVICES, INC., AMAZON.COM SERVICES, INC., and AMAZON.COM, INC. (collectively "Defendants") hereby object to Plaintiff Marcellus McMillian's ("Plaintiff") untimely Amended Motion in Limine No. 1 (Dkt. No. 131), Amended Opposition to Defendants' Motion in Limine No. 1 (Dkt. No. 132), Amended Opposition to Defendants' Motion in Limine No. 2 (Dkt. No. 133), and Amended Opposition to Defendants' Motion in Limine No. 4 (Dkt. No. 134), and requests that they be stricken from the record.  If the Court decides that it will entertain these untimely filings, then Defendants request an equitable opportunity to submit a substantive response to them within two weeks of the Court's ruling on this Objection.

At the time that the Court issued its order vacating the Final Pretrial Conference and the Trial due to the rising number of cases of the Omicron variant of COVID-19 in early January of this year (Dkt. No. 122), each party had filed timely their respective motions in limine by the December 13, 2021 deadline that is set in the Court's governing Scheduling Orders (Dkt. Nos. 17, 86), and all timely oppositions to those motions in limine had been filed timely by the December 20, 2021 deadline.  When the Court continued the Final Pretrial Conference and the trial date in early January, it did not also extend any deadlines that had already passed.

Despite the governing orders establishing these pretrial deadlines in December, Plaintiff has engaged in what is now a pattern of untimely filings in flagrant disregard of the Federal Rules of Civil Procedure and this Court's standing order, including:

- On January 3, 2022, Plaintiff filed an untimely Motion in Limine No. 3 without seeking leave.  When the Court vacated the trial date two days later, it instructed Plaintiff to provide an explanation for the untimely filing before Defendants would be required to oppose it (Dkt. No. 122).  Plaintiff then proffered a patently false explanation to the Court, as Defendants explained in more detail in the

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42926741.2

2

DEFENDANT'S OBJECTION TO PLAINTIFF'S
UNTIMELY PRETRIAL FILINGS
CASE NO. 19-CV-2121-MWF

subsequent Opposition that the Court ordered Defendants to file after accepting

Plaintiff's explanation (Dkt. No. 128 at 8:13-10:2).

- On February 1, 2022, Plaintiff unilaterally filed an Amended Witness List

adding a new witness who was never properly disclosed and after the deadline for

Defendants to file a timely motion in limine to exclude that witness had already

passed (Dkt. No. 129). As stated in Defendants' Objection to that filing, Federal

Rule of Civil Procedure 16 required Plaintiff to seek leave of the Court and

demonstrate good cause for modifying the pretrial scheduling order before Plaintiff

can submit an amended witness list after the deadline for submitting the witness list

(Dkt. No. 130 at 6:11-8:5). Because Plaintiff could never make that showing, he

simply ignored the rule and unilaterally filed the untimely amended witness list

without leave of the Court.

- On March 8, 2022, Plaintiff filed an amended Motion in Limine No. 1

presenting entirely new arguments that were not in the original motion (in essence,

making a new and untimely motion) and that Defendants have not had the

opportunity to oppose.[1] Plaintiff also submitted entirely new oppositions to three of

Defendants' timely motions in limine, adding arguments that could have been

asserted at the time Plaintiff filed his original oppositions when they **were due 78

days earlier**.[2]

Federal Rule of Civil Procedure 16(f)(1)(C) authorizes this Court to "issue any

just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its

---

[1] Disregarding yet another rule, Plaintiff's Amended Motion in Limine No. 1 is two full pages *over* the Court's 10-page limit for all motions in limine. Dkt. No. 17 at 6:21-22 ("All motions [in limine] and oppositions are limited to ten (10) pages in length.").

[2] Indeed, even if Defendants followed Plaintiff's lead, ignored the scheduling order, and immediately proceeded to prepare new oppositions to Plaintiff's *original* motions in limine (much less the untimely amended one), Defendants would have less time to prepare these new oppositions than Plaintiff took because there are only 76 days between Plaintiff's untimely filings and May 23, 2022, which would be two weeks before the continued Final Pretrial Conference.

attorney . . . fails to obey a scheduling or other pretrial order." According to the Notes of Advisory Committee on Rules, the authority to sanction a party that disobeys the Court's scheduling order or other pretrial orders "reenforces the rule's intention to encourage forceful judicial management." *See also Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir. 1992) ("Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation . . . .").

Because Plaintiff has not faced any consequences for violating the Court's Scheduling Order on January 3, Plaintiff has now made such violations a regular occurrence. It is imperative that the Court intervene and end these filings, as each new violation adds to the prejudice suffered by Defendants, who are following the Court's rules as they prepare for trial. *See Ayala v. Cty. of Imperial*, No. 15CV397-LAB (PCL), 2017 WL 1062589, at *5–6 (S.D. Cal. Mar. 21, 2017) (admonishing plaintiff's counsel for ignoring the court's deadlines whereas "Defense counsel had every reason to think the Court's scheduling order meant what it said.").

Absent action from the Court before the Final Pretrial Conference scheduled for June 6, which is when motions in limine will be heard, Defendants are left to guess whether the Court will accept these late filings, whether Defendants must spend valuable time preparing to respond to untimely arguments in Plaintiff's late submissions should the Court accept them, whether Defendants should similarly presume that they too can substantively amend past filings between now and June and are passing on an opportunity to do so, and whether Plaintiff has additional surprise filings that he might file at any time that may moot what is already on file and in the record. The court in *Ayala*, which exercised its authority to warn a plaintiff that the next violation of the court's scheduling order would result in dismissal, summarized the inherent harms that one party's disregard of the court's deadline can cause as follows:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42926741.2

4

DEFENDANT'S OBJECTION TO PLAINTIFF'S
UNTIMELY PRETRIAL FILINGS
CASE NO. 19-CV-2121-MWF

When Plaintiffs' counsel filed their late motion, Defense counsel could not have known for certain what to do. Would the Court accept the late filing? And in case the Court did accept it, should they begin preparing their opposition? And if a filing was due, Plaintiffs' tardiness had eaten up some of their response time; was the deadline still March 29, or would their deadline be extended? With this late and unexplained filing, Plaintiffs' counsel unfairly surprised their opponents and imposed undue burdens on them. Whether this was the result of gamesmanship or merely inexcusable negligence, the result was the same. Plaintiffs' counsel gained an unfair advantage at Defendants' expense.

*See Ayala*, 2017 WL 1062589, at *5–6.

Because Plaintiff's habitual noncompliance with the Court's deadlines is causing continuing prejudice to Defendants, the Court is requested to exercise its authority to ensure Plaintiff's future compliance with the Court's scheduling order and strike all of Plaintiff's untimely filings. *See Yardley v. ADP TotalSource, Inc.*, No. CV-13-04639-MWF JCGX, 2014 WL 1496333, at *3 (C.D. Cal. Apr. 4, 2014) (Fitzgerald, J.) (holding that a motion filed after the motion filing deadline set by the scheduling order "offers a basis for denial" without reaching the motion's merits). If, however, the Court is not inclined to issue any such order at this juncture, then Defendants request that the Court so indicate and grant leave for Defendants to respond to Plaintiff's untimely filings within two weeks of the Court's decision on this Objection.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42926741.2

5

DEFENDANT'S OBJECTION TO PLAINTIFF'S
UNTIMELY PRETRIAL FILINGS
CASE NO. 19-CV-2121-MWF

1

2    Dated:  April 4, 2022                    MORGAN, LEWIS & BOCKIUS LLP

3
                                             By  */s/Alexander L. Grodan*
4                                                Barbara A. Fitzgerald
                                                 Ethel J. Johnson
5                                                Alexander L. Grodan
                                                 Attorneys for Defendants
6                                                GOLDEN STATE FC LLC, *et al.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
   COSTA MESA

DB2/ 42926741.2

DEFENDANT'S OBJECTION TO PLAINTIFF'S
UNTIMELY PRETRIAL FILINGS
CASE NO. 19-CV-2121-MWF