MORGAN, LEWIS & BOCKIUS LLP
Barbara A. Fitzgerald, State Bar No. 151038
barbara.fitzgerald@morganlewis.com
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501

GREENBERG TRAURIG LLP
Ethel J. Johnson, *pro hac vice*
ethel.johnson@gtlaw.com
Angeles G. Cassin, *pro hac vice*
Angeles.cassin@gtlaw.com
1000 Louisiana St., Suite 6700
Houston, TX 77002-5006
Tel: 1.713.374.3647
Fax: 1.713.374.3505

*Additional Counsel Listed on Next Page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLUS MCMILLIAN,<br><br>      Plaintiffs,<br><br>vs.<br><br>GOLDEN STATE FC LLC, AMAZON FULFILLMENT SERVICES, INC., AMAZON.COM SERVICES, INC., AMAZON.COM, INC., and DOES 1 to 100, inclusive,<br><br>      Defendants. | Case No.: CV 19-2121-MWF(JCx)<br><br>Honorable Michael W. Fitzgerald<br><br>**DEFENDANTS' *EX PARTE* APPLICATION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT HIS RULE 26 DISCLOSURES TO DESIGNATE ANOTHER EXPERT PSYCHOLOGIST**<br><br>Hearing Date: Sept. 25, 2023<br>Pretrial Conference: Sept. 25, 2023<br>Trial Date: Nov. 7, 2023 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DEFENDANT'S *EX PARTE* APPLICATION
FOR LEAVE TO FILE SUR-REPLY
CASE NO. 19-CV-2121-MWF

| | |
|---|---|
| 1 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | Alexander L. Grodan, State Bar No. 261374<br>alexander.grodan@morganlewis.com |
| 3 | Kevin J. Bohm, State Bar No. 329569<br>Kevin.bohm@morganlewis.com |
| 4 | 600 Anton Boulevard, Suite 1800<br>Costa Mesa, CA  92626-7653 |
| 5 | Tel:  714.830.0600<br>Fax:  714.830.0700 |
| 6 | Attorneys for Defendants |
| 7 | GOLDEN STATE FC LLC, AMAZON FULFILLMENT SERVICES, INC., |
| 8 | AMAZON.COM SERVICES, INC., AMAZON.COM, INC. |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DEFENDANT'S *EX PARTE* APPLICATION
FOR LEAVE TO FILE SUR-REPLY
CASE NO. 19-CV-2121-MWF

# EX PARTE APPLICATION

**PLEASE TAKE NOTICE THAT**, pursuant to Central District of California Local Civil Rule 7-19, Defendants Golden State FC LLC, Amazon Fulfillment Services, Inc., Amazon.Com Services, Inc., and Amazon.Com, Inc. (collectively "Defendants") hereby apply to this Court *ex parte* for an order granting leave to file the attached Sur-Reply in support of Defendants' Opposition to Plaintiff Marcellus McMillian's ("Plaintiff") Motion to Supplement His Rule 26 Disclosures to Designate Another Expert Psychologist.

Defendants make this request based on Plaintiff's improper attempt to submit new matters and evidence in his Reply and in an *in camera* setting. In his Motion to Supplement ("Motion"), Plaintiff presented no specific facts regarding the current condition of his disclosed expert witness, Dr. Craig Snyder, or of the medical condition purportedly preventing him from testifying at trial in this matter and requiring the belated substitution of a new witness. It was Plaintiff's burden to do so. In Plaintiff's Reply, Plaintiff offers for the first time to disclose these facts to the court at an *in camera* hearing, where Plaintiff will also presumably disclose such facts to Defendants for the first time. Plaintiff's offer inappropriately deprives Defendants of an opportunity to address his intended showing where such argument should have belonged – in Defendants' Opposition after Plaintiff had already made his required showing in his moving papers.

As Plaintiffs improperly raise new matters in their Reply, and should this Court choose to consider the newly submitted matters, Defendants must be afforded the opportunity to respond by filing a short sur-reply. Alternatively, Defendants request that it be given the opportunity to address the new matters at oral argument on the Motion for Remand.

Good cause exists to grant this *ex parte* application. Plaintiff has claimed in his Reply brief that he possesses facts to support his request that he clearly could have and should have presented with his Motion. Defendants had no way to

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Costa Mesa

1

DEFENDANT'S *EX PARTE* APPLICATION
FOR LEAVE TO FILE SUR-REPLY
CASE NO. 19-CV-2121-MWF

respond to these still undisclosed facts without filing a sur-reply or addressing it at oral argument. Because Local Rule ("L.R.") 7-10 ("Reply Papers") requires a party to receive a written court order before filing a sur-reply, this *ex parte* application is appropriate and necessary.

Defendants make this request pursuant to Federal Rule of Civil Procedure ("FRCP"), Rule 7, L.R. 7-10, and L.R. 7-19 ("*Ex Parte* Application"). Pursuant to L.R. 7-19.1 ("Notice of Application"), counsel for Defendants has made a good faith effort to advise opposing counsel of the date, time, and substance of the proposed *ex parte* application. On September 13, 2023, counsel for Defendants contacted Plaintiff's counsel regarding the filing of this *Ex Parte* Application. Declaration of Alexander L. Grodan, ¶ 2, Ex. A. Plaintiff has indicated that he will oppose this *Ex Parte* Application. *Id.* The contact information for Plaintiff's counsel is as follows:

Mahru Madjidi
Aaron Gbewonyo
Angie Escalante
Shegerian & Associates, Inc.
145 S. Spring Street, Suite 400, Los Angeles California, 90012
phone: 310.860.0770
email: Mmadjidi@Shegerianlaw.com
agbewonyo@shegerianlaw.com
aescalante@shegerianlaw.com

Griselda Rodgriguez
Servin Rodriguez Law
2660 Townsgate Road, Suite 400
Westlake Village, California, 91361
Phone: 805.275.4000
Email: griselda@servinrodriguezlaw.com

This *Ex Parte* Application is based on this Application, the attached Memorandum of Points and Authorities, the accompanying Declaration of

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

2

DEFENDANT'S *EX PARTE* APPLICATION
FOR LEAVE TO FILE SUR-REPLY
CASE NO. 19-CV-2121-MWF

1  Alexander L. Grodan, the pleadings and records on file in this action, matters on
2  which this Court may take judicial notice, and on such other and further argument
3  and evidence as may be presented at or before the hearing, if any, on this matter.

Dated: September 14, 2023          MORGAN, LEWIS & BOCKIUS LLP

By  /s/ Barbara A. Fitzgerald
    Barbara A. Fitzgerald
    Attorneys for Defendants
    GOLDEN STATE FC LLC, *et al.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

3

DEFENDANT'S *EX PARTE* APPLICATION
FOR LEAVE TO FILE SUR-REPLY
CASE NO. 19-CV-2121-MWF

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Local Rule 7-19, Defendants respectfully submit this Memorandum in support of their *Ex Parte* Application for leave to file a Sur-Reply in support of Defendants' Opposition to Plaintiff's Motion to Supplement His Rule 26 Disclosures, in order to respond to Plaintiff's Reply. Defendants' proposed Sur-Reply is attached as Exhibit A to this *Ex Parte* Application.

## I. GOOD CAUSES EXISTS TO GRANT *EX PARTE* RELIEF.

Defendants seek leave to file a sur-reply to respond to Plaintiff's arguments claiming to possess the facts required to justify his request to replace his disclosed expert witness, Dr. Snyder, with a previously undisclosed expert, Dr. Anthony Reading, mere months before trial and after discovery has closed. Defendant is forced to seek *ex parte* relief because a noticed motion to file a Sur-Reply would not provide relief in time to resolve the urgent issues presented in this application, and before the Court may rule on Plaintiff's Motion, scheduled for hearing on September 25, 2023. *See* C.D. Cal. L. Civ. R. 6-1 (requiring 28 days' notice for motions).

It is well-settled that when a party presents arguments for the first time in reply briefing, the district court should not consider such matters without giving the other party an opportunity to respond. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Hagan v. Cal. Physicians' Serv.*, 685 F. Supp. 2d 1044, 1045 n.2 (N.D. Cal. 2010) (granting sur-reply). As with the principles for motion practice, Defendants also should be permitted to respond to Plaintiff's arguments raised for the first time—and solely—in his Reply in which Plaintiff offers to provide the Court with the facts necessary to support his Motion. *See, e.g.*, *Franklin v. FCA US, LLC*, No. EDCV-20343-MWF-SPX, 2020 WL 2787624, at *2 (C.D. Cal. May 29, 2020) ("Because the Surreply addresses an argument raised by Plaintiff for the first time in his Reply and could not have been raised by [defendant] in its Opposition, the Court will consider [defendant's] Surreply.").

Morgan, Lewis & Bockius LLP
Attorneys At Law
Costa Mesa

1

DEFENDANT'S *EX PARTE* APPLICATION
FOR LEAVE TO FILE SUR-REPLY
CASE NO. 19-CV-2121-MWF

Here, Defendants requested from Plaintiff during the meet and confer process the specific information that Plaintiff was obligated to provide to show good cause for the untimely substitution of an expert witness. Dkt. No. 153-1 at 40-42; *see also Enborg v. Ethicon*, 2022 WL 1300569, at *4 (E.D. Cal. April 29, 2022) (denying request to replace expert witness at trial because plaintiff's "problematically vague" and "unsubstantiated" showing did not allow the court to determine if reason original expert could not testify "has merit and rises to the level other courts have found to justify substitution"). Plaintiff refused to provide any such facts, both when meeting and conferring and in his moving papers. Dkt. No. 152; Dkt. No. 153-1 at 40-42. After Defendant's opposition argued that the refusal to provide this information requires dismissal of Plaintiff's Motion, Plaintiff offered in his reply brief for the first time to disclose these facts to the Court in a private setting. Dkt. No. 154 at 7:14-17. That is far too late for making the showing that Plaintiff could have and should have made in his Motion.

Moreover, Plaintiff's proposal prejudices Defendants' ability to oppose Plaintiff's Motion by keeping the key evidence in support of his request a surprise until an *in camera* hearing.[1] If the Court permits this unusual tactic, Defendants would be in the position of having to dispute Plaintiff's evidence at the same time Defendants learned what that evidence even is (and Defendants do believe that it is not information that is persuasive here, much less that it is information that is sufficient to carry the heavy burden of the required showing for Plaintiff's requested relief).

Further, Plaintiff's claim that he could not provide the required evidence and facts in his moving papers due to Dr. Snyder's privacy concerns has no basis. First, Dr. Snyder has not personally raised any privacy objection on his own behalf.

---

[1] Plaintiff's claim that he has already "shared some of these details with defense counsel" is simply false. Dkt. No. 154 at 7:14-17. Plaintiff has not offered any facts or evidence about Dr. Snyder's condition besides the same vague statements in his Motion. Grodan Decl. at ¶ 3.

Morgan, Lewis & Bockius LLP
Attorneys at Law
Costa Mesa

2

DEFENDANT'S *EX PARTE* APPLICATION
FOR LEAVE TO FILE SUR-REPLY
CASE NO. 19-CV-2121-MWF

Second, the right to medical privacy is not absolute and routinely must be disclosed when an individual places their own medical condition at issue. *See Daniels v. G4S Secure Sols. USA, Inc.*, 2020 WL 6535783, at *4 (C.D. Cal. Oct. 1, 2020), on reconsideration, 2020 WL 7861983 (C.D. Cal. Nov. 20, 2020) ("Plaintiff cannot prevent disclosure of 'medical records relating to any condition [s]he [her]self puts at issue.'") (collecting cases). Indeed, federal courts routinely require a detailed showing of what the medical condition is that precludes an expert witness from testifying before allowing a party to substitute a new expert. *See, e.g., Stringer v. Cambria Fabshop-Indianapolis, LLC*, 2015 WL 13632234, at *1 (S.D. Ind. Oct. 2, 2015) (allowing party to substitute expert witness after original expert disclosed she could not testify at trial because her "husband was diagnosed with a viral infection that severely damaged his heart, caused end stage heart failure, and now requires him to receive a life-saving heart transplant," and "will remain hospitalized for one to two weeks and will undergo several months of rehabilitation and on-going testing at the transplant destination following surgery"); *Commonwealth Scientific & Indus. Research Organisation v. Buffalo Tech.*, 2009 WL 260953, at *2 (E.D. Tex. Feb. 3, 2009) (where expert asserted that testifying at trial would jeopardize his health, court noted that defendant failed to present any evidence that expert is "actually unable to testify due to a diagnosed medical condition" necessitating a substitute witness); *Jung v. Neschis*, 2007 WL 5256966, at *4, 16–17 (S.D.N.Y. Oct. 23, 2007) (extending expert discovery to allow for expert substitution where original expert developed Alzheimer's disease in course of litigation).

The crux of Plaintiff's Motion is whether Dr. Snyder has a condition that has the effect of ensuring he cannot testify at trial. Plaintiff cannot use the promise of a later *in camera* disclosure of unknown facts to obtain the relief he seeks. His argument on reply that he can meet his burden in this way merits a sur-reply.

## II.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

3

DEFENDANT'S *EX PARTE* APPLICATION
FOR LEAVE TO FILE SUR-REPLY
CASE NO. 19-CV-2121-MWF

1  grant Defendants leave to file the attached sur-reply.

Dated:  September 14, 2023

MORGAN, LEWIS & BOCKIUS LLP

By */s/ Barbara A. Fitzgerald*
Barbara A. Fitzgerald
Attorneys for Defendants
GOLDEN STATE FC LLC, *et al.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

4

DEFENDANT'S *EX PARTE* APPLICATION
FOR LEAVE TO FILE SUR-REPLY
CASE NO. 19-CV-2121-MWF

# EXHIBIT "A"

1  MORGAN, LEWIS & BOCKIUS LLP
   Barbara A. Fitzgerald, State Bar No. 151038
2  barbara.fitzgerald@morganlewis.com
   300 South Grand Avenue, Twenty-Second Floor
3  Los Angeles, CA 90071-3132
   Tel: 213.612.2500
4  Fax: 213.612.2501

5  GREENBERG TRAURIG LLP
   Ethel J. Johnson, *pro hac vice*
6  ethel.johnson@gtlaw.com
   Angeles G. Cassin, *pro hac vice*
7  Angeles.cassin@gtlaw.com
   1000 Louisiana St., Suite 6700
8  Houston, TX 77002-5006
   Tel: 1.713.374.3647
9  Fax: 1.713.374.3505

10 *Additional Counsel Listed on Next Page*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCELLUS MCMILLIAN,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>GOLDEN STATE FC LLC, AMAZON FULFILLMENT SERVICES, INC., AMAZON.COM SERVICES, INC., AMAZON.COM, INC., and DOES 1 to 100, inclusive,<br><br>　　　　Defendants. | Case No.: CV 19-2121-MWF(JCx)<br><br>Honorable Michael W. Fitzgerald<br><br>**DEFENDANTS' SUR-REPLY IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT HIS RULE 26 DISCLOSURES TO DESIGNATE ANOTHER EXPERT PSYCHOLOGIST**<br><br>Hearing Date: Sept. 25, 2023<br>Pretrial Conference: Sept. 25, 2023<br>Trial Date: Nov. 7, 2023 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DEFENDANT'S SUR-REPLY
CASE NO. 19-CV-2121-MWF

**EXHIBIT "A" - PAGE 2**

| | |
|---|---|
| 1 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | Alexander L. Grodan, State Bar No. 261374<br>alexander.grodan@morganlewis.com |
| 3 | Kevin J. Bohm, State Bar No. 329569<br>Kevin.bohm@morganlewis.com |
| 4 | 600 Anton Boulevard, Suite 1800<br>Costa Mesa, CA  92626-7653 |
| 5 | Tel:  714.830.0600<br>Fax:  714.830.0700 |
| 6 | Attorneys for Defendants |
| 7 | GOLDEN STATE FC LLC, AMAZON FULFILLMENT SERVICES, INC., |
| 8 | AMAZON.COM SERVICES, INC., AMAZON.COM, INC. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DEFENDANT'S SUR-REPLY
CASE NO. 19-CV-2121-MWF

**EXHIBIT "A" - PAGE 3**

## I. INTRODUCTION

Plaintiff Marcellus McMillian ("Plaintiff") may not satisfy his burden of demonstrating good cause to substitute his designated expert witness with a post-briefing *in camera* hearing. Plaintiff could have and should have provided all relevant facts and evidentiary support to the Court in his moving papers. His stated reason for not doing so – that the original expert had a privacy interest in not disclosing his medical condition – has no basis. When an individual's medical condition is placed at issue, then any privacy interest gives way to disclosure in the interest of resolving that issue. Plaintiff may not claim that a medical condition prevents Dr. Snyder from testifying but refuse to identify facts sufficient for the Court to determine if that is actually the case.

Motions like the one Plaintiff has brought are only granted when the moving party discloses facts sufficient to outweigh the prejudice caused by any late substitution. Conversely, such motions are denied when the moving party relies only on vague and conclusory claims that a witness has become unable to testify. Plaintiff's Motion falls in this latter category. Plaintiff's unsupported statement that Dr. Snyder cannot testify due to an undisclosed medical condition requires denial of Plaintiff's Motion. Even if Dr. Snyder does have some medical condition, clearly there exist medical conditions that do not preclude live testimony and many medical conditions are temporary such that they would not interfere with a trial scheduled several months later, as here.[1]

---

[1] Indeed, Dr. Snyder has personally represented that he *is* able to provide live testimony at the time of this trial and Plaintiff notably does not dispute that fact. Dkt. No. 152-3, Ex. A; Dkt. No. 154 at 6:8-12. Plaintiff instead claims to be concerned that Dr. Snyder's prior undisclosed condition of several months ago carries a risk of recurrence during trial (and only *this* trial, since Plaintiff will not agree to refrain from calling him as an expert in any other case in which he is Plaintiff's counsel's retained expert, through March 2024), but provides no information that would allow the Court to determine the level of risk.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

1

DEFENDANT'S SUR-REPLY
CASE NO. 19-CV-2121-MWF

EXHIBIT "A" - PAGE 4

The Court must reject Plaintiff's last-ditch effort to offer some alleged evidence of Dr. Snyder's condition that Plaintiff was required to present in his moving papers.

## II. PLAINTIFF FAILED TO DEMONSTRATE GOOD CAUSE FOR SUBSTITUTING DR. SNYDER AND CANNOT DO SO AT AN *IN CAMERA* HEARING.

When Plaintiff first raised the prospect of requiring a substitution of Dr. Snyder with a new expert in April of this year, it was entirely proper for Defendants to ask Plaintiff to articulate what the condition is and why it rendered Dr. Snyder unable to testify seven months later than at that point in time. *See Enborg v. Ethicon*, 2022 WL 1300569, at *4 (E.D. Cal. April 29, 2022) (denying request to replace expert witness at trial because plaintiff's "problematically vague" and "unsubstantiated" showing did not allow the court to determine if reason original expert could not testify "has merit and rises to the level other courts have found to justify substitution"). Plaintiff consistently refused to provide that information, citing Dr. Snyder's medical privacy. Dkt. No. 152; Dkt. No. 153-1 at 40-42.

Plaintiff's privacy objections had no merit. Once Plaintiff cited Dr. Snyder's condition as the basis for replacing him as Plaintiff's designated expert witness at this late date, Plaintiff had the burden of disclosing sufficient factual information for this Court to determine if it agrees that Dr. Snyder's condition prevents him from testifying. Plaintiff cannot seek specific relief *because of* Dr. Snyder's condition but refuse to explain what the condition is and how it justifies such relief due to supposed privacy concerns. *See Daniels v. G4S Secure Sols. USA, Inc.*, 2020 WL 6535783, at *4 (C.D. Cal. Oct. 1, 2020), on reconsideration, 2020 WL 7861983 (C.D. Cal. Nov. 20, 2020) ("Plaintiff cannot prevent disclosure of 'medical records relating to any condition [s]he [her]self puts at issue.'") (collecting cases).

Motions like the one Plaintiff brings are generally only granted when the moving party offers specific information in the opening brief about the nature of the

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

2

DEFENDANT'S SUR-REPLY
CASE NO. 19-CV-2121-MWF

EXHIBIT "A" - PAGE 5

condition at issue and the reason why it will interfere with the expert's ability to testify (and denied when the moving party does not). *See, e.g., Stringer v. Cambria Fabshop-Indianapolis, LLC*, 2015 WL 13632234, at *1 (S.D. Ind. Oct. 2, 2015) (allowing party to substitute expert witness after original expert disclosed she could not testify at trial because her "husband was diagnosed with a viral infection that severely damaged his heart, caused end stage heart failure, and now requires him to receive a life-saving heart transplant," and "will remain hospitalized for one to two weeks and will undergo several months of rehabilitation and on-going testing at the transplant destination following surgery"); *Commonwealth Scientific & Indus. Research Organisation v. Buffalo Tech.*, 2009 WL 260953, at *2 (E.D. Tex. Feb. 3, 2009) (where expert asserted that testifying at trial would jeopardize his health, court noted that defendant failed to present any evidence that expert is "actually unable to testify due to a diagnosed medical condition" necessitating a substitute witness); *Jung v. Neschis*, 2007 WL 5256966, at *4, 16–17 (S.D.N.Y. Oct. 23, 2007) (extending expert discovery to allow for expert substitution where original expert developed Alzheimer's disease in course of litigation).

Furthermore, it is critical to resolving Plaintiff's Motion that the facts demonstrate that Dr. Snyder cannot possibly testify at trial. If he remains available, and he has personally confirmed that he is, then good cause for the requested substitution of Dr. Snyder has not been shown. *See Morales v. Health*, 2016 WL 3443664, at *2 (S.D. Cal. June 23, 2016) (finding that "good cause has not been shown" to substitute an expert "where the current expert remains available"). Plaintiff does not dispute that Dr. Snyder has recently confirmed that his past medical condition would not prevent him from testifying when this action is scheduled for trial. That is likely why Plaintiff included no sworn statements from Dr. Snyder in support of his Motion – not even one equally vague as Plaintiff's motion to simply confirm that he is currently suffering from a condition and cannot testify. Accordingly, Plaintiff's meritless privacy objections are an unsuccessful

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

3

DEFENDANT'S SUR-REPLY
CASE NO. 19-CV-2121-MWF

EXHIBIT "A" - PAGE 6

1 attempt to avoid admitting that the specifics of Dr. Snyder's condition raise no concern about whether he is capable of testifying as planned when trial begins.

Plaintiff's offer to present some supposed evidence of Dr. Snyder's inability to testify at an *in camera* hearing does not save his Motion. Plaintiff should be held to the same standard as any other litigant and present evidence in support of his Motion in his moving papers, giving Defendants sufficient time to review and rebut that evidence in an opposition. It is patently unfair for Plaintiff to obtain extraordinary relief by assuring the Court in his briefing that evidence supporting the relief exists, but that he can only disclose it at the same hearing where Defendants will be expected to present arguments to rebut evidence Defendants will be learning about for the first time.

Plaintiff was on notice during the meet and confer process of what his burden would be, and he has wasted the opportunity he had to satisfy it. There is no basis for holding an *in camera* hearing to review evidence that Plaintiff could have and should have presented in his moving papers.

## III.   CONCLUSION

For the foregoing reasons, the Court should reject Plaintiff's offer to make his evidentiary showing at an *in camera* hearing and deny Plaintiff's motion for failure to show good cause to substitute Dr. Snyder with another expert.

Dated: September 14, 2023

MORGAN, LEWIS & BOCKIUS LLP

By */s/ Barbara A. Fitzgerald*
Barbara A. Fitzgerald
Attorneys for Defendants
GOLDEN STATE FC LLC, *et al.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

4

DEFENDANT'S SUR-REPLY
CASE NO. 19-CV-2121-MWF

**EXHIBIT "A" - PAGE 7**