Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, Esq., State Bar No. 259154
ANguyen@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
Mmadjidi@Shegerianlaw.com
Aaron Gbewonyo, Esq., State Bar No. 315889
AGbewonyo@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
11520 San Vicente Blvd
Los Angeles, California 90049
Telephone Number: (310) 860-0770
Facsimile Number:  (310) 860-0771

Attorneys for PLAINTIFF,
MARCELLUS MCMILLIAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARCELLUS MCMILLIAN,<br><br>    Plaintiff,<br><br>vs.<br><br>GOLDEN STATE FC LLC, AMAZON FULFILLMENT SERVICES, INC., AMAZON.COM SERVICES, INC., AMAZON.COM, INC., and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No.:  2:19-cv-02121-MWF-JCx<br><br>**The Honorable Michael W. Fitzgerald**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION FOR AN ORDER TO FILE A SUR-REPLY IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT HIS RULE 26 DISCLOSURE TO DESIGNATE ANOTHER EXPERT PSYCHOLOGIST**<br><br>Complaint Filed: January 11, 2019<br>TRC: September 25, 2023<br>Trial Date: November 7, 2023 |

Plaintiff, Marcellus McMillian, hereby opposes Defendants Golden State FC LLC, Amazon Fulfillment Services, Inc., Amazon.Com Services, Inc., and Amazon (collectively, "Defendants") *ex parte* application for an order granting leave to file a Sur-Reply in support of Defendants' Opposition to Plaintiff's Motion to Supplement His Rule 26 Disclosures to Designate Another Expert Psychologist.

## I. Standard on *Ex Parte* Applications

An *ex parte* application is a means of obtaining extraordinary relief; it is appropriate only in rare circumstances and should therefore be used with discretion. *See Mission Power Eng'g Co. v. Continental Cas.Co.,* 883 F. Supp. 488 F. 492 (C.D. Cal 1995) ("It is rare that a lawyer's credibility is more on the line, more vulnerable, than when he or she has created this kind of interruption. Lawyers must understand that filing an *ex parte* motion… is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire")' *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 192-93 (C.D. Cal 1989) (*ex parte* application is nearly always improper").

To Justify *ex parte* relief, the movant must establish: (1) it will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures and (2) it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power,* 883 F. Supp. at 492. Here, Defendants ex parte should be rejected because Defendants have not and cannot meet this high standard for *ex parte* relief.

An *ex parte* application is a means of obtaining *extraordinary* relief and is appropriate only in *rare* circumstances. *See*, *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995) ("It is rare that a lawyer's credibility is more on the line, more vulnerable, than when he or she has created this kind of interruption. Lawyers must understand that filing an *ex parte* motion . . . is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire."). To justify *ex parte* relief, Defendant must establish that it "is without fault in creating the crisis that requires *ex parte* relief." *Id.* An *ex parte* application is

particularly disfavored where, as here, "the parties' submissions demonstrate that a negotiated resolution of this dispute was at least a possibility and it is unclear that court intervention was necessary." *Big Baboon Corp. v. Dell, Inc.*, 2010 WL 11463110, at *1 (C.D. Cal. Sept. 3, 2010). Here, the relief that Plaintiff is requesting through an *ex parte* application was relief that Defendants were willing to agree to in a negotiated resolution of the dispute. All that was required of him was mutually agreeing that Defendants could also file a motion – which he could oppose if he believed the motion should not be granted – on the same schedule as his motion. It makes little sense, and is clearly not in the Court's interest, to require both parties to file dueling *ex parte* applications for the same relief that they could have much more easily, and more conveniently for the Court, stipulated to. Indeed, in denying frivolous and unnecessary *ex parte* applications that do not satisfy the *Mission Power* standard, courts have admonished counsel to "keep in mind the 'acute sense of responsibility' they have as officers of the Court and further their efforts 'to be cooperative, practical and sensible' in resolving issues among themselves." *See Masimo Corp. v. Apple Inc.*, 2020 WL 6128064, at *4 (C.D. Cal. Aug. 31, 2020).

  **First**, Plaintiff opposes Defendants' filing of a Sur-Reply because Defendants advised the Court of the intent to bring their *ex parte* application to file a Sur-Reply at the parties hearing on September 13, 2023, and the Court expressly advised the parties that a Sur-reply is not necessary as the Court would allow the parties to address any additional arguments either party which to be made. (Declaration of Aaron Gbewonyo "Gbewonyo Decl.," ¶ 2). Nonetheless, Defendants have not identified, nor is there any additional information Defendants could reasonably need to present to the Court in furtherance of their Opposition. Having failed to satisfy these threshold requirements, a Sur-Reply is not necessary, and therefore, Plaintiff respectfully requests that this Court deny Defendants' *ex parte*.

  **Second**, Defendants initially agreed to stipulate to a substitution of Plaintiff's expert, however, later withdrew their willingness to stipulate without justification.

-2-
PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO FILE A SUR-REPLY

(Gbewonyo Decl. ¶ 3). Presumably, the reason for the refusal was to attempt to prejudice Plaintiff given the sudden demand of unreasonable terms be added to the stipulation after a lengthy delay in responding to Plaintiff's proposed stipulation.

*Third*, Plaintiff's willingness to share any details that he is aware of pertaining to Dr. Snyder's medical condition, but only privately in an in-camera hearing, is well supported by Dr. Snyder's right to privacy. Knowledge of the existence of Dr. Snyder's health issues and the refusal to stipulate to a substitution of Plaintiff's supplemental disclosure is evidences both a violation of Federal Rules of Civil Procedure 37, as well as basic human decency.

*Fourth*, Defendants do not even attempt to assert the existence of an exigency, tantamount to a fire in their *ex parte* application. Moreover, the Court has a possibility that this matter will be able to proceed as scheduled and may likely not be able to proceed until early 2024. (Gbewonyo Decl. ¶ 4). However, setting aside any unavoidable delays in this matter being able to proceed to trial, Plaintiff has and remains ready and willing to make Dr. Reading available for deposition. (Gbewonyo Decl. ¶ 8). However, Plaintiff cannot force Defendants to proceed with that deposition if they would prefer to delay and trouble the Court with matters that could have and should have been able to be resolved amongst the parties. Indeed, even if the trial were to proceed as scheduled, Defendants could have completed Dr. Reading's deposition in either June or July, rather than requiring the Court to intervene. Accordingly, Defendants can blame no one but themselves in having to wait until the eve of the expected trial to complete Dr. Reading's deposition. Such circumstances do not result in the existence of an exigency, nor good cause. *Mission Power Engineering Co. v. Continental Cas. Co.*, 1995, U.S. Dist. 883F. Supp. 488 (C.D. Cal. 1995).

## II. Conclusion

Accordingly, for the reasons herein stated, Plaintiff respectfully request that this Court deny Defendants' *Ex Parte* Application to file a Sur-Reply in support of Defendants' Opposition to Plaintiff's Motion to Supplement His Rule 26 Disclosures to

1  Designate Another Expert Psychologist.

3  Dated:  September 15, 2023.          SHEGERIAN & ASSOCIATES, INC.

5                              By:  /s/ Aaron G. Gbewonyo
                                    Carney Shegerian
                                    Anthony Nguyen
                                    Mahru Madjidi
                                    Aaron Gbewonyo

                                    Attorneys for Plaintiff
                                    MARCELLUS MCMILLIAN

| | |
|---|---|
| MCMILLIAN v. GOLDEN STATE FC LLC, et al. | Case No.: 2:19-cv-02121-MWF-JCx |

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

I am an employee in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action; my business address is 3764 Elizabeth Street, Riverside, California 92506.

On September 15, 2023, I served the foregoing document, described as **"PLAINTIFF MARCELLUS MCMILLIAN'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO FILE A SUR REPLY"** on all interested parties in this action.

**Barbara A. Fitzgerald, Esq.**
Barbara.Fitzgerald@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
**300 S. Grand Avenue, 22nd Floor**
**Los Angeles, CA 90071**
sue.reimers@morganlewis.com

**Robert Jon Hendricks, Esq.**
RJ.Hendricks@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
**One Market, Spear Street Tower**
**San Francisco, CA 94105**

**Alexander L. Grodan, Esq.**
Alexander.Grodan@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
**600 Anton Boulevard, Suite 1800**
**Costa Mesa, CA 92626**
pmartin@morganlewis.com

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 15, 2023, at Riverside, California

*Delmy Garcia*
Delmy Garcia